Diyari Vazquez (SBN 222461)
  dvazquez@vgcllp.com
Melissa N. Eubanks (SBN 274491)
  meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated,<br><br>             Plaintiff,<br><br>      v.<br><br>GUTHY-RENKER, LLC,<br><br>             Defendant. | Case No.  3:25-cv-09998-RFL<br><br>**CLASS ACTION**<br><br>**GUTHY-RENKER, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Hearing Date: March 24, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 15 – 18th Floor<br><br>Complaint Filed:<br>Complaint Served: December 1, 2025<br>Response Date: January 21, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 24, 2026, at 10:00 a.m., or as soon as thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 15 – 18th Floor, San Francisco, CA 94102, Defendant **Guthy-Renker, LLC** ("Guthy-Renker") will and hereby does move to dismiss the Class Action Complaint ("Complaint") filed by Plaintiff Victoria Joyce ("Plaintiff").

The Complaint should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for several reasons. First, Plaintiff's statutory claims under California's False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law seek only equitable relief and thus fail because Plaintiff has not plead an inadequate remedy at law and otherwise lacks standing to seek injunctive relief. Plaintiff's standalone claim for unjust enrichment fails for the same reasons, and because it is not a proper cause of action under California law. Second, all of Plaintiff's claims sound in fraud and Plaintiff does not plausibly allege that she was exposed to or relied upon a false or misleading statement or omission, let alone with the specificity required by FRCP Rule 9(b). Third, Plaintiff's breach of contract and warranty claims fail for deficient pre-suit notice. Finally, the economic loss doctrine bars Plaintiff's negligent misrepresentation claims because she seeks only economic relief.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and Declaration of Bill Ellis submitted herewith, the records in this action, and such further evidence and argument that may be presented at the hearing and that the Court may consider.

Dated: January 21, 2026

**VGC, LLP**

By: _____

Diyari Vázquez
Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC

## **TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................................1

II.   RELEVANT ALLEGATIONS AND BACKGROUND ......................................................1

III.  LEGAL STANDARD ...........................................................................................................4

IV.   REQUEST FOR JUDICIAL NOTICE................................................................................4

V.    ARGUMENT.........................................................................................................................5

    A.  Plaintiff's Statutory Claims and Quasi-Contractual Claim for Unjust Enrichment Must be
        Dismissed for Failure to Plead an Inadequate Remedy at Law. ....................................5

    B.  Plaintiff Fails to State any Claim Based on Alleged False Sales ...................................7

        1.    Plaintiff Fails to Satisfy Rule 9(b) by Failing to Specifically Identify What Sale
               Advertisements She Relied Upon or When or Where She Saw Them.........................7

        2.    Plaintiff's False Sales Claims Fail for Clear Lack of Reliance. ...........................9

        3.    Plaintiff's Common Law Claims Fail to Adequately Plead Damages. ...................9

    C.  Plaintiff Fails to State any Claim Based on Alleged Violations of the ARL ...............10

        1.    Plaintiff Fails to Satisfy Rule 9(b) by Not Specifying Which Disclosures She Was
               Exposed to and Relied Upon when Purchasing the Product. ...............................10

        2.    The Pleading Makes Clear that the Subscription Disclosures Comply with Sections
               17602(a)(1) and (2) of the ARL. ..........................................................................11

            a.    The Subscription Terms Were Clearly and Conspicuously Disclosed.................11

            b.    Guthy-Renker Obtained Affirmative Consent Prior to Purchase. .........................14

        3.    Plaintiff Has Not Adequately Pled § 17602(a)(3) and § 17602(b) Claims. ....................14

    D.  The Contract and Warranty Claims Are Barred for Lack of Notice. .........................14

    E.  The Economic Loss Doctrine Bars the Negligent Misrepresentation Claims. ............15

VI.   CONCLUSION ...................................................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Algarin v. Maybelline, LLC,*
    300 F.R.D. 444 (S.D. Cal. 2014) ...................................................................................6, 7

*Alvarez v. Chevron Corp.,*
    656 F.3d 925 (9th Cir. 2011) ...........................................................................................15

*Anderson v. Apple Inc.,*
    500 F. Supp. 3d 993 (N.D. Cal. 2020) ..............................................................................5

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ..........................................................................................................4

*Astiana v. Hain Celestial Grp., Inc.,*
    783 F.3d 753 (9th Cir. 2015) ............................................................................................6

*Baltazar v. Apple, Inc.,*
    2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ....................................................................9

*Barrett v. Optimum Nutrition, Inc.,*
    2022 WL 18401338 (C.D. Cal. Dec. 13, 2022) ................................................................6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ..........................................................................................................4

*Broomes v. FullBeauty Brands Operations, LLC,*
    2025 WL 829589 (N.D. Cal. Jan. 31, 2025) ....................................................................6

*City of L.A. v. Lyons,*
    461 U.S. 95 (1983) ............................................................................................................6

*Crowder v. Shade Store, LLC,*
    2024 WL 4868313 (N.D. Cal. June 26, 2024) ................................................................15

*Davidson v. Kimberly-Clark Corp.,*
    873 F.3d 1103 (9th Cir. 2017) ......................................................................................4, 7

*Ecological Rights Foundation v. Pacific Gas & Elec. Co.,*
    713 F.3d 502 (9th Cir. 2013) ............................................................................................5

*Evans v. DSW, Inc.,*
    2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) ...............................................................15

*Evans v. Sleep Number Corp.,*
    2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) ..........................................................6, 7, 10

NOTICE OF MOTION AND MOTION TO DISMISS

*Fladeboe v. American Isuzu Motors Inc.*,
   150 Cal.App.4th 42 (2007) ...................................................................................10

*Freund v. HP, Inc.*,
   2023 WL 187506 (N.D. Cal. Jan. 13, 2023) .......................................................15

*Garcia v. Signet Jewelers Ltd.*,
   2026 WL 76310 (C.D. Cal. Jan. 5, 2026) ..............................................................6

*Haley v. Macy's, Inc.*,
   263 F. Supp. 3d 819 (N.D. Cal. 2017) ...................................................................7

*Hall v. Time, Inc.*,
   2019 WL 8107879 (C.D. Cal. Sept. 24, 2019) ....................................................12

*Hall v. Time, Inc.*,
   2020 WL 2303088 (C.D. Cal. Mar. 13, 2020), *aff'd*, 857 F. App'x 385 (9th Cir. 2021) .............13, 14

*Heck v. Amazon.com*,
   2022 WL 17419554 (N.D. Cal. Dec. 5, 2022) .....................................................11

*In re Ferrero Litig.*,
   794 F. Supp. 2d 1107 (S.D. Cal. 2011) ..................................................................9

*Jones v. Pollard*,
   2022 WL 706926 (S.D. Cal. Mar. 9, 2022) ............................................................9

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ....................................................................7, 8, 10

*Lisner v. Sparc Grp. LLC*,
   2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) .......................................................9

*McCrary v. Elations Co., LLC*,
   2013 WL 6403073 (C.D. Cal. July 12, 2013) ........................................................9

*Moody v. Hot Topic, Inc.*,
   2023 WL 9511159 (C.D. Cal.  Nov. 15, 2023) ......................................................8

*Moss v. U.S. Secret Serv.*,
   572 F.3d 962 (9th Cir. 2009) ..................................................................................4

*Prescott v. Reckitt Benckiser LLC*,
   2020 WL 7075624 (N.D. Cal. Dec. 3, 2020) .........................................................7

*Robinson Helicopter Co., Inc. v. Dana Corp.*,
   34 Cal.4th 979 (2004) ...........................................................................................15

NOTICE OF MOTION AND MOTION TO DISMISS

*S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.,*
    2012 WL 4364144 (S.D. Cal. Sept. 21, 2012)................................................................15

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) .........................................................................................5

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) .........................................................................................4

*Turnier v. Bed Bath & Beyond Inc.,*
    517 F. Supp. 3d 1132 (S.D. Cal. 2021) .........................................................................6

*United States v. Corinthian Colls.,*
    655 F.3d 984 (9th Cir. 2011) .........................................................................................5

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) .......................................................................................4

*Viveros v. Audible, Inc.,*
    2023 WL 6960281 (W.D. Wash. Oct. 20, 2023)..........................................................12

*Zeller v. Optavia, LLC,*
    2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ...........................................................6

**Statutes**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* ....................................................................*passim*

Cal. Bus. & Prof. Code §§ 17500, *et seq.* ....................................................................*passim*

Cal. Bus. & Prof. Code §§ 17600, *et seq* .....................................................................*passim*

Cal. Civ. Code §§ 1750, *et seq.* ....................................................................................*passim*

Cal. Comm. Code § 2607(3)(A) ...........................................................................................14

**Other**

Fed. R. Civ. P. 9(b)..................................................................................................................4

Fed. R. Civ. P. 12(b)(6) .........................................................................................................16

NOTICE OF MOTION AND MOTION TO DISMISS

## I.  INTRODUCTION

Plaintiff attempts, but fails, to bring a plethora of statutory and common law claims on behalf of herself, and a putative class, against Guthy-Renker for purportedly using misleading sales practices. In her Complaint, Plaintiff complains that she somehow did not understand that she was purchasing a subscription for Perricone MD's "Neck & Face Firming Kit with Cold Plasma Sub-D+"—yet, the checkout process shown in her Complaint clearly advises of the nature of the subscription purchase. Plaintiff further complains that she was misled by what she believed was a limited "76% off" sale when the product instead is always "76% off"—but this claim is based solely on cherry-picked advertisements that contain no dates or durations for the sales depicted therein. In fact, Plaintiff could not have relied on these advertisements, because they show the product being offered for $59.95 whereas Plaintiff paid $88.15. Her claim that she relied on the sale offers shown in her Complaint thus is false.

Aside from the lack of merit in Plaintiff's claims, her Complaint is deficient in several respects and should be dismissed. Fatal to all of Plaintiff's claims is the lack of specific factual allegations about her purchase and alleged reliance on Guthy-Renker's disclosures and marketing. Rather than provide sufficient details about Plaintiff's own transactions, the Complaint makes overly generalized allegations about Guthy-Renker's alleged subscription disclosures and purported "fake" sales. Plaintiff's claims also fail for several other reasons, including: Plaintiff fails to plead an inadequate remedy at law for equitable and quasi-contractual relief; the contract and warranty claims are barred by her failure to give adequate pre-suit notice; and the negligent misrepresentation claims are barred by the economic loss doctrine.

In sum, Plaintiff filed a class action lawsuit based on woefully insufficient factual allegations about Guthy-Renker's sales practices that Plaintiff was clearly informed of and consented to or which she plainly did not rely upon in making her purchase. That Plaintiff now demands not only to be compensated for buying a product she intended to buy and at a price she consented to pay, but also that Guthy-Renker in effect stop having sales that benefit its customers and are critical to its survival in the competitive e-commerce market is preposterous. This Motion should be granted and the Complaint dismissed.

## II.  RELEVANT ALLEGATIONS AND BACKGROUND

Plaintiff alleges that, on or about June 10, 2025, she purchased Perricone MD's "Neck & Face Firming Kit with Cold Plasma Sub-D+" (the "Product") on www.subd.com via Instagram (the

"Website") for $88.15 after seeing a "76% Off" discount that she now claims was not genuine. (Compl. ¶¶ 10, 11.) Plaintiff also claims that upon making her purchase, she was "surreptitiously" enrolled in a subscription and subsequently charged $115.71 on July 16, 2025. (*Id.* ¶ 10.) Plaintiff claims that she cancelled her subscription on July 22, 2025, but again was charged $112.55 on August 16 and September 16. (*Id.*) Plaintiff claims she disputed these charges with her credit card company but did not obtain a full refund. (*Id.*) Plaintiff claims that if she knew she would be enrolled in a subscription, she would not have made her purchase. (*Id.*) She also alleges that had she known the 76% off sale was not genuine, she would not have purchased the Product at all or on the same terms. (*Id.* ¶ 11.)

The foregoing are the sole allegations specific to Plaintiff's purchase. Yet, Plaintiff claims that her purchase entitles her to pursue claims on behalf of herself, and a putative class, under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.,* Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*., and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* as well as claims for common law fraud, and breach of contract and warranty.

To support these claims, the Complaint alleges a series of generalized allegations that do not have any concrete, well-pled connection to Plaintiff's purchase. For her claim that she relied upon a "76% Off" discount, Plaintiff tellingly fails to specifically identify the actual advertisement that she saw, where she saw it, or when. Instead, she merely alleges that the advertisement she saw and relied upon in her purchase are "depicted below." (Compl. ¶ 11.) Over fifty paragraphs later, the Complaint depicts:

  

(Compl. ¶ 60.) Notably, there are no allegations as to when these screenshots were taken. Nor is there any allegation that these are, in fact, the advertisements Plaintiff relied upon in making her purchase. Rather, the Complaint only generally alleges: "on its Website and promotional materials, Defendant prominently displays its false discount. For example, from at least 3 months prior to Plaintiff's purchase and through the filing of this Complaint, Defendant advertised a 'Fall Sale' of '76% Off' using strike-through prices." (*Id*.) However, these cannot be the advertisements Plaintiff relied upon, because these advertisements depict the Product price to be $59.95, whereas Plaintiff purchased the Product for $88.15. (Compl. ¶ 10.)

The allegations supposedly supporting Plaintiff's claims that she was "surreptitiously" enrolled in a subscription similarly are not concretely connected to her purchase. Here, the Complaint alleges that all consumers who purchase the Product, whether through the Website or otherwise, are exposed to "substantially the same" checkout process. (*Id*. ¶ 38.) The Complaint describes that process as follows: "Upon navigating the final screen of the checkout process (the 'Checkout Page'), consumers are prompted to input their name, address, other contact information, and the details of their chosen Payment Method, and to finally click a giant payment buttons that obscure the other information on the webpage." (*Id.*) The Complaint then includes cleverly disjointed snapshots[1] supposedly taken from the Website:



---

[1] The snapshots clearly depict only portions of what can be viewed on the checkout screen.

NOTICE OF MOTION AND MOTION TO DISMISS

1  (Compl. ¶ 41.) Plaintiff, however, fails to affirmatively allege that the foregoing screenshots depict the

2  checkout process she encountered. (*See id*. ¶¶ 10, 39 – 49.) Nonetheless, as the Complaint acknowledges,

3  the checkout process has disclosures regarding the subscription. (*Id.*) The Complaint alleges, however,

4  that these disclosures failed to comply with California's Automatic Renewal Law ("ARL"), Cal. Bus. &

5  Prof. Code §§ 17600, *et seq.*, and thus fraudulently induced Plaintiff to purchase the Product by failing to

6  adequately disclose the subscription and thereby failing to obtain her consent for it. (Compl. ¶¶ 39 – 49.)

7  ### III. LEGAL STANDARD

8  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

9  true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

10  (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, "more

11  than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" must be pled.

12  *Twombly*, 550 U.S. at 555. A court is not "required to accept as true allegations that are merely conclusory,

13  unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

14  979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory

15  factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim

16  entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

17  Claims sounding in fraud must additionally comply with the heightened pleading requirements

18  of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the

19  circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the pleader must

20  "identify the who, what, when, where, and how of the misconduct charged, as well as what is false

21  misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark*

22  *Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017) (quotation omitted). "When an entire complaint is grounded

23  in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court

24  may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

25  ### IV. REQUEST FOR JUDICIAL NOTICE

26  Guthy-Renker requests that the Court consider the screenshots included in the Declaration of Bill

27  Ellis in Support of this Motion, filed concurrently. In deciding a motion to dismiss, the Court may consider

28  materials beyond the pleadings "on which the complaint necessarily relies" if the complaint refers to the

1  document, the document is central to the claim, and no party questions the authenticity of the

2  document. *United States v. Corinthian Colls.,* 655 F.3d 984, 998-99 (9th Cir. 2011); *see also Ecological*

3  *Rights Foundation v. Pacific Gas & Elec. Co.*, 713 F.3d 502, 511 (9th Cir. 2013). "Whether a document

4  is 'central' to a complaint turns on whether the complaint 'necessarily relies' on that document."

5  *Ecological Rights*, 713 F.3d at 511 (citation omitted). Here, as discussed above, the Complaint extensively

6  relies upon the checkout process on the Website and that process forms the basis for Plaintiff's claims that

7  Guthy-Renker failed to comply with the ARL. (Compl. ¶¶ 36-44, 83 – 94, 111 – 117, 127 – 146, 166 –

8  175, 186 – 195.) The screenshots in Mr. Ellis's Declaration show the cancellation disclosures that

9  customers would have had access to through links shown in screenshots provided in Plaintiff's Complaint.

10  Because these disclosures are central to Plaintiff's claims, and the checkout screens to which they were

11  linked are referred to extensively in the Complaint, judicial notice is proper.

12  **V.  ARGUMENT**

13  **A.  <u>Plaintiff's Statutory Claims and Quasi-Contractual Claim for Unjust Enrichment</u>**

14  **<u>Must be Dismissed for Failure to Plead an Inadequate Remedy at Law.</u>**

15  Plaintiff's FAL, CLRA, UCL, and unjust enrichment claims must be dismissed because she lacks

16  standing for the relief sought. In her Complaint, Plaintiff seeks only equitable remedies for her statutory

17  claims. (*See* Compl. ¶¶ 94, 110, 117, 125, 146, 165). Likewise, in Count XI of her Complaint, Plaintiff

18  seeks quasi-contractual relief of unjust enrichment and restitution. (*Id.* ¶¶ 206 – 212.) To be entitled to

19  equitable or quasi-contractual relief, a party must show there is no adequate remedy at law. *Sonner v.*

20  *Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("the traditional principles governing equitable

21  remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party

22  requests restitution under the UCL ... in a diversity action"). Courts construing *Sonner* have required

23  plaintiffs seeking equitable or quasi-contractual relief "to plead that they lack an adequate remedy at law"

24  in the operative complaint. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020).

25  Plaintiff pleads no facts demonstrating she lacks an adequate remedy at law. Instead, Plaintiff only

26  asserts conclusions that "[l]egal remedies available to Plaintiff and Classes are inadequate because they

27  are not equally prompt, certain, and in other ways efficient as equitable relief" and that "[d]amages are

28  not equally certain as restitution because the standard that governs restitution is different than the standard

that governs damages." (Compl. ¶ 69.) But legal conclusions are patently insufficient. *Garcia v. Signet Jewelers Ltd.*, 2026 WL 76310, at *2 (C.D. Cal. Jan. 5, 2026) (rejecting plaintiff's allegations as "merely legal conclusions disguised as facts" and "not enough" to show lack of an adequate legal remedy). Indeed, "[s]imply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more 'certain, prompt, or efficient' than the available legal remedies." *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022); *see also Broomes v. FullBeauty Brands Operations, LLC,* 2025 WL 829589, at *3 (N.D. Cal. Jan. 31, 2025) (conclusory allegations about differences in legal and equitable claims are insufficient); *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("arguments that equitable claims provide greater remedy and are easier to prove does not make [the] claims proper").

Since Plaintiff has failed to allege any facts supporting her conclusory assertion that she lacks an adequate legal remedy, her FAL, CRLA, UCL, and unjust enrichment claims must be dismissed. *See, e.g., Garcia*, 2026 WL 76310, at *2 (dismissing FAL, CLRA, and UCL claims where the only relief sought was equitable and plaintiff's complaint contained no factual allegations demonstrating lack of adequate remedy at law); *Broomes*, 2025 WL 829589, at *3 (dismissing unjust enrichment claim and statutory consumer fraud claims where allegations of lack of adequate legal remedy were conclusory).[2]

Additionally, as to her request for injunctive relief, Plaintiff fails to demonstrate that there is a real threat of "irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of L.A. v. Lyons,* 461 U.S. 95, 111 (1983). Here, Plaintiff's Complaint makes clear that she is now aware of Guthy-Renker's purported sales pricing and subscription practices, "which necessarily means she knows of the alleged danger and cannot be fraudulently induced to purchase a mattress from Defendant in the future." *Evans v. Sleep Number Corp.,* 2025 WL 1093332, at *4 (E.D. Cal. Apr. 11, 2025)*; see also Algarin v. Maybelline, LLC,* 300 F.R.D. 444,

---

[2] Plaintiff's unjust enrichment claim also must be dismissed since there is no standalone cause of action for unjust enrichment under California law. *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). Further, the Complaint makes clear that the conduct at issue would be subject to an express contract, specifically the terms of the subscription program. (Compl. ¶ 209). There thus is no basis for the claim to proceed as a standalone and it should be dismissed. *See Turnier v. Bed Bath & Beyond Inc.,* 517 F. Supp. 3d 1132, 1141 (S.D. Cal. 2021) (dismissing unjust enrichment claim since California law does not support it and the complaint alleged that the conduct at issue was subject to an express contract).

458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury; if they know the "truth" they cannot be further deceived."). While some Ninth Circuit courts have found injunctive relief properly pled in some consumer fraud cases (*see, e.g., Davidson*, 889 F.3d at 970 [a consumer can establish a threat of future harm if they plausibly alleges that they will be unable to rely on the product's advertising or labeling in the future]), Plaintiff here fails to allege any facts supporting a treat of future harm or injury (*see* Compl. ¶ 69). Thus, Plaintiff has not adequately plead standing for injunctive relief. *Evans,* 2025 WL 1093332, at \*4.

### B. Plaintiff Fails to State any Claim Based on Alleged False Sales

#### 1. Plaintiff Fails to Satisfy Rule 9(b) by Failing to Specifically Identify What Sale Advertisements She Relied Upon or When or Where She Saw Them.

The crux of Plaintiff's False Sales Claims[3] is that she was misled to purchase the Product for what she believed was a time-limited "76% Off" sale, when in fact the Product is always on sale and "never" sold at regular price. (Compl. ¶¶ 10, 11, 62.) Since these claims sound in fraud, they must satisfy Rule 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (if CLRA and UCL claims "sound in fraud," then "the pleading . . . as a whole must satisfy … Rule 9(b)"); *Davidson*, 889 F.3d at 964 (Rule 9(b) applies to CLRA, FAL, and UCL claims based in fraud); *see also Prescott v. Reckitt Benckiser LLC*, 2020 WL 7075624, at \*4 (N.D. Cal. Dec. 3, 2020) ("[W]here a [contract] claim is based on the same allegedly misleading advertising giving rise to UCL and CLRA claims, the [contract] claim also sounds in fraud and is subject to Rule 9(b)….") (citations omitted). To satisfy Rule 9(b) in consumer fraud cases, "[p]laintiffs must allege with specificity what products they purchased, on what statements they relied in making those purchases, and why those statements were false or misleading." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017); *see also Kearns*, 567 F.3d at 1125 (plaintiff must allege the "who, what, when, where and how") (quotations omitted). Plaintiff fails to do that here.

Specifically, Plaintiff fails to identify the advertisements she allegedly relied upon in making her purchase. Plaintiff alleges that, on or about June 10, 2025, she purchased the Product … after seeing a "76% Off" discount. (Compl. ¶ 10.) Plaintiff, however, does not identify which, if any, advertisements

---

[3] Plaintiff's "False Sales Claims" include Counts II (FAL), IV (CLRA), VI (UCL), XIII (Negligent Misrepresentation), X (Intentional Misrepresentation), XII (Contract), and XIII (Express Warranty).

reflecting the alleged 76% Off" discount she viewed or when and where she viewed them. Rather, she alleges only in conclusory fashion that "at the time she made her purchase, Plaintiff saw and relied on Defendant's '76% OFF' discounts depicted below." (*Id.* ¶ 11.) The Complaint then goes on to depict, nearly 50 paragraphs later, a series of screenshots supposedly taken from the Website. (*Id.* ¶ 60.) However, there are no allegations as to when these screenshots were taken. Nor is there any express allegation that these advertisements are, in fact, the advertisements that Plaintiff relied upon. Rather, the Complaint only generally claims: "on its Website and promotional materials, Defendant prominently displays its false discount. For example, from at least 3 months prior to Plaintiff's purchase and through the filing of this Complaint, Defendant advertised a 'Fall Sale' of '76% Off' using strike-through prices." (*Id.*)

"Without specifying which misrepresentations she was exposed to, who made those misrepresentations, and when the misrepresentations were made, Plaintiff fails to articulate the who, what, when, where, and how of the misconduct alleged." *Moody v. Hot Topic, Inc.*, 2023 WL 9511159, at *7 (C.D. Cal. Nov. 15, 2023) (cleaned up; quotations omitted). *Moody* is instructive. There, the complaint contained a list of the plaintiffs' purchases, the discounts received, the alleged "regular" prices of the products, and a general allegation that "Plaintiffs read and relied on the representations on the website ... that they were receiving the advertised discounts as compared to the regular price." *Id.* at *7. But the plaintiffs did not specify which promotions they relied upon. *Id.* The court held that the plaintiffs failed to satisfy Rule 9(b), explaining that even though the pleading contained general allegations as to the nature and locations of the advertisements, "it does not connect [them] to Plaintiffs' purchasing experience: it does not state whether Plaintiffs saw those discount promotions during their purchases, when Plaintiffs viewed those promotions, and which of those various promotions (e.g., the banner, the "regular" price on the checkout page, or the product description) Plaintiffs found material and relied upon." *Id.*

So too here, the Complaint fails to connect the broad and generalized allegations about Guthy-Renker's alleged sales advertising to Plaintiff's specific and unique buying experience. Accordingly, the Court should dismiss each of the False Sales Claims for failure to meet Rule 9(b)'s requirements. *See, e.g., Moody,* 2023 WL 9511159, at **8, 10 (dismissing FAL, UCL, CLRA, misrepresentation, and breach of contract and warranty claims for failure to satisfy Rule 9(b)); *Kearns*, 567 F.3d at 1126 (dismissing claims where complaint did not "specify what the television advertisements or other sales material

specifically stated," "when [plaintiff] was exposed to them or which ones he found material," or "which sales material he relied upon in making his decision to buy a ... vehicle"); *Baltazar v. Apple, Inc.,* 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011) (granting motion to dismiss for plaintiffs' failure to "[a]t the least, … identify the particular commercial or advertisement upon which they relied and [to] describe with the requisite specificity the content of that particular commercial or advertisement").

### 2. Plaintiff's False Sales Claims Fail for Clear Lack of Reliance.

Plaintiff's FAL, CLRA, UCL, and common law misrepresentation claims also fail because her pleading makes clear that she did not rely upon the "76% Off" sales offers depicted in her Complaint. Indeed, Plaintiff alleges that she purchased the Product for $88.15 (Compl. ¶ 10), yet the advertisements in her Complaint show the sale price as $59.95 (*id.* ¶ 60).[4] Reliance is an essential element of Plaintiff's fraud claims and so her FAL, UCL, CLRA, and misrepresentation claims must be dismissed since she clearly did not rely on the allegedly false advertisements depicted in her Complaint. *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *7 (C.D. Cal. Dec. 29, 2021) (dismissing UCL, FAL, and CLRA claims where plaintiffs did not actually rely on representations before making purchases); *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) ("Plaintiff alleges that the Elations website contains various misrepresentations ... but the SAC does not allege that he looked at or relied on anything on Defendant's website before purchasing Elations. Thus, Plaintiff … does not have standing to bring claims based on those statements."); *In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111 (S.D. Cal. 2011) (plaintiffs failed to state claims under UCL, FAL, and CLRA where they allegedly relied on Nutella's representations but admitted they never personally visited Nutella website).

### 3. Plaintiff's Common Law Claims Fail to Adequately Plead Damages.

Plaintiff's common law False Sales Claims (i.e., intentional and negligent misrepresentation) also fail to satisfy Rule 9(b) for not adequately pleading damage. Under California law, the measure for fraud damages is out of pocket losses, which is "directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the

---

[4] Although the Court must generally accept allegations in a complaint as true at the motion to dismiss stage, the Court need not accept inconsistent allegations in a complaint as true. *Jones v. Pollard*, 2022 WL 706926, at *5 (S.D. Cal. Mar. 9, 2022).

1    time of the transaction between what the plaintiff gave and what he received." *Fladeboe v. American Isuzu*

2    *Motors Inc.,* 150 Cal.App.4th 42, 66 (2007) (quotation omitted). "[A]ctual value" for purposes of Civil

3    Code section 3343 means "market value." *Nece v. Bennett,* 212 Cal.App.2d 494, 497 (1963).

4         Here, Plaintiff's Complaint contains no factual allegations that the price she paid deviated from

5    the Product's fair market value. Absent such allegations, Plaintiff has not adequately alleged a claim for

6    common law fraud. *Evans v. Sleep Number Corp.* is instructive. In *Evans,* the plaintiff alleged a series of

7    statutory and common law fraud claims based on the defendant's allegedly false pricing. For their common

8    law fraud claims, the plaintiff simply alleged that they had suffered economic injury by being "induced

9    into purchasing the [p]roducts under the false premise that they were of a higher grade, quality, or value

10   than they actually are." 2025 WL 1093332, at *10. The court held that this was not enough to plead

11   damages for common law fraud and that the pleading was insufficient because the plaintiff failed to allege

12   facts demonstrating that the price paid for the product deviated from its market value. *Id.*

13        As in *Evans*, Plaintiff has done no more than assert a conclusory claim of damage and has not pled

14   any facts demonstrating that she has suffered an actual, cognizable economic loss (i.e., that the Product's

15   market value was less than the price she paid). Thus, her common law False Sales Claims fail to satisfy

16   Rule 9(b)'s standards for pleading damages and should be dismissed. *Evans,* 2025 WL 1093332, at *10.

17        **C.  Plaintiff Fails to State any Claim Based on Alleged Violations of the ARL**

18             **1.  *Plaintiff Fails to Satisfy Rule 9(b) by Not Specifying Which Disclosures She***
                     ***Was Exposed to and Relied Upon when Purchasing the Product.***

19

20        Plaintiff's ARL Claims[5] are predicated on the assertion that Guthy-Renker fraudulently failed to

21   adequately disclose and "surreptitiously" enrolled Plaintiff in a subscription service without her consent

22   in violation of the ARL, Cal. Bus. & Prof. Code §§ 17600, *et seq.* (Compl. ¶ 10.) Plaintiff's ARL Claims

23   thus sound in fraud and must also satisfy Rule 9(b). *See Kearns,* 567 F.3d at 1125.

24        As with her False Sales Claims, Plaintiff fails to specifically identify the misrepresentations or

25   omissions upon which she relied that form the basis of her ARL Claims. While Plaintiff alleges that she

26   was enrolled in a subscription without her knowledge (Compl. ¶ 10), her Complaint acknowledges and

27

28   ───────────────
     [5] Plaintiff's "ARL Claims" include Counts I (FAL), III (CLRA), V (UCL), XII (Negligent
     Misrepresentation), IX (Intentional Misrepresentation), and XI (Unjust Enrichment/Restitution).

alleges that certain subscription disclosures are made whenever a customer makes a purchase on the Website. (*See id.* ¶¶ 38, 41.) Thus, there is no dispute that Plaintiff encountered some type of subscription disclosure. Plaintiff, however, fails to allege that the disclosures she encountered were the same as those depicted in the Complaint. The lack of precise allegations setting forth the specific misrepresentations or omissions relied upon by Plaintiff fails to satisfy Rule 9(b), because Plaintiff must specifically identify the misrepresentations or omissions upon which her claims are based. *Heck v. Amazon.com*, 2022 WL 17419554, at *3-5 (N.D. Cal. Dec. 5, 2022) (granting motion to dismiss claims based on ARL violations where plaintiff "failed to sufficiently allege what statements or disclosures she allegedly saw").

In *Heck*, the plaintiff generally alleged that the defendant had violated the ARL and thus the UCL by improperly charging her for an Audible subscription after she agreed to a "No-Rush Shipping Program." 2022 WL 17419554, at *1. However, the plaintiff failed to "sufficiently allege what statements or disclosures she allegedly saw related to the 'NoRush Shipping Program' or Audible enrollment." *Id.* at *5. Because of this, the court was "unable to evaluate whether any such disclosures or lack thereof violate[d] the ARL," found that the plaintiff's UCL claim "predicated on a violation of the ARL fail[ed]," and granted the defendant's motion to dismiss. *Id.* at *5. So too here, Plaintiff merely references a general checkout process and restates the requirements of the ARL instead of identifying which disclosures she actually was exposed to and "sufficient[ly] detail[ing]" the purported deficiencies. As in *Heck*, Plaintiff's ARL Claims are not sufficiently pled and should be dismissed. 2022 WL 17419554, at *5.

### 2. The Pleading Makes Clear that the Subscription Disclosures Comply with Sections 17602(a)(1) and (2) of the ARL.

Even if Plaintiff has adequately alleged a misrepresentation or omission that she was exposed to for her ARL Claims, it is clear that Guthy-Renker complies with sections 17602(a)(1) and (2) of the ARL.

### a. The Subscription Terms Were Clearly and Conspicuously Disclosed.

Section 17602(a)(1) of the ARL[6] requires a business seeking to enroll a consumer in an automatic renewal program to "present the automatic renewal offer terms or continuous service offer terms in a clear and conspicuous manner before the subscription or purchasing agreement is fulfilled and in visual

---

[6] The recent amendments to the ARL only "apply to a contract entered into, amended, or extended under this article on or after July 1, 2025." Cal. Bus. & Prof. Code § 17602(j) (2025). Thus, this Motion refers to the version of the ARL in effect before July 1, 2025.

NOTICE OF MOTION AND MOTION TO DISMISS

proximity ... to the request for consent to the offer." The terms that must be disclosed include: (1) that the subscription will continue until the consumer cancels; (2) the description of the cancellation policy that applies; (3) the recurring charges that will be charged to the consumer, and that the amount of the charge may change, if that is the case, and the amount to which the charge will change, if known; (4) the length of the automatic renewal term or that the service is continuous, unless the length of the term is chosen by the consumer; and (5) the minimum purchase obligation, if any. *Id.* §§ 17601(b)(1)-(5). "Clear and conspicuous" means "in larger type than the surrounding text, or in contrasting type, font, or color to the surrounding text of the same size, or set off from the surrounding text of the same size by symbols or other marks, in a manner that clearly calls attention to the language." *Id.* § 17601(c).

The Complaint primarily alleges that the subscription disclosure is insufficient because it is not "clear and conspicuous," largely taking issue with the disclosure's placement. (Compl. ¶ 41.) However, the screenshots in Plaintiff's Complaint allegedly depicting the disclosure clearly show that it is set apart in its own blocked text and displayed in bolded, contrasting font. The disclosure also is placed in visual proximity to the payment buttons. The disclosure thus is placed in a manner that a customer cannot complete the act of ordering without encountering it. Courts have held that disclosures similarly separated by their own block text satisfy the ARL's "clear and conspicuous" requirement. In *Hall v. Time, Inc.*, 2019 WL 8107879, at *3 (C.D. Cal. Sept. 24, 2019), the challenged disclosure appeared in its own block of text and was not surrounded by other information. The *Hall* court had no trouble concluding that "it's clear Plaintiff was adequately informed of Defendants' automatic renewal notice in plain and conspicuous terms," because there was no surrounding text at all. *Id.* This Court should reach the same conclusion here.

Plaintiff's claim that the disclosure is substantively deficient similarly fails. The disclosure states that the subscription continues "unless you cancel" (Cal. Bus. & Prof. Code § 17601(b)(1), (4)), that the customer will be sent a new full-sized version of the Product one month after the initial order and then every three months thereafter and that each shipment will be charged in three monthly payments at a specified price plus specified shipping and handling (*id.* § 17601(b)(3)), and that there is no minimum purchase obligation (*id.* § 17601(b)(5)). Courts have found similar—and in fact less descriptive—disclosures sufficient. In *Viveros v. Audible, Inc.,* 2023 WL 6960281, at *7 (W.D. Wash. Oct. 20, 2023), for example, the Court found that the following one-line disclosure satisfied sections 17601(b)(1) and (3)-

(5) of the ARL: "<u>Membership continues until cancelled for $14.95/mo. + taxes. Cancel anytime via Account Details</u>." (Emphasis in original.) The Court explained: "This language makes clear (1) that subscribers must cancel to terminate the membership; (2) the amount of each recurring monthly charge: $14.95 plus taxes; (3) that the membership is continuous until the subscriber cancels; and (4) that there is no minimum purchase obligation, as subscribers may 'cancel anytime' during the free trial." *Id.*

 As for the cancellation process, the bottom of the checkout screenshots contains a "Cancellations" link which is underlined and included only among similar links for the Website's general policies, terms and conditions. The "Cancellations" link directed consumers to the following cancellation policy:



(Ellis Decl. ¶¶ 5, 6.) Courts have found hyperlinks to the cancellation process sufficient. In *Hall v. Time, Inc.*, 2020 WL 2303088, at *4 (C.D. Cal. Mar. 13, 2020), *aff'd*, 857 F. App'x 385 (9th Cir. 2021) ("*Hall II*"), the Court held that the disclosures at issue were sufficient as to the cancellation process because they "provided information about how and when [the plaintiff] could cancel, with hyperlinks to the relevant contact information." Similarly, in *Viveros*, the Court held that Audible's cancellation policies were adequately disclosed where "the 'Check Out' page informs the subscriber that they may '[c]ancel anytime' by visiting 'Account Details,' and the paragraph above this language includes a blue hyperlink to Audible's 'Conditions Of Use,'" which included Audible's complete offer terms. 2023 WL 6960281, at *7.

 In sum, Plaintiff does not plausibly allege that Guthy-Renker failed to clearly and conspicuously disclose its subscription terms in violation of section 17602(a)(1) of the ARL.

**b.    Guthy-Renker Obtained Affirmative Consent Prior to Purchase.**

The ARL prohibits companies from "[c]harg[ing] the consumer's credit or debit card ... for an automatic renewal or continuous service without first obtaining the consumer's affirmative consent ...." Cal. Bus. & Prof. Code § 17602(a)(2). Plaintiff claims that she was enrolled in the subscription program without her knowledge (Compl. ¶ 10) and the Complaint otherwise alleges that consumers cannot be deemed to consent to the program because the disclosures are not clear and conspicuous during the checkout process (*id.* ¶ 44). As discussed above, the disclosures were clear and conspicuous and otherwise complied with the requirements of section 17602(a)(1) of the ARL. All that is required for affirmative consent is that "[d]efendants conspicuously disclose[ ] their renewal polic[ies] in plain language." *Hall II*, 2020 WL 2303088, at *4. In *Hall II,* the court held that the "[p]laintiff affirmatively consented to the agreement containing [the automatic renewal] terms by entering her payment information and submitting her order after receiving notice of those terms." *Id*. at *4. Since the subscription disclosures were clear and conspicuous, consent can be presumed from Plaintiff's purchase. *Id.*; *Viveros,* 2023 WL 6960281, at *8 (affirmative consent obtained where Audible's auto-renewal disclosures were clear and conspicuous).

### 3.    Plaintiff Has Not Adequately Pled § 17602(a)(3) and § 17602(b) Claims.

The ARL makes it unlawful to "[f]ail to provide an acknowledgment that includes the automatic renewal offer terms or continuous service offer terms, cancellation policy, and information regarding how to cancel in a manner that is capable of being retained by the consumer." Cal. Bus. & Prof. Code § 17602(a)(3). Plaintiff alleges that Guthy-Renker violated section 17602(a)(3) by sending post-transaction acknowledgement emails that allegedly failed to provide the required disclosures. (Compl. ¶¶ 45 – 48.) Plaintiff's allegations in this regard are conclusory, merely reciting the elements of the statute. (*Id.* ¶ 47.) Plaintiff does not provide screenshots of the emails, quote the emails, or otherwise describe their contents. Conclusory allegations are patently insufficient and thus Plaintiff's claims based on alleged violations of section 17602(a)(3) should be dismissed. *Viveros,* 2023 WL 6960281, at *9 (dismissing claims based on violations of section 17602(a)(3) under Rule 9(b) where "[p]laintiffs' allegations concerning Audible's confirmation emails tender naked assertions devoid of further factual enhancement") (quotations omitted).

### D.    The Contract and Warranty Claims Are Barred for Lack of Notice.

California Commercial Code § 2607(3)(A) requires a plaintiff to provide pre-suit notice of a breach

or otherwise be barred from relief. "A buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). Plaintiff alleges that she "sent written notice to Defendant on November 12, 2025, informing Defendant of their intention to seek damages under California Civil Code § 1750" and that the letter "advis[ed] Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom." (Compl. ¶¶ 118, 221, 229.) However, notice of just one-week (Plaintiff filed her Complaint on November 20, 2025) though a letter which clearly did no more than generically reference violations of the CRLA and contained no facts pertaining to or threats of claims for breach of contract or warranty (*see id*. ¶ 118), is not sufficient. *See Evans v. DSW, Inc.*, 2017 WL 7058232, at *4-5 (C.D. Cal. Sept. 14, 2017) (dismissing with prejudice warranty and contract claims for failure to provide adequate notice where the CLRA letter was sent four days before filing suit and made no reference to facts specific to the plaintiff's breach claims); *S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 4364144, at *2 (S.D. Cal. Sept. 21, 2012), *aff'd*, 554 F. App'x 656 (9th Cir. 2014) (letter did not provide "reasonable notice" where it did not identify the specific breaches at issue). Thus, the contract and warranty claims should be dismissed with prejudice.

### E.  The Economic Loss Doctrine Bars the Negligent Misrepresentation Claims.

The economic loss doctrine provides that a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal.4th 979, 988 (2004). The doctrine has been applied to negligent misrepresentation claims based on the same facts and seeking the same damages as a contract claim. *Crowder v. Shade Store, LLC*, 2024 WL 4868313, at **8-9 (N.D. Cal. June 26, 2024) (negligent misrepresentation claim barred under the doctrine where based on the same allegations as contract claims that defendant's pricing is false and plaintiffs sought only economic losses); *Freund v. HP, Inc.*, 2023 WL 187506, at *4 (N.D. Cal. Jan. 13, 2023) (dismissing negligent misrepresentation claim where based on substantially the same allegations as plaintiff's breach of warranty claim). Plaintiff's negligent misrepresentation claims are based on the same factual allegations as her contract claims and do not allege personal injury, physical damage, or seek damages different from her contract claim. Thus, Plaintiff's negligent misrepresentation claims should be dismissed.

1

## VI. CONCLUSION

2       For the reasons stated herein, Guthy-Renker respectfully requests that the Court grant this Motion

3    and dismiss Plaintiff's Complaint in its entirety for failure to state a claim under Rule 12(b)(6).

4

5    Dated:  January 21, 2026                    **VGC, LLP**

6
                                     By:  _____
7                                          Diyari Vázquez
                                           Melissa Eubanks
8                                          *Attorneys for Defendant*
                                           GUTHY-RENKER, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS