Diyari Vazquez (SBN 222461)
dvazquez@vgcllp.com
Melissa N. Eubanks (SBN 274491)
meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VICTORIA JOYCE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GUTHY-RENKER, LLC,

Defendant.

Case No. 3:25-cv-09998-RFL

**CLASS ACTION**

**GUTHY-RENKER, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Hearing Date: May 5, 2026
Time: 10:00 a.m.
Location: Courtroom 15 – 18th Floor

Complaint Filed: November 20, 2025
FAC Filed: February 12, 2026

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 5, 2026, at 10:00 a.m., or as soon as thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 15 – 18th Floor, San Francisco, CA 94102, Defendant Guthy-Renker, LLC ("Guthy-Renker") will and hereby does move to dismiss the First Amended Class Action Complaint ("FAC") filed by Plaintiff Victoria Joyce ("Plaintiff").

The FAC should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for several reasons. First, Plaintiff's statutory claims under California's False Advertising Law, Consumer Legal Remedies Act, and Unfair Competition Law seek only equitable relief and thus fail because Plaintiff has not plead an inadequate remedy at law and otherwise lacks standing to seek injunctive relief. Second, all of Plaintiff's claims sound in fraud and Plaintiff does not plausibly allege that she was exposed to or relied upon a false or misleading statement or omission, let alone with the specificity required by FRCP Rule 9(b). Third, Plaintiff's breach of contract and warranty claims fail for deficient pre-suit notice. Finally, the economic loss doctrine bars Plaintiff's negligent misrepresentation claims because she seeks only economic relief.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records in this action, and such further evidence and argument that may be presented at the hearing and that the Court may consider.

Dated: February 26, 2026

**VGC, LLP**

By: ______________________________

Diyari Vázquez
Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC

## TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. RELEVANT ALLEGATIONS .......... 1

III. LEGAL STANDARD .......... 3

IV. ARGUMENT .......... 4

A. Plaintiff's Claims For Equitable And Injunctive Relief Must Be Dismissed For Failure To Plead An Inadequate Remedy At Law Or Real Threat Of Future Injury. .......... 4

B. Plaintiff's Fac Fails To Satisfy Rule 9(B) .......... 5

1. Plaintiff Fails to Specifically Identify What Advertisements She Relied Upon or Where She Saw Them. .......... 6

2. Plaintiff's Vague and Conclusory Allegations About Her Counsel's Pre-Suit Investigation Also Fail to Satisfy Rule 9(b). .......... 7

3. Plaintiff's Common Law Claims Fail to Adequately Plead Damages. .......... 9

C. Plaintiff's Claims Fail for Clear Lack of Reliance. .......... 10

D. The Contract and Warranty Claims Are Barred for Lack of Notice. .......... 11

E. The Economic Loss Doctrine Bars the Negligent Misrepresentation Claims. .......... 11

V. CONCLUSION .......... 12

# TABLE OF AUTHORITIES

## CASES

*Ackerman v. Nw. Mut. Life Ins. Co.*
172 F.3d 467 (7th Cir. 1999) .....9

*Algarin v. Maybelline, LLC*
300 F.R.D. 444 (S.D. Cal. 2014) .....5

*Alvarez v. Chevron Corp.*
656 F.3d 925 (9th Cir. 2011) .....11

*Anderson v. Apple Inc.*
500 F. Supp. 3d 993 (N.D. Cal. 2020) .....4

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .....3

*Baltazar v. Apple, Inc.*
2011 WL 588209 (N.D. Cal. Feb. 10, 2011) .....7

*Barrett v. Optimum Nutrition, Inc.*
2022 WL 18401338 (C.D. Cal. Dec. 13, 2022) .....5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .....3

*Broomes v. FullBeauty Brands Operations, LLC*
2025 WL 829589 (N.D. Cal. Jan. 31, 2025) .....5

*City of L.A. v. Lyons*
461 U.S. 95 (1983) .....5

*Crowder v. Shade Store, LLC*
2024 WL 4868313 (N.D. Cal. June 26, 2024) .....12

*Davidson v. Kimberly-Clark Corp.*
873 F.3d 1103 (9th Cir. 2017) .....4, 5, 6

*Evans v. DSW, Inc.*
2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) .....11

*Evans v. Sleep Number Corp.*
2025 WL 1093332 (E.D. Cal. Apr. 11, 2025) .....5, 9, 10

*Fladeboe v. American Isuzu Motors Inc.*
150 Cal.App.4th 42 (2007) .....9

*Freund v. HP, Inc.*
2023 WL 187506 (N.D. Cal. Jan. 13, 2023) .... 12

*Garcia v. Signet Jewelers Ltd.*
2026 WL 76310 (C.D. Cal. Jan. 5, 2026) .... 4, 5

*Haley v. Macy's, Inc.*
263 F. Supp. 3d 819 (N.D. Cal. 2017) .... 6, 7

*In re Ferrero Litig.*
794 F. Supp. 2d 1107 (S.D. Cal. 2011) .... 11

*Kearns v. Ford Motor Co.*
567 F.3d 1120 (9th Cir. 2009) .... 5, 6, 7

*Kwikset Corp. v. Superior Court*
51 Cal.4th 310 (2011). .... 10

*Larson v. UHS of Rancho Springs, Inc.*
230 Cal. App. 4th 336 (2014) .... 10

*Lisner v. Sparc Grp. LLC*
2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) .... 10

*McCrary v. Elations Co., LLC*
2013 WL 6403073 (C.D. Cal. July 12, 2013) .... 7, 10

*Moody v. Hot Topic, Inc.*
2023 WL 9511159 (C.D. Cal. Nov. 15, 2023) .... 6, 7

*Moss v. U.S. Secret Serv.*
572 F.3d 962 (9th Cir. 2009) .... 4

*Nguyen v. Lovesac Co.*
2025 WL 950511 (E.D. Cal. Mar. 28, 2025) .... 9

*Prescott v. Reckitt Benckiser LLC*
2020 WL 7075624 (N.D. Cal. Dec. 3, 2020) .... 6

*Robinson Helicopter Co., Inc. v. Dana Corp.*
34 Cal.4th 979 (2004) .... 11

*S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*
2012 WL 4364144 (S.D. Cal. Sept. 21, 2012) .... 11

*Seegert v. Luxottica Retail N. Am., Inc.*
2018 WL 3472561 (S.D. Cal. July 19, 2018) .... 8, 9

*Sonner v. Premier Nutrition Corp.*
971 F.3d 834 (9th Cir. 2020) .... 4

*Sprewell v. Golden State Warriors*
266 F.3d 979 (9th Cir. 2001) ....................4

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003) ....................4

*Zeller v. Optavia, LLC*
2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ....................5

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200, *et seq.* .................... *passim*

Cal. Bus. & Prof. Code §§ 17500, *et seq.* .................... *passim*

Cal. Civ. Code §§ 1750, *et seq*. .................... *passim*

Cal. Civ. Code § 1782 ....................11

Cal. Comm. Code § 2607(3)(A) ....................11

**OTHER**

Fed. R. Civ. P. 9(b). .................... *passim*

Fed. R. Civ. P. 12(b)(6) ....................12

## I. INTRODUCTION

Plaintiff attempts—for the second time—and yet still fails to sufficiently plead any of the statutory or common law claims she pursues on behalf of herself, and a putative class, against Guthy-Renker for purportedly using misleading sales practices. In her FAC, Plaintiff complains that she was misled by what she believed were limited time sale offers when the products she purchased allegedly are always offered at the marketed discount prices. Notably, and ultimately futile to Plaintiff's claims, she fails to identify the specific advertisements that she saw and relied upon. Instead, Plaintiff claims that the advertisements she supposedly saw and relied upon are "virtually identical" to advertisements her counsel pulled from www.subd.com (the "Website") on November 11, 2025—five months after Plaintiff's purchase. Tellingly, Plaintiff's FAC omits an important admission from her initial Complaint that she made her purchase via Instagram (the implication being that this is where the saw the advertisements), obviously to avoid the argument raised in Guthy-Renker's motion to dismiss the initial Complaint that Plaintiff's claims failed under Rule 9(b) because she could not identify the actual advertisements she saw and relied upon. Still, that remains the case as the FAC lacks any allegations as to where Plaintiff saw the alleged advertisements, critically omitting the "where", and consequently the "what," required to plead false advertising claims.

Plaintiff's claims also fail because: (a) she fails to plead an inadequate remedy at law for equitable and quasi-contractual relief; (b) her pleadings reveal that she will not be able to prove reliance, a necessary element of her claims; (c) the contract and warranty claims are barred by her failure to give adequate pre-suit notice; and (d) the negligent misrepresentation claims are barred by the economic loss doctrine.

In sum, Plaintiff filed a class action lawsuit based on woefully insufficient factual allegations about Guthy-Renker's sales practices. That Plaintiff now demands not only to be compensated for buying a product she intended to buy and at a price she consented to pay, but also that Guthy-Renker in effect stop having sales that benefit its customers and are critical to its survival in the competitive e-commerce market is preposterous. This Motion should be granted and the FAC dismissed.

## II. RELEVANT ALLEGATIONS

Plaintiff alleges that, on or about June 10, 2025, she purchased Perricone MD's Neck & Face Firming Kit ("Product I") and Cold Plasma Sub-D+ ("Product II") (Product I and Product II together, the "Products") "at a purportedly discounted rate of $59.95 and $20.00, respectively." (FAC ¶ 4.) Plaintiff's

FAC does not specify how or from where she purchased the Products; however, in her initial Complaint, Plaintiff alleged that she made her purchase via Instagram. (Compl. [Dkt. No. 1] ¶ 10.) Plaintiff alleges that at the time she purchased Product I, she "saw and relied upon Defendant's $245.50 strikethrough price and the "76% OFF" discount." (FAC ¶ 4.) Plaintiff claims that "the representations [she] relied on are virtually identical in design and layout to the pictures depicted [at paragraphs 19 and 20 of the FAC] from Defendant's Website." (*Id.*) Plaintiff does not allege where she saw the advertisements. (*See generally id.*) As to Product II, Plaintiff alleges that after clicking on the proceed to checkout button for Product I, she was presented with a "Special Offer" that Product II was available for "only $20 more" for a limited time displayed on a countdown timer. (*Id.*; *see also id.* ¶ 21.) Plaintiff claims that "[b]elieving she was obtaining a limited-time deal, [she] clicked on the 'upgrade now' button" to purchase Product II. (*Id.* ¶ 4.) Plaintiff claims that the foregoing offers were not genuine and that had she known the offers were not genuine, then she would not have purchased the Products at all or on the same terms. (*Id.* ¶ 6.)

Plaintiff claims that her purchase entitles her to pursue claims on behalf of herself, and a putative class, under California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.,* Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq*., and Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.,* as well as claims for common law fraud, and breach of contract and warranty. To support these claims, the FAC make a series of generalized allegations that have no well-pled connection to Plaintiff's purchase. In particular, Plaintiff fails to specifically identify the actual advertisements she saw, where she saw them, or when. Instead, she merely alleges that the advertisements she saw and relied upon are "virtually identical" (FAC ¶ 4) to the following advertisements supposedly taken from the Website on November 11, 2025 (five months after Plaintiff's purchase):

(*Id.* ¶ 19-21.)

Further, Plaintiff's allegations that the advertisements she relied upon are not genuine and that the Products are always for sale at the discounted prices are based on a supposed "investigation" conducted by her counsel on the Wayback Machine. (*Id.* ¶ 26.) There are limited details about this "investigation." (*See id.*) Indeed, the FAC merely includes a table created by Plaintiff's counsel containing columns for "date," "savings claim," "strikethrough price", and "sale price." (*Id.*) This table does not reveal the dates that Plaintiff's investigation took place, what URLs were searched on the Wayback Machine, or even what products the alleged sales and prices reflected in the table relate to. (*Id.*) Further, there are no factual allegations whatsoever relating to any investigation concerning Plaintiff's conclusory allegation that the upgrade offer for Product II "was available … both 3 months before and after her purchase – and when the countdown timer ran out, it simply reset." (*Id.* ¶ 5; *see also id.* ¶ 26.)

## III. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" must be pled. *Twombly*, 550 U.S. at 555. A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d

979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Claims sounding in fraud must additionally comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To satisfy Rule 9(b), the pleader must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false misleading about the purportedly fraudulent statement, and why it is false." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1110 (9th Cir. 2017) (quotation omitted). "When an entire complaint is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the complaint or claim." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

## IV. ARGUMENT

### A. Plaintiff's Claims for Equitable and Injunctive Relief Must be Dismissed for Failure to Plead an Inadequate Remedy at Law or Real Threat of Future Injury.

Plaintiff seeks only the equitable remedy of restitution for the FAL and UCL claims (FAC ¶¶ 59, 86). To be entitled to equitable relief, a party must show there is no adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) ("the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL ... in a diversity action"). Courts construing *Sonner* have required plaintiffs seeking equitable relief "to plead that they lack an adequate remedy at law" in the operative complaint. *See Anderson v. Apple Inc.*, 500 F. Supp. 3d 993, 1009 (N.D. Cal. 2020). Plaintiff's FAC pleads no facts demonstrating she lacks an adequate remedy at law. Instead, Plaintiff only asserts conclusions that "[l]egal remedies available to Plaintiff and Classes are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief" and that "[d]amages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages." (FAC ¶ 31.) But legal conclusions are patently insufficient. *Garcia v. Signet Jewelers Ltd.*, 2026 WL 76310, at *2 (C.D. Cal. Jan. 5, 2026) (rejecting plaintiff's allegations as "merely legal conclusions disguised as facts" and "not enough" to show lack of an adequate legal remedy). Indeed,

"[s]imply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more 'certain, prompt, or efficient' than the available legal remedies." *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022); *see also Broomes v. FullBeauty Brands Operations, LLC,* 2025 WL 829589, at *3 (N.D. Cal. Jan. 31, 2025) (conclusory allegations about differences in legal and equitable claims are insufficient); *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("arguments that equitable claims provide greater remedy and are easier to prove does not make [the] claims proper"). Plaintiff's FAL and UCL claims should therefore be dismissed. *See, e.g., Garcia*, 2026 WL 76310, at *2 (dismissing FAL and UCL claims where the only relief sought was equitable and plaintiff's complaint contained no factual allegations demonstrating lack of adequate remedy at law).

For her CLRA claim, Plaintiff seek both injunctive relief and damages. (*Id.* ¶¶ 66, 67.) To obtain injunctive relief, a plaintiff must demonstrate a real threat of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again." *City of L.A. v. Lyons,* 461 U.S. 95, 111 (1983). Here, Plaintiff's FAC makes clear that she is now aware of Guthy-Renker's purported sales pricing and subscription practices, "which necessarily means she knows of the alleged danger and cannot be fraudulently induced to purchase a mattress from Defendant in the future." *Evans v. Sleep Number Corp.,* 2025 WL 1093332, at *4 (E.D. Cal. Apr. 11, 2025)*; see also Algarin v. Maybelline, LLC,* 300 F.R.D. 444, 458 (S.D. Cal. 2014) ("These consumers will not benefit from the injunctive relief as they cannot demonstrate a probability of future injury; if they know the "truth" they cannot be further deceived."). While some courts have found injunctive relief properly pled in some consumer fraud cases (*see, e.g., Davidson*, 889 F.3d at 970 [a consumer can establish a threat of future harm if they plausibly allege that they will be unable to rely on the product's advertising or labeling in the future]), Plaintiff fails to allege any facts supporting a treat of future harm or injury (*see* FAC ¶¶ 65, 66). Thus, Plaintiff has not adequately plead standing for injunctive relief. *Evans,* 2025 WL 1093332*,* at *4.

**B. <u>Plaintiff's FAC Fails to Satisfy Rule 9(b)</u>**

The crux of Plaintiff's claims is that she was misled to purchase the Products for what she believed were time-limited sales offers when in fact the Products were always on sale and "never" sold at regular price. (FAC ¶¶ 5, 24, 26.) Since these claims sound in fraud, they must satisfy Rule 9(b). *Kearns v. Ford*

*Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (if CLRA and UCL claims "sound in fraud," then "the pleading . . . as a whole must satisfy … Rule 9(b)"); *Davidson*, 889 F.3d at 964 (Rule 9(b) applies to CLRA, FAL, and UCL claims based in fraud); *see also Prescott v. Reckitt Benckiser LLC*, 2020 WL 7075624, at *4 (N.D. Cal. Dec. 3, 2020) ("[W]here a [contract] claim is based on the same allegedly misleading advertising giving rise to UCL and CLRA claims, the [contract] claim also sounds in fraud and is subject to Rule 9(b)….") (citations omitted). Plaintiff fails to do that here on several fronts.

***1. Plaintiff Fails to Specifically Identify What Advertisements She Relied Upon or Where She Saw Them.***

To satisfy Rule 9(b) in consumer fraud cases, "[p]laintiffs must allege with specificity what products they purchased, on what statements they relied in making those purchases, and why those statements were false or misleading." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017); *see also Kearns*, 567 F.3d at 1125 (plaintiff must allege the "who, what, when, where and how") (quotations omitted). Here, Plaintiff fails to identify the specific advertisements she allegedly relied upon in making her purchase. Instead, Plaintiff merely alleges that the advertisements she supposedly saw and relied upon when making her purchase on June 10, 2025, are "virtually identical" to those that her counsel pulled from the Website on November 11, 2025. (FAC ¶ 4.) Tellingly, the FAC does not allege that Plaintiff viewed the advertisements she allegedly saw and relied upon on the Website; in fact, her FAC contains no allegations about ***where*** Plaintiff saw the advertisements that she relied upon or how or where she made her purchase. (*See id.*) Thus, not only does Plaintiff's FAC critically lack the specifics of the "what" and "where" of her fraud claims, but there are no well-pled allegations demonstrating that the advertisements depicted in the FAC are in fact the advertisements that Plaintiff viewed and relied upon.

*Moody v. Hot Topic, Inc.*, 2023 WL 9511159 (C.D. Cal. Nov. 15, 2023), is instructive. In *Moody*, the complaint contained a list of the plaintiffs' purchases, the discounts received, the alleged "regular" prices of the products, and a general allegation that "Plaintiffs read and relied on the representations on the website ... that they were receiving the advertised discounts as compared to the regular price." *Id.* at *7. But the plaintiffs did not specify which promotions they relied upon. *Id.* The court held that they failed to satisfy Rule 9(b), explaining that even though the pleading contained general allegations as to the nature and locations of the advertisements, "it does not connect [them] to Plaintiffs' purchasing experience: it

does not state whether Plaintiffs saw those discount promotions during their purchases, when Plaintiffs viewed those promotions, and which of those various promotions (e.g., the banner, the "regular" price on the checkout page, or the product description) Plaintiffs found material and relied upon." *Id.*

So too here, the FAC fails to connect the advertainments taken from the Website on November 11, 2025, to Plaintiff's specific buying experience. Courts frequently dismiss consumer fraud claims under Rule 9(b) where the plaintiff, as Plaintiff here, fails to specifically identify the actual advertisements allegedly relied upon. *See, e.g., Moody,* 2023 WL 9511159, at **8, 10; *Kearns*, 567 F.3d at 1126 (dismissing claims where complaint did not "specify what the television advertisements or other sales material specifically stated," "when [plaintiff] was exposed to them or which ones he found material," or "which sales material he relied upon in making his decision to buy a ... vehicle"); *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) ("Plaintiff alleges that the Elations website contains various misrepresentations ... but the SAC does not allege that he looked at or relied on anything on Defendant's website before purchasing Elations. Thus, Plaintiff … does not have standing to bring claims based on those statements."); *Baltazar v. Apple, Inc.,* 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011) (granting motion to dismiss for plaintiffs' failure to "[a]t the least, … identify the particular commercial or advertisement upon which they relied and [to] describe with the requisite specificity the content of that particular commercial or advertisement").

#### 2. *Plaintiff's Vague and Conclusory Allegations About Her Counsel's Pre-Suit Investigation Also Fail to Satisfy Rule 9(b).*

Plaintiff's claims regarding the alleged false pricing scheme also fail to satisfy Rule 9(b) for failure to provide non-conclusory allegations regarding the "how" and "why" of the alleged fraud. In addition to specifying the who, what, when and where, Rule 9(b) also requires consumer fraud plaintiffs to "allege with specificity … why [the] statements [they saw and relied upon] were false or misleading." *Haley*, 263 F. Supp. 3d at 824. Here, Plaintiff alleges that the sale offers were false and misleading because the Products supposedly are never sold at their regular price and always on sale. (FAC ¶¶ 5, 24, 26). The purported support for this claim is a pre-suit investigation supposedly conducted by Plaintiff's counsel. (*Id.* ¶ 26.)

The allegations regarding the alleged pre-suit investigation are bare and conclusory. Plaintiff alleges:

> To verify that Defendant always offers the Products at the purported $59.95 discounted price, Plaintiff's counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine. That investigation confirms Defendant's perpetual sales in the same layout and design as the sampler pictures above.

(*Id.*) The FAC then goes on to include a table created by Plaintiff's counsel containing columns for "date," "savings claim," "strikethrough price", and "sale price." (*Id.*) No other allegations are pled. Further, there are absolutely no factual allegations pled relating to any investigation which would support Plaintiff's conclusory allegation that the upgrade offer for Product II "was available … both 3 months before and after her purchase – and when the countdown timer ran out, it simply reset." (*Id.* ¶ 5; *see also id.* ¶ 26.) The foregoing allegations are patently insufficient to satisfy the "how" and "why" required of Rule 9(b).

In *Seegert v. Luxottica Retail N. Am., Inc.,* 2018 WL 3472561 (S.D. Cal. July 19, 2018), for example, similar allegations were deemed insufficient under Rule 9(b). There, the plaintiff alleged that LensCrafters' promotions for "40% Off Lenses With Frame Purchase" was false and misleading because LensCrafters never sold its lenses at full price. *Id.* at *3. The supposed support for this allegation was a pre-suit investigation conducted by the plaintiff's counsel whereby counsel allegedly "investigated five San Diego LensCrafters retail stores and concluded that the lenses were never sold at the regular undiscounted price…." *Id*. The plaintiff further alleged that their counsel's "investigation confirmed that Lens Crafters' prescription lenses were priced with false discounts from illusory 'regular' or reference prices." *Id.* The court found the plaintiff's fraud allegations insufficient under Rule 9(b) because "[t]he so-called particular facts supporting [the alleged fraud] are simply conclusions based upon an investigation by Plaintiff's counsel that 'confirmed' and 'concluded' that [the lenses were] never sold at the original price, with or without the purchase of eyeglass frames." *Id.* As the court explained, specific facts regarding the counsel's alleged pre-suit investigation were required to support the "conclusions" drawn by counsel. *Id.* at *4 ("Notably, Plaintiff must have some factual basis for this conclusory allegation—even though the factual basis is not set forth in the SAC. The fact that the brief and nondescript alleged investigation 'confirmed' the SAC's conclusory allegations, without more, does not satisfy Rule 9(b).").

The same determination should be made here, as the allegations regarding Plaintiff's counsel's supposed pre-suit investigation are bare and conclusory. There are no factual allegations as to when the investigation was conducted, what specific URLs were reviewed or captured on the Wayback Machine, how many website captures were available on the Wayback Machine for the relevant time period, which of those captures were actually reviewed by Plaintiff's counsel, what products were actually represented by the "offers" listed in Plaintiff's counsel's table, etc. In sum, the allegations regarding Plaintiff's counsel's supposed pre-suit investigation are nothing more than: "I went to the Wayback Machine and drew a conclusion and made a table without any underlying data." This is plainly not enough to meet Rule 9(b)'s exacting standards. *Seegert,* 2018 WL 3472561, at *3 (describing that Rule 9(b) "requires a plaintiff to conduct a pre-complaint investigation 'in sufficient depth to assure that the charge of fraud is responsible and supported'") (*quoting Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999)); *see also Nguyen v. Lovesac Co.*, 2025 WL 950511, at *5 (E.D. Cal. Mar. 28, 2025) (holding that the plaintiff's allegations regarding its pre-suit investigation failed to satisfy Rule 9(b) where the plaintiff did not specify "what products were tracked, what the prices were on specific dates, whether any individual item prices were identified or tracked, whether the investigation included the specific 'Sactional' items Plaintiff purchased, or any other meaningful details about the investigation").

***3. Plaintiff's Common Law Claims Fail to Adequately Plead Damages.***

Plaintiff's common law fraud claims (i.e., intentional and negligent misrepresentation) also fail to satisfy Rule 9(b) for not adequately pleading damages. Under California law, the measure for fraud damages is out of pocket losses, which is "directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received." *Fladeboe v. American Isuzu Motors Inc.,* 150 Cal.App.4th 42, 66 (2007) (quotation omitted). "[A]ctual value" for purposes of Civil Code section 3343 means "market value." *Nece v. Bennett*, 212 Cal.App.2d 494, 497 (1963).

Here, Plaintiff's FAC contains no factual allegations that the price she paid deviated from the Products' fair market values. Absent such allegations, Plaintiff has not adequately alleged a claim for common law fraud. *Evans v. Sleep Number Corp.* is instructive. In *Evans*, the plaintiff alleged a series of statutory and common law fraud claims based on the defendant's allegedly false pricing. For their common

law fraud claims, the plaintiff simply alleged that they had suffered economic injury by being "induced into purchasing the [p]roducts under the false premise that they were of a higher grade, quality, or value than they actually are." 2025 WL 1093332, at *10. The court held that this was not enough to plead damages for common law fraud and that the pleading was insufficient because the plaintiff failed to allege facts demonstrating that the price paid for the product deviated from its market value. *Id.*

As in *Evans*, Plaintiff has done no more than assert a conclusory claim of damage and has not pled any facts demonstrating that she has suffered an actual, cognizable economic loss (i.e., that the Products' market values were less than the price she paid). Thus, her common law fraud claims fail to satisfy Rule 9(b)'s standards for pleading damages and should be dismissed. *Evans,* 2025 WL 1093332, at *10.

**C. <u>Plaintiff's Claims Fail for Clear Lack of Reliance.</u>**

"In order to assert a claim under the UCL, FAL, or CLRA, the plaintiff must demonstrate actual reliance." *McCrary v. Elations Co., LLC,* 2013 WL 6403073, at *8 (C.D. Cal. July 12, 2013) (citing *Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 326 (2011)). Here, Plaintiff's pleadings make clear that she did not rely upon the sales offers depicted in her FAC. Indeed, as Plaintiff alleged in her initial Complaint, her purchase was made via Instagram (Compl. ¶ 10)[1]—an implicit admission that the advertisements that she saw and relied upon were posted on Instagram and not the Website. In other words: the advertisements depicted in her FAC cannot be the advertisements that Plaintiff actually saw and supposedly relied upon in making her purchase. Since reliance is an essential element of Plaintiff's fraud claims, the FAL, UCL, CLRA, and common law misrepresentation claims must be dismissed since Plaintiff clearly did not rely on the allegedly false advertisements that are depicted in her FAC. *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *7 (C.D. Cal. Dec. 29, 2021) (dismissing UCL, FAL, and CLRA claims where plaintiffs did not actually rely on representations before making purchases); *McCrary*, 2013 WL 6403073, at *8 ("Plaintiff alleges that the Elations website contains various misrepresentations ... but the SAC does not allege that he looked at or relied on anything on Defendant's website before purchasing Elations. Thus, Plaintiff … does not have standing to bring claims based on those statements."); *In re*

---

[1] The Court should consider this allegation in Plaintiff's initial pleading, because "under the sham pleading doctrine, plaintiffs are precluded from amending complaints to omit harmful allegations, without explanation, from previous complaints to avoid attacks raised in demurrers or motions for summary judgment." *Larson v. UHS of Rancho Springs, Inc.*, 230 Cal. App. 4th 336, 343–44 (2014) (cleaned up).

*Ferrero Litig.*, 794 F. Supp. 2d 1107, 1111 (S.D. Cal. 2011) (plaintiffs failed to state claims under UCL, FAL, and CLRA where they allegedly relied on Nutella's representations but admitted they never personally visited Nutella website).

**D. <u>The Contract and Warranty Claims Are Barred for Lack of Notice.</u>**

California Commercial Code § 2607(3)(A) requires a plaintiff to provide pre-suit notice of a breach or otherwise be barred from relief. "A buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). Plaintiff alleges that she "sent written notice to Defendant on November 12, 2025, informing Defendant of their intention to seek damages under California Civil Code § 1750" and that the letter "advis[ed] Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom." (FAC ¶ 67; *see also id.* ¶¶ 115, 123.)[2] However, notice of just one-week (Plaintiff filed her Complaint on November 20, 2025) though a letter that clearly did no more than generically reference violations of the CRLA and contained no facts pertaining to or threats of claims for breach of contract or warranty (*see id.* ¶ 67), is not sufficient. *See Evans v. DSW, Inc.*, 2017 WL 7058232, at *4-5 (C.D. Cal. Sept. 14, 2017) (dismissing with prejudice warranty and contract claims for failure to provide adequate notice where the CLRA letter was sent four days before filing suit and made no reference to facts specific to the plaintiff's breach claims); *S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 4364144, at *2 (S.D. Cal. Sept. 21, 2012), *aff'd*, 554 F. App'x 656 (9th Cir. 2014) (letter did not provide "reasonable notice" where it did not identify the specific breaches at issue). Thus, the contract and warranty claims should be dismissed with prejudice.

**E. <u>The Economic Loss Doctrine Bars the Negligent Misrepresentation Claims.</u>**

The economic loss doctrine provides that a plaintiff may recover only in contract, and not in tort, for "purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co., Inc. v. Dana Corp.,* 34 Cal.4th 979, 988 (2004). The doctrine has been applied to negligent misrepresentation claims based on the same facts and

---

[2] Guthy-Renker disputes that it received any pre-suit notice. Guthy-Renker's registered agent has no proof of service being made upon it, as Plaintiff alleges in her FAC, nor did Guthy-Renker receive the alleged notice via certified or registered mail at its corporate offices, as required by Civil Code section 1782.

seeking the same damages as a contract claim. *Crowder v. Shade Store, LLC,* 2024 WL 4868313, at **8-9 (N.D. Cal. June 26, 2024) (negligent misrepresentation claim barred under the doctrine where based on the same allegations as contract claims that defendant's pricing is false and plaintiffs sought only economic losses); *Freund v. HP, Inc.,* 2023 WL 187506, at *4 (N.D. Cal. Jan. 13, 2023) (dismissing negligent misrepresentation claim where based on substantially the same allegations as plaintiff's breach of warranty claim). Plaintiff's negligent misrepresentation claims are based on the same factual allegations as her contract claims and do not allege personal injury, physical damage, or seek damages different from her contract claim. Thus, Plaintiff's negligent misrepresentation claims should be dismissed.

## V. CONCLUSION

For the reasons stated herein, Guthy-Renker respectfully requests that the Court grant this Motion and dismiss Plaintiff's FAC in its entirety for failure to state a claim under Rule 12(b)(6).

Dated: February 26, 2026

**VGC, LLP**

By: ______________________________

Diyari Vázquez
Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC