Frank S. Hedin (SBN 291289)
**HEDIN LLP**
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM**
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

*Counsel for Plaintiff and Putative Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated, | Case No. 3:25-cv-09998-RFL |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| v. | Hearing Date: May 5, 2026 |
| GUTHY-RENKER LLC, | Time: 10:00 a.m.<br>Location: Courtroom 15 – 18th Floor |
| Defendant. | Complaint Filed: November 20, 2025<br>FAC Filed: February 12, 2026 |

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

STATEMENT OF ISSUES ............................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT .................................................................................................................... 6

A. The FAC Satisfies Rule 9(b)'s Heightened Pleading Standard. ........................... 6

    1. Plaintiff Specifically Identifies the Advertisements She Relied
       Upon and Where She Saw Them. .................................................................... 7

    2. The Pre-Suit Investigation Allegations Satisfy Rule 9(b). ............................ 8

B. Plaintiff's Claims for Equitable and Injunctive Relief Are Properly Pled. ........ 11

    1. Plaintiff Adequately Pleads an Inadequate Remedy at Law. ...................... 11

    2. Plaintiff Has Standing to Seek Injunctive Relief. ....................................... 12

    3. Plaintiff Adequately Pleads Damages for Her Common Law Claims. .................. 12

C. The Contract and Warranty Claims Are Not Barred for Lack of Notice. ............ 14

D. The Economic Loss Doctrine Does Not Bar Plaintiff's
   Negligent Misrepresentation Claim. .................................................................... 15

CONCLUSION ............................................................................................................... 15

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009) ..................................................................................................... 5

*Davidson v. Kimberly-Clark Corp.,*
889 F.3d 956 (9th Cir. 2018) ...................................................................................... 12

*ESG Capital Partners v. Venable LLP,*
828 F.3d 1023 (9th Cir. 2016) .................................................................................... 13

*Evans v. Sleep Number Corporation,*
2025 U.S. Dist. LEXIS 69807 (E.D. Cal. Apr. 11, 2025) ........................................... 13

*Falcone v. Nestle USA, Inc.,*
2026 U.S. App. LEXIS 555 (9th Cir. Jan. 9, 2026)..................................................... 12

*French v. Banana Republic LLC,*
No. 3:24-cv-05216, 2024 WL 4682312 (N.D. Cal. Nov. 4, 2024)............................... 11

*Hong v. Rugsusa, LLC,*
2025 U.S. Dist. LEXIS 187241 (N.D. Cal. Sep. 23, 2025) .......................... 8, 10, 15

*Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.,*
 315 F. App'x 603 (9th Cir. 2008)................................................................................. 15

*Kearns v. Ford Motor Co.,*
567 F.3d 1120 (9th Cir. 2009) ...................................................................................... 5

*Mier v. CVS Health,*
2023 U.S. App. LEXIS 19472 (9th Cir. July 28, 2023) ............................................... 13

*Nabiyev v. Closet World, Inc.,*
2023 U.S. Dist. LEXIS 205544 (C.D. Cal. Nov. 16, 2023) .......................................... 7

*Michael Nguyen v. Lovesac Co.,*
2025 U.S. Dist. LEXIS 59086 (E.D. Cal. Mar. 26, 2025)............................................ 10

*Moody v. Hot Topic, Inc.,*
2023 U.S. Dist. LEXIS 205910 (C.D. Cal. Nov. 15, 2023) .......................................... 8

*Noohi v. Johnson & Johnson Consumer Inc.,*
146 F.4th 854 (9th Cir. 2025)...................................................................................... 14

*Phillips v. Brooklyn Bedding LLC,*
2024 U.S. Dist. LEXIS 72676 (N.D. Cal. Mar. 28, 2024) .......................... 10, 11, 15

*Ramirez v. S. Martinelli & Co.,*
2026 U.S. Dist. LEXIS 21591 (N.D. Cal. Feb. 2, 2026) ............................................. 11

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
34 Cal. 4th 979 (2004)................................................................................................. 15

*Seegert v. Luxottica Retail N. Am., Inc.*,
2018 U.S. Dist. LEXIS 121071 (S.D. Cal. July 19, 2018) ...................................................... 10

*Rubenstein v. Neiman Marcus Group*,
687 F. App'x 564 (9th Cir. 2017) ........................................................................................ 7

*Sonner v. Premier Nutrition Corp.*,
971 F.3d 834 (9th Cir. 2020) ............................................................................................ 11

*Valiente v. Simpson Imps., Ltd.*,
717 F. Supp. 3d 888 (N.D. Cal. 2024) ............................................................................... 11

*Vizcarra v. Michaels Stores, Inc.*,
710 F. Supp. 3d 718 (N.D. Cal. 2024) ................................................................................. 5

## STATUTES

Cal. Civ. Code § 3343(a) ............................................................................................ 13

## RULES

Fed. R. Civ. P. 9(b) ............................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................ 5

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**INTRODUCTION**

Defendant Guthy-Renker LLC owns and operates an e-commerce website where it prominently advertises its skin care cosmetics at a discount, using time-limited sales, countdown timers, and strike-through prices to pressure consumers to act now. ECF 19 ("FAC"). In truth, however, Defendant's discounts are perpetually available, and when its countdown timer runs out, it automatically resets. Defendant's practices are deceptive and illegal.

Plaintiff Victoria Joyce brings this case to obtain restitution for consumers who, like her, were deceived into purchasing Defendant's discounts under false pretenses. She asserts claims under California's consumer protection statutes and common law.

Despite Plaintiff's well-pled allegations, Defendant moves to dismiss the lawsuit based on the FAC's purported failure to "identify the actual advertisements she saw and relied upon." ECF 21 ("Motion" or "MTD") at 1. But Plaintiff alleges with granularity the specific products purchased, the prices paid, the false representations Plaintiff saw and relied upon, the date of purchase, and the results of an investigation confirming that Defendant has perpetually offered the same "sale" for years.

Grasping at straws, Defendant attempts to resurface Plaintiff's inoperative original complaint to parrot the same allegations it made in its first motion to dismiss. Aside from being irrelevant, Defendant's contentions are demonstrably false. Defendant's remaining arguments regarding equitable jurisdiction, reliance, and economic loss doctrine each fail as a matter of law. The Court should reject Defendant's misstatements of fact and law, and deny the Motion in its entirety.

**STATEMENT OF ISSUES TO BE DECIDED**

1. Whether the FAC satisfies Rule 9(b)'s heightened pleading standard for fraud-based claims, where the FAC identifies the specific products, prices, discount representations, dates, and screenshots of the misleading advertisements Plaintiff relied upon.

2. Whether Plaintiff's claims for equitable relief under the UCL and FAL are properly pled at the motion to dismiss stage, where Plaintiff alleges that legal remedies are inadequate.

3. Whether Plaintiff adequately pleads reliance, where the FAC contains direct allegations that Plaintiff saw and relied on Defendant's false discount representations.

4. Whether Plaintiff properly pleads damages in connection with her common law claims.

5. Whether Plaintiff's breach of contract and breach of express warranty claims are barred for lack of pre-suit notice.

6. Whether the economic loss doctrine bars Plaintiff's negligent misrepresentation claim, where the claim is based on pre-contractual advertising misrepresentations sounding in fraud.

## STATEMENT OF FACTS

Defendant Guthy-Renker LLC is a direct-to-consumer company that sells personal care and beauty products through its website, www.subd.com (the "Website"), where it advertises its "Neck & Face Firming Kit" and "Cold Plasma Sub-D+" (the "Products") using false limited-time sales, savings claims, and countdown timers. FAC ¶¶ 1–2. When consumers arrive at the Website, Defendant prominently displays an "Exclusive Savings" sale with a "76% OFF":



"After clicking on the Shop Now button, consumers are led to another webpage which again shows the "76% OFF" discount alongside a $245.50 strikethrough price":



*Id.* ¶ 20.

"After clicking on the "Proceed to Checkout" button, the Website leads to another webpage where consumers are enticed to purchase the "Cold Plasma Plus+ Sub-D/Neck" Products for "only $20 more" from a purported "Special Offer" that would expire within a few hour":



*Id.* ¶ 21.

"Finally, when consumers arrive at the checkout page, Defendant presents an order summary which includes the "Neck & Face Firming Kit" (priced $59.95) along with the additional "Cold Plasma Sub-D+" (priced $20) in a single line totaling $79.95 (excluding shipping and taxes). The Products are sold with a purported strikethrough price of $265.50, which equaled $185.55 in "Total Savings":



*Id.* ¶ 22.

Despite these massive, limited-time deals: (1) "Defendant ***never*** charges $245.50 for the Products,"  (2) the "Exclusive Savings" sales event with a "76% OFF" promotion is never-ending," and (3) the "time-limited sale of the "Cold Plasma Sub-D+" is false – the upgrade is always available and as soon as the countdown timer ends, it resets again." *Id.* ¶¶ 24-25. Although Defendant is fully aware of its misleading sales, Plaintiff's counsel performed an investigation using "the Internet Archive's Wayback Machine" which confirmed that, for over two years and a half, Defendant employed the "perpetual sales in the same layout and design as the sample pictures above."  *Id.* ¶ 26.

Defendant's conduct harms consumers by inducing them to make purchases based on the false information conveyed by Defendant's false discounts. *Id.* ¶ 28. Defendant's advertisements also

artificially increase consumer demand for Defendant's Products, enabling Defendant to charge a price premium that it would not be able to charge absent its misrepresentations. *Id.* ¶ 29. Consumers, therefore, pay more for Defendant's Products than they otherwise would have. *Id.*

"On or about June 10, 2025, Plaintiff purchased Defendant's Neck & Face Firming Kit and Cold Plasma Sub-D+ at a purportedly discounted rate of $59.95 and $20.00, respectively." *Id.* ¶ 4. When making her purchase through Defendant's Website, Plaintiff saw and relied on Defendant's strikethrough prices, discount claims, limited-time sale banners and countdown timers. *Id.* Those representations were "***virtually identical in design and layout to the pictures depicted*** [] from Defendant's Website." *Id.* (emphasis added). "Had Plaintiff been aware that the limited-time sale was not genuine, she would not have purchased the Products at all or on the same terms. Plaintiff also paid a premium for the Products due to Defendant's false discount representations, time-pressure tactics, and misleading sales practices." *Id.* ¶ 6.

## **LEGAL STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating a motion to dismiss, the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

Where fraud is alleged, Rule 9(b) requires that "the circumstances constituting fraud" be stated "with particularity." Fed. R. Civ. P. 9(b). In the Ninth Circuit, this means the plaintiff must allege "the who, what, when, where, and how of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). However, Rule 9(b) is applied with "particular leniency" in consumer fraud cases where the defendant possesses information relevant to the fraud. *See Vizcarra v. Michaels Stores, Inc.*, 710 F. Supp. 3d 718, 730 (N.D. Cal. 2024).

<u>**ARGUMENT**</u>

**A.      The FAC Satisfies Rule 9(b)'s Heightened Pleading Standard.**

Defendant's lead argument is that the FAC fails to satisfy Rule 9(b). This argument is meritless. The FAC pleads the "who, what, when, where, and how" of the alleged fraud with specificity.

1.      **Who:** "Defendant Guthy-Renker LLC." FAC ¶ 7.

2.      **What:** "Defendant has engaged in a widespread deceptive pricing scheme to induce consumers to purchase its promotional "Neck & Face Firming Kit" and "Cold Plasma Sub-D+" (the "Products") by falsely advertising massive discounts from a purported strikethrough price that Defendant never charges. Defendant also represents that these offers are limited-time sales and use countdown timers, even though the same sale is always available." ¶2; *id.* ¶18. Defendant's false discounts included a "'76% OFF' discount alongside a ~~$245.50~~ strikethrough price" as well as a "Special Offer" to purchase the "Cold Plasma Plus+ Sub-D/Neck" Products for "only $20 more" with a countdown timer. *Id.* ¶¶19-21.  The FAC includes *screenshots* of the webpages depicting the precise strikethrough price, the discount percentage, and the sale price. *Id.*

"Plaintiff purchased Defendant's Neck & Face Firming Kit and Cold Plasma Sub-D+ at a purportedly discounted rate of $59.95 and $20.00, respectively." *Id.* ¶ 4. "At the time she made her purchase, Plaintiff saw and relied on Defendant's $245.50 strikethrough price and the "76% OFF" discount." *Id.* ¶ 4. "After clicking on the proceed to checkout button, Plaintiff was presented with Defendant's "Cold Plasma Plus+ Sub-D/Neck" which was available for "only $20 more" from a purported "Special Offer" that would expire within a few hours depicted on a countdown timer. *Id.* Believing she was obtaining a limited-time deal, Plaintiff clicked on the "upgrade now" button." *Id.* "Finally, when Plaintiff arrived at the checkout page, Defendant presented her with an order summary which included the "Neck & Face Firming Kit" along with the additional "Cold Plasma Sub-D+" in a single line for a total of $79.95 (excluding shipping and taxes) discounted from a purported strikethrough price of $265.50 which equaled $185.55 in "Total Savings." *Id.*

3.      **When:**  Plaintiff purchased the Products on "June 10, 2025." *Id.*

**4.** **Where:** Through its "its Website and promotional materials, Defendant prominently displays its false discounts." *Id.* ¶ 19.

**5.** **How:** Defendant's advertisements convey to "reasonable consumers understand the discount language and strikethrough prices to mean that they represent Defendant's regular, non-sale prices, for its Neck & Face Firming Kit and that they are being given a time-limited opportunity to buy it at a discount from the regular price. Similarly, consumers understand Defendant's special offer with countdown timers to upgrade their order for "only $20 more" to mean that they would be unable to attain the Cold Plasma Sub-D+ Products in the future." *Id.* ¶ 23. These representations, however, were false. *Id.* ¶¶ 24-25. "Had Plaintiff been aware that the limited-time sale was not genuine, she would not have purchased the Products at all or on the same terms. Plaintiff also paid a premium for the Products due to Defendant's false discount representations, time-pressure tactics, and misleading sales practices. The facts giving rise to Plaintiff's claims are materially the same as those of other members of the Class she seeks to represent." *Id.* ¶ 6; *see also id.* ¶¶ 29, 58, 65, 85, 95, 105, 117, 124.

Therefore, Plaintiff's claims satisfy Rule 9(b). *See, e.g.*, *Nabiyev v. Closet World, Inc.*, 2023 U.S. Dist. LEXIS 205544, at *8 (C.D. Cal. Nov. 16, 2023) (nearly identical allegations satisfied Rule 9(b) in fake discount case); *Rubenstein v. Neiman Marcus Group*, 687 F. App'x 564 (9th Cir. 2017) (plaintiff satisfied Rule 9(b) when she alleged that "she purchased products with Compared To price tags in a Last Call store in Camarillo, California (the 'Where'), on July 21, 2014 (the 'When')[, and] that Neiman Marcus (the 'Who'), through its use of those Compared To price tags (the 'What'), misled consumers into believing that the Compared To prices were charged by either Neiman Marcus or other merchants in the vicinity for comparable products (the 'How')").

### 1. <u>*Plaintiff Specifically Identifies the Advertisements She Relied Upon and Where She Saw Them*</u>

In its Motion, Defendant contends that "the FAC does not allege that Plaintiff viewed the advertisements she allegedly saw and relied upon on the Website" and that the "FAC contains no allegations about where Plaintiff saw the advertisements that she relied upon or how or where she made her purchase." MTD at 6. That is patently false. The FAC clearly indicates that Plaintiff made her purchase through Defendant's Website; it identifies verbatim the misrepresentations she relied

on; and it even goes the extra length of illustrating each "*webpage*" that Plaintiff "*saw and relied on*" in making her purchase. *Id.* ¶ 4; *see also id.* ("The representations that Plaintiff relied on are *virtually identical in design and layout to the pictures depicted* [] from Defendant's Website.") (emphasis added); *see also id.* ¶ 19, n.1. ("The pictures are virtually identical to the webpages Plaintiff viewed at the time of her purchase."). The FAC's detailed allegations are starkly opposed to the broad allegations in *Moody v. Hot Topic, Inc.* where the plaintiffs failed to "specify which 'representations on the website' they even saw when making their listed purchases, or 'provide the particulars of [their] own experience reviewing or relying upon any' representations." 2023 U.S. Dist. LEXIS 205910, at *17-18 (C.D. Cal. Nov. 15, 2023) (cleaned up). Similarly, Defendant alleges elsewhere in its Motion that Plaintiff cannot establish reliance because the inoperative initial complaint stated that the "purchase was made via Instagram." MTD at 10. Setting aside the impropriety of leaving the four corners of the FAC, Defendant's statement is demonstrably false. Plaintiff's original complaint clearly stated that she "made a purchase of a "Neck & Face Firming Kit with Cold Plasma Sub-D+" from Defendant's **Website** via Instagram." ECF 1 ¶ 10 (emphasis added). Defendant knows that it does not sell the Products directly through Instagram—no such marketplace exists—and that the representations that Plaintiff alleges verbatim in both complaints (and depictions thereof) are only found on its Website. The Court should not countenance Defendant's false and misleading mischaracterizations of the operative facts.

### 2. *The Pre-Suit Investigation Allegations Satisfy Rule 9(b)*

Ignoring Plaintiff's detailed allegations, Defendant contends that counsel's pre-suit investigation using the Wayback Machine is "vague and conclusory." MTD at 7–9. Not so. As a threshold matter, multiple courts in this District "have found that plaintiffs are not required to plead that they had conducted a pre-suit investigation — or include the results of such investigations — in every case, particularly where the information is not within the personal knowledge of the pleader." *Hong v. Rugsusa, LLC*, 2025 U.S. Dist. LEXIS 187241, at *11 (N.D. Cal. Sep. 23, 2025) (internal quotation marks and citation omitted). Although not required to, the FAC contains a detailed pricing table derived from the Wayback Machine archive, which confirms that Defendant

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

has continuously displayed the same false pricing scheme from January 2023 through September 2025—a period spanning over two and a half years. FAC ¶ 26. Each entry in the table identifies a specific date, the savings claim made, the strikethrough price, and the actual sale price. *Id.*

| Date | Savings Claim | Strikethrough Price | Sale Price |
|---|---|---|---|
| 11-Sep-25 | **SAVE 76%** | $245.50 | **$59.95** |
| 3-Aug-25 | **SAVE 76%** | $245.50 | **$59.95** |
| 14-Jul-25 | **SAVE 76%** | $245.50 | **$59.95** |
| 11-Jun-25 | **SAVE 76%** | $245.50 | **$59.95** |
| 21-May-25 | **SAVE 25%** | $79.95 | **$59.95** |
| 25-Apr-25 | **SAVE 25%** | $79.95 | **$59.95** |
| 16-Mar-25 | **2 Free Gifts** | No Price Shown | NA |
| 1-Feb-25 | **SAVE 25%** | $79.95 | **$59.95** |
| 23-Jan-25 | **SAVE 25%** | $79.95 | **$59.95** |
| 10-Dec-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 13-Oct-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 17-Sep-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Aug-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Jul-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Jun-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 16-May-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 16-Apr-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Mar-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 12-Feb-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 17-Jan-24 | **SAVE 25%** | $79.95 | **$59.95** |
| 16-Dec-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 14-Nov-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Oct-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Sep-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 16-Aug-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 14-Jul-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 15-Jun-23 | **SAVE 25%** | $79.95 | **$59.96** |
| 17-May-23 | **SAVE 25%** | $79.95 | **$59.96** |
| 17-Apr-23 | **SAVE 25%** | $79.95 | **$59.96** |
| 15-Mar-23 | **SAVE 25%** | $79.95 | **$59.96** |
| 15-Feb-23 | **SAVE 25%** | $79.95 | **$59.95** |
| 13-Jan-23 | **SAVE 25%** | $79.95 | **$59.95** |

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In its Motion, Defendant acknowledges that the FAC's table includes detailed "columns for "date," "savings claim," "strikethrough price", and "sale price," (MTD at 8), but then asserts that the presuit investigation is "bare and conclusory." MTD at 9. That is nonsensical. The FAC clearly states that Wayback Machine confirmed that "the Products [were always] sold at the purported $59.95 discounted price…in the same layout and design as the sample pictures above." *Id.* ¶ 26. Courts in false discount cases, including this Court, have concluded that similar allegations, containing even less detail than the chart in the FAC, are sufficient to satisfy Rule 9(b). *See Phillips v. Brooklyn Bedding LLC*, 2024 U.S. Dist. LEXIS 72676, at *12-13 (N.D. Cal. Mar. 28, 2024) ("Phillips alleges that 100 randomly selected screenshots of Brooklyn Bedding's website taken from 2020 to 2023 displayed a purportedly time-limited discount on its products, which suggests that Brooklyn Bedding always offers discounts off of purported regular prices including on the mattress that Phillips purchased…Moreover, because Phillips alleges that Brooklyn Bedding's advertised sales are sitewide (with the exception of a limited set of products not at issue in this case), it can be plausibly inferred that Phillips's purchase was subject to the perpetual discount scheme.") (cleaned up) (Lin, J.); *Hong*, 2025 U.S. Dist. LEXIS 187241, at *11-12 (same).

The courts' reasoning in *Phillips* and *Hong* applies with even greater force here because the investigation in the FAC specifically covers the two at-issue Products—which were advertised with virtually identical discount representations as the images depicted in the FAC. *Id.* ¶ 26

Plaintiff's investigation also stands in stark contrast to the cases cited by Defendant, where the at-issue products were not investigated at all. *Seegert v. Luxottica Retail N. Am., Inc.* 2018 U.S. Dist. LEXIS 121071, at *9 (S.D. Cal. July 19, 2018) ("investigators did not attempt to purchase, or otherwise cause to be purchased, prescription lenses, without also purchasing eyeglass frames, or to take other affirmative steps to investigate the central claim."); *Michael Nguyen v. Lovesac Co.*, 2025 U.S. Dist. LEXIS 59086 (E.D. Cal. Mar. 26, 2025) (at-issue sofa not investigated).

Defendant's remaining arguments – *i.e.*, that the investigation does not contain specific URLS, the number of website captures available, which of those captures were reviewed, and what products were referenced – are inconsequential. Plaintiff's 32 website captures, accounting for every month of two and a half years, provide "sufficient detail to put [Defendant] on notice to respond to

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

the alleged fraud." *Phillips*, 2024 U.S. Dist. LEXIS 72676, at \*13 (cleaned up). If Defendant wants to find the URLs associated with the specific dates in the table or the total number of captures available on the Wayback Machine, it can easily do so by visiting the archive at any time. Of course, Defendant does not need to do so because it has detailed records of every transaction placed on its Website and purported discounts available throughout the class period.

**B.      Plaintiff's Claims for Equitable and Injunctive Relief Are Properly Pled**

Defendant argues that Plaintiff's claims for equitable and injunctive relief must be dismissed for failure to plead an inadequate remedy at law or a real threat of future injury. MTD at 4–5. Both arguments fail.

### 1.      *Plaintiff Adequately Pleads an Inadequate Remedy at Law*

Defendant relies on *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020), for the proposition that Plaintiff must plead and prove an inadequate remedy at law before seeking equitable relief. But as courts in this District have explained, *Sonner's* requirement "makes the most sense at summary judgment, after a record has been developed," not at the pleading stage. *French v. Banana Republic LLC*, No. 3:24-cv-05216, 2024 WL 4682312, at \*2 (N.D. Cal. Nov. 4, 2024). At the pleading stage, "so long as the plaintiff can articulate a basis for why there may (depending on how the litigation develops) not be an adequate remedy at law, it should not matter whether that explanation is included in the complaint or the opposition brief." *Id.*

Plaintiff has done so here. The FAC alleges that "[l]egal remedies available to Plaintiff and Class are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief" and that "[d]amages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages." FAC ¶ 31. Courts throughout this District have found identical allegations sufficient to survive dismissal on the pleadings. *Ramirez v. S. Martinelli & Co.*, No. 25-cv-07569-NC, 2026 U.S. Dist. LEXIS 21591, at \*11-12 (N.D. Cal. Feb. 2, 2026); *see also Valiente v. Simpson Imps., Ltd.,*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024) (collecting cases).

### 2. *Plaintiff Has Standing to Seek Injunctive Relief*

Defendant argues next that Plaintiff lacks standing for injunctive relief because she is now aware of the alleged deception. MTD at 5. The Ninth Circuit rejected this exact argument in *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018). There, the court held that "a previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase." *Id.* at 969. As the Ninth Circuit explained, "[k]nowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future." *Id.* at 969–70. A consumer's "inability to rely on a representation made on a package, even if the consumer knows or believes the same representation was false in the past, is an ongoing injury that may justify an order barring the false advertising." *Id.* at 970; *see also Falcone v. Nestle USA, Inc.*, No. 24-7707, 2026 U.S. App. LEXIS 555, at *2-3 (9th Cir. Jan. 9, 2026) (reaffirming *Davidson* in a case where the plaintiff testified that she loved the products and would like to purchase a falsely advertised product in the future but stopped doing so because she did not trust the defendant's reporting on its sustainability practices) (emphasis added).

Here, as in *Davidson* and *Falcone*, Plaintiff alleges that Defendant's unlawful conduct is "continuing" and that "the unlawful and/or unfair business practices associated with the Products are still used by Defendant today." FAC ¶ 83. Plaintiff seeks an injunction "prohibiting Defendant from continuing to engage in the unlawful acts" alleged. *Id.* ¶ 66. Because Defendant's false pricing scheme is ongoing, Plaintiff faces a real and imminent threat of future injury because she is unable to rely, or verify, whether Defendant's sales are truthful (*i.e.*, whether the sale will in fact expire or whether it is perpetual).

### 3. *Plaintiff Adequately Pleads Damages for her Common Law Claims*

Defendant argues that Plaintiff's common law claims fail to plead damages. MTD at 9–10. Defendant misstates the facts and the law.

As a threshold matter, Defendant's contention regarding Plaintiff's damages allegation is procedurally premature. Rule 9(b) mandates that "a party must state with particularity the *circumstances* constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). Rule 9(b), however, does not apply to every element of a claim. *See e.g.*, *ESG Capital Partners v. Venable LLP*, 828 F.3d 1023 (9th Cir. 2016) ("Rule 9(b) requires particularity only in regard to the circumstances of fraud, while malice, intent, knowledge, and other conditions of a person's mind may be pled generally.") (cleaned up). As with scienter, damages are a substantive element of the claim – not merely the circumstances of fraud. Calculating damages is a fact-intensive inquiry to be decided by a jury, not at the outset of the case based on the pleadings.

Regardless, Plaintiff has adequately pled damages. The FAC alleges that Plaintiff "paid a premium for the Products due to Defendant's false discount representations, time-pressure tactics, and misleading sales practices." FAC ¶¶ 6, 58. This price premium represents "the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received." Cal. Civ. Code § 3343(a).

Defendant's reliance on *Evans v. Sleep Number Corporation*, an unpublished report and recommendation that has not been adopted, does not change this result. 2025 U.S. Dist. LEXIS 69807, at *26-27 (E.D. Cal. Apr. 11, 2025). In *Evans*, the court held that the plaintiff failed to allege that "the price she actually paid for the mattress deviated from the market value." *Id.* The court, however, did not analyze a price-premium measure of damages. Furthermore, the *Evans* court misapplied the law—the proper measure of "damages for fraud and negligent misrepresentation are calculated as the difference between what the consumer paid for the product and what the product's market value would have been *but for the misrepresentation.*" *Mier v. CVS Health,* No. 22-55665, 2023 U.S. App. LEXIS 19472, at *2-3 (9th Cir. July 28, 2023) (emphasis added). That makes sense. For instance, if a consumer is fraudulently induced to purchase a smartphone with a new AI feature, which, unbeknownst to the public, is defective and worthless, that consumer would be entitled to the premium charged for that new feature—not the market value of the phone before the defect was discovered.

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff's allegation that she paid a price premium for the Products is sufficient at this stage of the proceedings. *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 866 (9th Cir. 2025) ("California law does not prescribe any specific means of measuring a price premium for purposes of actual damages or restitution.").

**C.    The Contract and Warranty Claims Are Not Barred for Lack of Notice.**

Defendant argues that Plaintiff's contract and warranty claims should be dismissed because Plaintiff's pre-suit notice letter was insufficient. Each contention is false.

*First*, Defendant contends that the letter "did no more than generically reference violations of the CRLA and contained no facts pertaining to or threats of claims for breach of contract or warranty." MTD at 11. Not so. Plaintiff's letter specifically requested that Defendant take "corrective action" for "breach of contract" and "breach of express warranty." Exhibit A. Plaintiff's letter also provided Defendant with the name of the at-issue Products, Plaintiff's date of purchase, and the deceptive conduct underlying Plaintiff's claims (*i.e.*, "Your '76% Off' discount was always available and thus false and misleading."). *Id.*

*Second*, as Defendant concedes, the letter was delivered before Plaintiff initiated the lawsuit on November 12, 2025, and over 3 months before the FAC was filed on February 12, 2026. Defendant provides no authority to support its contention that providing presuit notice a week before filing a lawsuit is inadequate; even less so given that it was provided 3 months before an amended complaint.

Finally, Defendant contends in a footnote that it did not receive the notice via certified mail at its corporate offices. MTD at n. 2. That, again, is incorrect. Plaintiff did in fact send the letter via certified mail return receipt requested to Defendant's California corporate address. Exhibit B. In addition to raising factual disputes that cannot be resolved on the pleadings, Defendant's contentions are also wrong.

**D. The Economic Loss Doctrine Does Not Bar Plaintiff's Negligent Misrepresentation Claim.**

Defendant's final argument—that the economic loss doctrine bars Plaintiff's negligent misrepresentation claims—also lacks merit. MTD at 11–12. Under California law, "negligent misrepresentation is classified as a species of fraud … for which economic loss is recoverable." *Kalitta Air, L.L.C. v. Cent. Texas Airborne Sys., Inc.*, 315 F. App'x 603, 607 (9th Cir. 2008); *see also Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979 (2004) (economic loss rule does not bar claims for intentional fraud and misrepresentation).

Numerous courts in this District, including this Court, have followed this principle in false discount cases. *Phillips*, 2024 U.S. Dist. LEXIS 72676, at *21 ("This Court agrees with the majority view. Here, the allegation is that Brooklyn Bedding made false pricing representations that induced a purchase. The duty to avoid negligently misrepresenting information that will be relied upon by another is a subspecies of fraud. Accordingly, the economic loss rule does not apply.") (Lin, J.); *Hong*, 2025 U.S. Dist. LEXIS 187241, at *23-24.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety.

Dated: March 12, 2026　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　By:　 */s/ Adrian Gucovschi*

　　　　　　　　　　　　　　　　　　Adrian Gucovschi (SBN 360988)
　　　　　　　　　　　　　　　　　　**GUCOVSCHI LAW FIRM, PLLC.**
　　　　　　　　　　　　　　　　　　Adrian Gucovschi (SBN 360988)
　　　　　　　　　　　　　　　　　　140 Broadway, Fl. 46
　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　Telephone: (212) 884-4230
　　　　　　　　　　　　　　　　　　Facsimile: (212) 884-4230
　　　　　　　　　　　　　　　　　　E-Mail: adrian@gucovschilaw.com

**-and-**

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Attorneys for Plaintiff*

OPPOSITION TO DEFENDANT'S MOTION TO DISMISS