Diyari Vazquez (SBN 222461)
  dvazquez@vgcllp.com
Melissa N. Eubanks (SBN 274491)
  meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated, <br><br>       Plaintiff, <br><br>   v. <br><br> GUTHY-RENKER, LLC, <br><br>       Defendant. | Case No.  3:25-cv-09998-RFL <br><br> **CLASS ACTION** <br><br> **GUTHY-RENKER, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Hearing Date: May 5, 2026 <br> Time: 10:00 a.m. <br> Location: Courtroom 15 – 18th Floor <br><br> Complaint Filed: November 20, 2025 <br> FAC Filed: February 12, 2026 |

REPLY IN SUPPORT OF MOTION TO DISMISS

## I.    INTRODUCTION

Plaintiff Victoria Joyce's First Amended Complaint ("FAC") is riddled with the kind of conclusory, vague, and internally inconsistent allegations that the Federal Rules of Civil Procedure and long-established precedent have consistently rejected as insufficient to state a claim for relief. Despite having already amended her complaint once, Plaintiff has failed to cure the fundamental pleading deficiencies that infected her original filing—and her Opposition does nothing to rehabilitate them.

Plaintiff's equitable claims for restitution under California's False Advertising Law ("FAL") and Unfair Competition Law ("UCL") fail at the threshold because she has not pled a single well-supported fact establishing that monetary damages would be inadequate to make her whole. Her allegations amount to little more than boilerplate legal conclusions that courts in this District and throughout the Ninth Circuit have routinely rejected. Similarly, her claim for injunctive relief under the California Consumer Legal Remedies Act ("CLRA") is unsupported by any allegation that she intends to purchase Defendant Guthy-Renker's products in the future or that she is deterred from doing so by an inability to trust the company's representations—the very showing required to establish standing for prospective injunctive relief.

Plaintiff's fraud-based claims fare no better. The FAC conspicuously omits any express allegation that Plaintiff viewed the advertisements depicted therein, let alone that those advertisements are the ones she actually relied upon in making her purchase. This omission is not trivial—it is fatal under the particularity requirements of Rule 9(b), especially given Plaintiff's own prior admission that she purchased the Products[1] through Instagram, not the Website. Compounding this deficiency, the pre-suit investigation Plaintiff touts as support for her fraud allegations is inconsistent with the very products and prices at issue, and her common law fraud claims are unaccompanied by well-pled facts establishing cognizable damages.

Finally, the record before the Court makes clear, as a matter of law, that Plaintiff's pre-suit notice was woefully inadequate to support her breach of contract and warranty claims, and that the economic loss doctrine—as definitively settled by the California Supreme Court in *Rattagan v. Uber Technologies, Inc.*, 17 Cal. 5th 1 (2024)—bars her negligent misrepresentation claim entirely.

For all these reasons, the Court should grant Guthy-Renker's Motion and dismiss Plaintiff's FAC

---

[1] Capitalized terms not defined herein have the same meaning as set forth in Guthy-Renker's Motion.

in its entirety.

## II.    ARGUMENT

### A. <u>Conclusory Allegations of an Inadequate Remedy at Law are Not Sufficient to Confer Equitable Jurisdiction upon the Court.</u>

Under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), a plaintiff must plead facts—not mere conclusions—to support any claim for relief. *Iqbal*, 556 U.S. at 678; *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Harris v. U.S. Dep't of Just.*, 2025 WL 3473766, at *1 (N.D. Cal. Dec. 3, 2025) ("Conclusory allegations of law and unwarranted inferences, however, are insufficient to defeat a motion to dismiss for failure to state a claim.") (quotations omitted). This standard applies equally to allegations of an inadequate remedy at law. *Broomes v. FullBeauty Brands Operations, LLC*, 2025 WL 829589, at *3 (N.D. Cal. Jan. 31, 2025) (conclusory allegations about differences in legal and equitable claims are insufficient); *Garcia v. Signet Jewelers Ltd.*, 2026 WL 76310, at *2 (C.D. Cal. Jan. 5, 2026) (rejecting plaintiff's allegations as "merely legal conclusions disguised as facts" and "not enough" to show lack of an adequate legal remedy).

#### 1. *The Restitution Claims under the FAL and UCL Must be Dismissed for Failure to Allege Well-Pled Facts Supporting that Monetary Damages are Inadequate.*

By her own admission, Plaintiff's FAC contains no well-pled facts to plausibly support that she lacks an adequate remedy at law to support her claims for restitution under the FAL and UCL. In her Opposition, Plaintiff points only to the following allegations: "[l]egal remedies available to Plaintiff and Class are inadequate because they are not equally prompt, certain, and in other ways efficient as equitable relief" and "[d]amages are not equally certain as restitution because the standard that governs restitution is different than the standard that governs damages." Opp. at 11:20-23 (citing FAC ¶ 31). These allegations are not facts—they are conclusions that have frequently been rejected as sufficient to confer equitable jurisdiction upon a district court. *See, e.g., Broomes,* 2025 WL 829589, at *3 (allegation that "the standard, showing, and necessary elements" differ between the claims asserted was conclusory and insufficient where "the Complaint fails to explain what those differences are or why they render a legal remedy unavailable"); *Phillips v. Brooklyn Bedding LLC,* 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024) (Lin, J.) (allegations that plaintiff "has no adequate remedy at law because his legal claims have different

elements that are harder to prove" were insufficient because, "[u]nder *Sonner* and *Guzman*, the failure to pursue, or to successfully pursue, an adequate remedy at law does not make that remedy inadequate") (quotations omitted); *id.* (also rejecting allegation that plaintiff's "legal remedy is not as prompt or efficient" because issues causing delays in jury trials "are generally applicable to all jury trials, so if such allegations were enough …, *Sonner* and *Guzman's* rule would be practically nullified"); *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022) ("Simply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more 'certain, prompt, or efficient' than the available legal remedies."); *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022) ("arguments that equitable claims provide greater remedy and are easier to prove does not make [the] claims proper").

The critical facts that must be alleged are facts from which there is a plausible basis to conclude that "the same amount of money for the exact same harm is inadequate or incomplete." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020); *see also In re Apple Processor Litig.*, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (affirming dismissal of equitable claims where plaintiffs failed to explain "how the money they seek through restitution is any different than the money they seek as damages"). As this Court explained in *Phillips,* the Ninth Circuit's decisions in *Sonner* and *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308 (9th Cir. 2022), teach that such allegations must be pled in the operative complaint. 2024 WL 2830663, at *1. As in *Phillips,* Plaintiff's FAC fails to plead any facts from which this Court could plausibly conclude that monetary damages (which are sought through Plaintiff's CLRA and common law fraud and contract claims) would be inadequate to make Plaintiff whole. *See also Castillo v. Walmart, Inc.,* 2025 WL 1828465, at *7 (N.D. Cal. July 1, 2025) (dismissing restitution claims where "the amount that Plaintiff seeks in equitable restitution is the same as is requested in economic damages for past harm by way of her … purchases of Defendant's products" and "[s]he does not show that such a legal remedy would somehow be "inadequate or incomplete" in making her whole").

In this regard, Plaintiff's complaint is distinguishable from those in the cases cited in Plaintiff's Opposition. In *Ramirez v. S. Martinelli & Co.,* 2026 WL 272621, at *4 (N.D. Cal. Feb. 2, 2026), the plaintiffs "allege[d] that they may lack a remedy, and equitable relief could be appropriate, if damages resulting from their purchases of the products are determined to be less than the premium price of the

REPLY IN SUPPORT OF MOTION TO DISMISS

products." Similarly, in *Valiente v. Simpson Imps., Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024), the plaintiff "allege[d] that she 'may lack an adequate remedy at law' if the amount of damages recoverable is less than the price premium she paid for Simpson's tomatoes." No such allegations are pled in the FAC. Accordingly, even under the precedent cited by Plaintiff, her FAC fails to sufficiently plead an inadequate remedy at law to support her claims for restitution under the FAL and UCL. As restitution is the only remedy sought by these claims, Plaintiff's FAL and UCL claims must be dismissed.

### 2. Plaintiff Fails to Allege Well-Pled Facts Supporting a Threat of Future Injury, thus she Has Not Established Standing for her Injunctive Relief Claim Under the CLRA.

Plaintiff's claim for injunctive relief under her CLRA suffers similar inadequacies. While it is true that a plaintiff may establish standing for injunctive relief despite knowledge of a defendant's allegedly false advertising practices (*see Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 970 (9th Cir. 2018)), the facts establishing such standing are not pled here. To adequately plead standing for injunctive relief in a false advertising case, a plaintiff must allege facts which demonstrate an intent or desire to continue to purchase the defendant's products or services but that the plaintiff will be unable to do so due to an inability to trust and rely upon the defendant's marketing practices. *Id.* at 971; *see also Falcone v. Nestle USA, Inc.*, 2026 U.S. App. LEXIS 555, at *2-3 (9th Cir. Jan. 9, 2026) (standing for injunctive relief established where the plaintiff testified that she loved the products and would like to purchase a falsely advertised product in the future but stopped doing so because she did not trust the defendant's reporting on its sustainability practices); *Phillips*, 2024 WL 2830663, at *2 (plaintiff adequately pled standing for injunctive relief where he "allege[d] that absent an injunction, he 'is unable to rely on [Brooklyn Bedding's] advertising in the future, and so cannot purchase Products he would like to purchase'").

In *Davidson*, for example, the court focused on the following allegations from the complaint in holding that the plaintiff had adequately pled standing for injunctive relief: that plaintiff "continues to desire to purchase wipes that are suitable for disposal in a household toilet"; "would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible"; "regularly visits stores ... where [Kimberly–Clark's] 'flushable' wipes are sold"; and is continually presented with Kimberly–Clark's flushable wipes packaging but has "no way of determining whether the representation 'flushable' is in fact true. 889 F.3d at 971. The court held that these allegations established standing because plaintiff

REPLY IN SUPPORT OF MOTION TO DISMISS

plausibly alleged: (a) "that she desires to purchase Kimberly–Clark's flushable wipe … based on her belief that it would be easier and more sanitary to flush the wipes than to dispose of them in the garbage'"; (b) a concrete and particularized injury by alleging "that she would purchase truly flushable wipes manufactured by Kimberly–Clark if it were possible"; and (c) threat of repeated injury by alleged that "despite now knowing that the 'flushable' labeling was false at the time of purchase, '[s]hould [Davidson] encounter the denomination ['flushable'] on a [Kimberly–Clark wipes package] at the grocery store today, [she] could not rely on that representation with any confidence'". (*Id.*)

Plaintiff's FAC admittedly contains no similar allegations. In her Opposition, Plaintiff points only to allegations that Guthy-Renker's alleged conduct is continuing as supporting her claim for injunctive relief. Opp. at 12:16-18. Plaintiff does not point to any allegations, nor otherwise contends, that she has patronized Guthy-Renker in a manner from which it could reasonably be inferred that she would purchase it products in the future or that she in fact intends to purchase its products in the future. Nor does Plaintiff allege that she is prevented from purchasing from Guthy-Renker due to a distrust or inability to rely upon Guthy-Renker's marketing. As pled, the FAC contains no allegations supporting that Plaintiff has standing to pursue injunctive relief under the CLRA, and thus the claim for injunctive relief should be dismissed.

**B.  Critical Omissions and Inconsistencies in Plaintiff's Pleadings Make Clear that the What, Where, and Why of Her Fraud Claims Cannon Withstand Rule 9(b) Scrutiny.**

Rule 9(b) requires a plaintiff to "allege with specificity what products they purchased, on what statements they relied in making those purchases, and why those statements were false or misleading." *Haley v. Macy's, Inc.*, 263 F. Supp. 3d 819, 824 (N.D. Cal. 2017). Plaintiff's FAC critically fails to concretely specify the what, the where, and the why of her fraud claims.

**What and Where.** Plaintiff tellingly never alleges that she viewed the advertisements depicted in her FAC taken from Guthy-Renker's Website, or that those advertisements are the ones she actually saw and relied upon in making her purchase. While she alleges she purchased the Products on the Website, where she purchased says nothing about where she saw the allegedly false advertisements. Her original complaint admitted that she made her purchase via Instagram—where Guthy-Renker's advertising does not necessarily parrot its Website marketing. Plaintiff's only hedge is that the FAC's advertisements are "virtually identical" in "design and layout" (FAC ¶ 4) to what she saw—but "virtually identical" is not

"identical," and "design and layout" says nothing about the statements or representations made in the advertisements she actually saw. This falls short of Rule 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (dismissing claims where complaint did not "specify what the television advertisements or other sales material specifically stated," "when [plaintiff] was exposed to them or which ones he found material," or "which sales material he relied upon in making his decision to buy a ... vehicle"); *Moody v. Hot Topic, Inc.*, 2023 WL 9511159, **8, 10 (C.D. Cal. Nov. 15, 2023) (dismissing claims under Rule 9(b) where the pleading did "not connect [general allegations as to the nature and locations of the advertisements] to Plaintiffs' purchasing experience: it does not state whether Plaintiffs saw those discount promotions during their purchases, when Plaintiffs viewed those promotions, and which of those various promotions … Plaintiffs found material and relied upon"); *Baltazar v. Apple, Inc.,* 2011 WL 588209, at *2 (N.D. Cal. Feb. 10, 2011) (granting motion to dismiss for plaintiffs' failure to "[a]t the least, … identify the particular commercial or advertisement upon which they relied and [to] describe with the requisite specificity the content of that particular commercial or advertisement").

**Why.** As a preliminary matter, Plaintiff's contention that she need not plead any allegations regarding her pre-suit investigation is incorrect. "Beyond notifying a defendant of the particular misconduct alleged, Rule 9(b) also intends to ensure that the Court can be satisfied that Plaintiff has met his burden to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud <u>is responsible and supported</u>, rather than defamatory and extortionate." *Ryan v. Starco Brands, Inc.*, 2024 WL 5102651, at *5 (N.D. Cal. Apr. 19, 2024) (quotations omitted; cleaned up); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1104 (9th Cir. 2003) (Rule 9(b) protects defendants' reputations). Thus, where a plaintiff alleges fraud, they must allege with specificity *why* they reached that conclusion.

The allegations pled regarding Plaintiff's pre-suit investigation fail this standard. Indeed, the table created regarding the investigation conducted by Plaintiff's counsel on the Wayback Machine contains no indication that the advertisements itemized on the table each pertain to **both** Products at issue, and the table itself does not support that conclusion. While the entries dated from June 11 through September 11, 2025, all purportedly claim a 76% savings, a strikethrough price of $245.50, and a sale price of $59.95, which ostensibly aligns with the advertisements depicted in the FAC for Product I, the entries before June 11, 2025, are different. The pre-June 11, 2025 advertisements purportedly claim a savings of 25%, a

REPLY IN SUPPORT OF MOTION TO DISMISS

strikethrough price of $79.95, and a sale price of $59.95. These advertisements thus do not clearly pertain to the Products at issue. Moreover, none of the listed sales prices on the table ($59.95) match the price that Plaintiff paid for both Products ($79.95); thus, the table does not support that a pre-suit investigation was conducted for both Product I and Product II. These inconsistencies undermine, rather than support, Plaintiff's fraud allegations. The Court need not accept inferences drawn from allegations that lead to "unwarranted deductions of fact[] or unreasonable inferences." *Sprewell*, 266 F.3d at 988.

Given that table regarding the pre-suit investigation and Plaintiff's FAC lack any non-conclusory, factual allegations that all the advertisements listed on the table are for ***both*** Products, and the information provided does not align with the specifics of Plaintiff's actual purchase or even the advertisements depicted in the FAC, the only reasonable inference to draw is that the advertisements listed on the table are neither for both Products nor reflect the same advertisements that form the basis for Plaintiff's claims. Plaintiff's Opposition does nothing to rebut that conclusion and only resorts back to the FAC's inconsistent, vague, and conclusory allegations. Accordingly, the Court should find that Plaintiff has not sufficiently pled the "how" of her fraud claims and dismiss the claims under Rule 9(b). *See Nguyen v. Lovesac Co.*, 2025 WL 950511, at *5 (E.D. Cal. Mar. 28, 2025) (holding that the plaintiff's allegations regarding its pre-suit investigation failed to satisfy Rule 9(b) where the plaintiff did not specify "what products were tracked, what the prices were on specific dates, whether any individual item prices were identified or tracked, whether the investigation included the specific 'Sactional' items Plaintiff purchased, or any other meaningful details about the investigation"); *Seegert v. Luxottica Retail N. Am., Inc.,* 2018 WL 3472561, *3 (S.D. Cal. July 19, 2018), (describing that Rule 9(b) "requires a plaintiff to conduct a pre-complaint investigation 'in sufficient depth to assure that the charge of fraud is responsible and supported'") (*quoting Ackerman v. Nw. Mut. Life Ins. Co.,* 172 F.3d 467, 469 (7th Cir. 1999)).

**C. <u>Rule 9(b) Requires that Plaintiff Plead Her Common Law Fraud Damages With Specificity, which She Failed to Do.</u>**

Contrary to Plaintiff's contention, Rule 9(b) does require a plaintiff alleging fraud to plead their alleged damages with specificity. *Qbex Computadoras S.A. v. Intel Corp.,* 2017 WL 5525939, at *6 (N.D. Cal. Nov. 17, 2017) (applying Rule 9(b) when evaluating whether plaintiff's fraud-based damages were adequately pled); *Wayne Merritt Motor Co. v. New Hampshire Ins. Co.,* 2011 WL 5025142, at *12 (N.D.

Cal. Oct. 21, 2011) ("reliance and damages elements of Plaintiffs' [fraud] claims must be pled with particularity"); *Gonzalez v. Ameriquest Mortg. Co.,* 2004 WL 2472249, at *7 (N.D. Cal. Mar. 1, 2004) ("Fraud damages must be pled with sufficient particularity.") (citing Fed.R.Civ.P. 9(b)); *c.f. Crago v. Charles Schwab & Co.,* 2017 WL 2540577, at *6 (N.D. Cal. June 12, 2017) ("plaintiffs must plead economic loss with *particularity"* for securities fraud claim under Rule 10b-5). Plaintiff's reliance on *ESG Capital Partners v. Venable LLP*, 828 F.3d 1023 (9th Cir. 2016), is misplaced—as that case squarely addresses pleading of state of mind and not damages.

Plaintiff's attempt to frame her damages theory as a "price premium" also fails. The "price premium" theory is the standard measure under the CLRA, FAL, and UCL, *Noohi v. Johnson & Johnson Consumer Inc.*, 146 F.4th 854, 865 (9th Cir. 2025), but not for common law fraud under California law. Plaintiff's own cited authority, *Mier v. CVS Health*, 2023 WL 4837851, at *1 (9th Cir. July 28, 2023), confirms that fraud damages are measured by the out-of-pocket rule under California Civil Code § 3343. As the *Mier* court explained, "[d]amages for fraud and negligent misrepresentation are calculated as the difference between what the consumer paid for the product and what the product's market value would have been but for the misrepresentation." This is the out-of-pocket measure of damages under California Civil Code § 3343, and the same measure of damages that the court applied in *Evans v. Sleep Number Corp.*, 2025 WL 1093332, at *9 (E.D. Cal. Apr. 11, 2025), when determining that the plaintiff in that case had not adequately pled damages. *Id.* ("The out-of-pocket measure of damages 'is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received.'") (quoting *Fladeboe v. American Isuzu Motors Inc.,* 150 Cal. App. 4th 42, 66 (2007)).

Accordingly, the analysis applied in *Evans* is instructive for evaluating whether common law fraud damages are adequately pled in an consumer false advertising case, and teaches that plaintiffs seeking damages for common law fraud in such cases must allege sufficient facts to demonstrate that what the price the plaintiff paid for the product is more than what the product's market value would be but for the misrepresentation. Plaintiff has not done that here. Her FAC contains no facts to support that the true market value of the Products is in fact less than what Plaintiff paid for the Product. Her common law fraud damages thus are not-well pled and her common law fraud claims should be dismissed under Rule 9(b).

REPLY IN SUPPORT OF MOTION TO DISMISS

**D. <u>There is No Question of Fact as to Whether Plaintiff Provided Adequate Pre-Suit Notice for her Breach of Contract and Warranty Claims—She Patently Did Not.</u>**

The exhibits to Plaintiff's Opposition establish that her pre-suit notice (which Guthy-Renker continues to contest was received but assumes it was for purposes of this Motion) was not delivered until November 17, 2025 (*see* Pla. Opp., Ex. B)—just three days before Plaintiff filed her original complaint on November 20, 2025 (Dkt. No. 1). Three days' notice is insufficient as a matter of law.

For purposes of determining whether a pre-suit notice was adequate, the date of delivery controls. *See Tempest v. Safeway, Inc.,* 2025 WL 3171581, at *7 (N.D. Cal. Nov. 13, 2025) (pre-suit notice was inadequate where defendant did not receive the notice until September 26, 2024, over a week after the lawsuit was filed, even though plaintiff had sent the notice on September 17, 2024, before filing). Courts have consistently held that notice of just a few days does not satisfy the pre-suit notice requirement. *See, e.g., Evans v. DSW, Inc.*, 2017 WL 7058232, at *4-5 (C.D. Cal. Sept. 14, 2017) (four days' notice failed to meet the pre-suit notice requirement); *In re Iphone 4S Consumer Litig.,* 2014 WL 589388, at *8 (N.D. Cal. Feb. 14, 2014), *aff'd sub nom. In re iPhone 4s Consumer Litig.,* 637 F. App'x 414 (9th Cir. 2016) (same); *see also Stephens v. Target Corp.,* 694 F. Supp. 3d 1136, 1147 (D. Minn. 2023) (applying California law) ("[T]he Court holds that two days is not enough time for a large corporation like Target to process a refund in response to a pre-litigation demand letter sent to the general counsel's office.").[2]

Plaintiff presents no cogent explanation as to why the Court should not reach the same conclusion here. To start, Plaintiff's contention that notice before the filing of an amended complaint is sufficient is contrary to the law. *Alvarez v. Chevron Corp.,* 656 F.3d 925, 932 (9th Cir.2011) (notice must be pre-suit); *Donohue v. Apple, Inc.,* 871 F. Supp. 2d 913, 929 (N.D. Cal. 2012) (notice after filing but before amending complaint is insufficient). Further, any contention that three days' notice is sufficient disregards the important policy reasons underlying the pre-suit notice requirement of California Commercial Code § 2607(3)(A), which "is to allow the breaching party to cure the breach and thereby avoid the necessity of

---

[2] While adequate service generally is a question of fact, "whether notice has properly been given may be determined as a matter of law if, in light of the circumstances of the case, 'but one inference can be drawn from undisputed facts.'" *S. California Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.,* 2012 WL 4364144, at *2 (S.D. Cal. Sept. 21, 2012), *aff'd,* 554 F. App'x 656 (9th Cir. 2014) (*quoting Cardinal Health 301, Inc. v. Tyco Elecs. Corp.,* 169 Cal.App.4th 116, 136 (2008)).

REPLY IN SUPPORT OF MOTION TO DISMISS

litigating the matter in court." *Alvarez,* 656 F.3d at 932. This purpose would be undermined and only invite gamesmanship if a plaintiff could send notice to the general mailbox of a large company just days before filing suit, as doing such would effectively eliminate the company's ability to meaningfully review the claim and offer a repair or negotiate a settlement. *C.f. Donohue,* 871 F.Supp.2d at 929–30.

Accordingly, the Court should find that Plaintiff's claims for breach of contract and breach of warranty fail as a matter of law and must be dismissed with prejudice for failure to satisfy the pre-suit notice requirement of California Commercial Code § 2607(3)(A).

### E.  The Economic Loss Doctrine Bars the Negligent Misrepresentation Claims.

In *Rattagan v. Uber Techs., Inc.,* 17 Cal. 5th 1, 38 (2024), the California Supreme Court confirmed that the economic loss doctrine "applies to bar tort recovery for negligently inflicted economic losses unaccompanied by physical or property damage[.]" The cases cited by Plaintiff, all decided before *Rattagan*, thus have limited precedential value. Since Plaintiff's negligent misrepresentation claim alleges no physical injury or property damage—only unmet economic expectations from the alleged transaction— it is barred and must be dismissed. *Dobest Semiconductor Tech. (Suzhou) Co. v. Cap. Asset Exch. & Trading, LLC,* 2025 WL 3254933, at *5 (N.D. Cal. Apr. 25, 2025) (dismissing negligent misrepresentation claim under *Rattagan* where plaintiff did not allege any physical injury or property damage); *Obillo v. i-Health Inc.,* 2025 WL 844389, at *9 (N.D. Cal. Mar. 18, 2025) (same).

## III.    CONCLUSION

For the reasons stated herein and in the Motion, Guthy-Renker respectfully requests that the Court grant it Motion and dismiss Plaintiff's FAC in its entirety for failure to state a claim under Rule 12(b)(6).

Dated:  March 19, 2026                                    **VGC, LLP**

By:  _____
                                                                     Diyari Vázquez
                                                                     Melissa Eubanks
                                                                     *Attorneys for Defendant*
                                                                     GUTHY-RENKER, LLC

10
REPLY IN SUPPORT OF MOTION TO DISMISS