UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| VICTORIA JOYCE, <br><br> Plaintiff, <br><br> v. <br><br> GUTHY-RENKER, LLC., <br><br> Defendant. | Case No.  25-cv-09998-RFL <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** <br><br> Re: Dkt. No. 21 |

Plaintiff Victoria Joyce brings this action on behalf of a putative class against Defendant Guthy-Renker, LLC.  Joyce alleges that Guthy-Renker engages in a deceptive discount pricing scheme on its website, www.subd.com, by listing false strikethrough prices and fake "limited-time" sales.  The First Amended Complaint asserts claims for (I) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500–501.; (II) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (III) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (IV) negligent misrepresentation; (V) intentional misrepresentation; (VI) breach of contract; and (VII) breach of express warranty.  (Dkt. No. 19 ("FAC").)  Guthy-Renker moves to dismiss the FAC. (Dkt. No. 21 ("Motion").)  For the reasons explained below, the Motion is **GRANTED IN PART AND DENIED IN PART**.  This Order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Rule 9(b)***.  Joyce does not contest that all of her claims sound in fraud.[1]  Claims sounding

---

[1] Even where "fraud is not a necessary element of a claim," the claim sounds in fraud where plaintiff alleges "a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of a claim."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir.

in fraud must comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a complaint "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Guthy-Renker argues that each of the claims in the FAC is insufficiently pled under Rule 9(b) because: (1) Joyce does not specifically identify the advertisements she relied on in making her purchase, (2) falsity is not adequately alleged because the pre-suit investigation allegations are conclusory, and (3) with respect to Joyce's common law fraud claims, damages are inadequately pled.

*Reliance*. The FAC adequately pleads reliance on specific alleged false statements to satisfy Rule 9(b). Joyce alleges that on or around June 10, 2025, she purchased a "Neck & Face Firming Kit" ("Kit") and a "Cold Plasma Sub-D+" ("Plasma") for $59.95 and $20.00 respectively—combined at checkout into a single line item totaling $79.95—after clicking through various webpages on the subd.com website. (FAC ¶ 4 ("[t]he webpage that Plaintiff saw and relied on is depicted below"); *see also* ¶¶ 19–22 (screenshots from the website "subd.com").) Joyce alleges that she "saw and relied on Defendant's $245.50 strikethrough price and the '76% OFF' discount" and acted on a supposed limited-time deal for Plasma presented to her on the checkout page of subd.com before making her purchase. (*Id.* ¶ 4.) Joyce alleges that the offers she viewed when making her purchase were "virtually identical" to the screenshots contained in the FAC. (*Id.* at 6 n.1.)[2]

Guthy-Renker points to an allegation in the initial complaint that Joyce made her purchase from Guthy-Renker's "Website via Instagram" (Dkt. No. 1 ¶ 10), and argues that Joyce relied on Instagram advertisements but fails to provide any allegations about those advertisements in the FAC. (Motion at 16.) However, the fact that Joyce may have been directed to subd.com via an advertisement on Instagram does not preclude her from having also

---

2003). It is not clear whether Joyce's breach of contract and breach of warranty claims rely entirely on the alleged fraudulent conduct. However, Joyce does not dispute that Rule 9(b) applies to all her claims, except for her common law damages allegations. Therefore, the Court assumes for purposes of this Order that each of the claims sound in fraud.

[2] Citations to page numbers refer to ECF pagination.

2

viewed and relied on the representations on subd.com in making her purchase.  The allegations in the FAC are sufficiently specific with respect to the alleged misrepresentations on subd.com, and are not undermined by the allegations in the initial complaint.  Reliance is adequately pled.

*Falsity*.  The pre-suit investigation allegations are sufficient to plead falsity under Rule 9(b) with respect to some, but not all, of the alleged misrepresentations.  The FAC alleges that "counsel performed an investigation of Defendant's advertising practices using the Internet Archive's Wayback Machine. That investigation confirms Defendant's perpetual sales *in the same layout and design* as the sample pictures above."  (FAC ¶ 26 (emphasis added).)  The FAC contains a table listing the dates that counsel allegedly reviewed, spanning January 2023 to September 2025, and indicates that on all but one date, the website contained a "SAVE __%," a strikethrough price, and a sale price within one cent of $59.95.  (FAC ¶¶ 19–22, 26.)  The alleged "sale price" listed in the table, read in combination with the "sample pictures" referenced, supports the inference that counsel reviewed historic advertised sales and pricing for the Kit. Therefore, the factual allegation that the Kit is never offered for sale on subd.com for more than approximately $59.95 is sufficient to allege falsity with respect to Guthy-Renker's various alleged representations that $59.95 represents a limited-time "sale" price for the Kit.  *See Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *4 (N.D. Cal. Mar. 28, 2024).

However, the FAC does not contain any factual basis for the conclusory statement that "Defendant's time-limited sale of the 'Cold Plasma Sub-D+' is false—the upgrade is always available and as soon as the countdown timer ends, it resets again."  (FAC ¶ 25.)  It cannot be plausibly inferred that counsel's pre-suit investigation encompassed the Plasma product, which is not explicitly or implicitly referenced in the FAC's table, and there are no other factual allegations supporting the inference that the Plasma offer was perpetual.  Therefore, falsity has not been alleged under the heightened pleading standard of Rule 9(b), nor do the existing allegations meet the plausibility standard under Federal Rule of Civil Procedure 8(a)(2). Because each of Joyce's claims are predicated on the falsity of the alleged "sale," the motion to

dismiss is granted as to all claims with respect to the alleged Plasma-related misstatements.

*Damages*.  The FAC adequately pleads a basis for damages for Joyce's common law fraud claims under Rule 9(b).[3]  California law generally limits a defrauded party to recovering out-of-pocket damages as provided in California Civil Code § 3343.  *Alliance Mortgage Co. v. Rothwell*, 900 P.2d 601, 609 (Cal. 1995).  Section 3343 allows recovery for the "actual value of that with which the defrauded person parted and the actual value of that which he received."  *Anderson v. Ford Motor Co.*, 290 Cal. Rptr. 3d 89, 99 (Ct. App. 2022).  Actual value means "market value."  *Id.*  Joyce alleges that she "paid a premium for the Products" due to the allegedly misleading sales practices.  (FAC ¶¶ 6, 28–29, 95, 105.)  A "price premium," is frequently measured as the "difference between the market value (purchase price) of the products (with the alleged mislabeling . . .) and the market value of the products (without the alleged mislabeling), at the time and point of sale."  *See*, *e.g.*, *McMorrow v. Mondelez Int'l, Inc.*, No. 17-cv-2327, 2021 WL 859137, at *3 (S.D. Cal. Mar. 8, 2021) (cleaned up); *Bailey v. Rite Aid Corp.*, 338 F.R.D. 390, 408 (N.D. Cal. 2021) (same).  Therefore, Joyce has plausibly alleged damages under a theory that is consistent with her common law fraud claims.  This is sufficient at the motion to dismiss stage.  There is no requirement that a plaintiff put forth an actual damages model for calculating price premium at the motion to dismiss stage, even under Rule 9(b).

*Pre-Suit Notice*.  The California Commercial Code requires a plaintiff to provide notice of a breach of warranty—and of a breach of contract premised on the same facts—"within a reasonable time after he or she discovers or should have discovered any breach . . . or be barred from any remedy."  Cal. Com. Code § 2607(3)(A); *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011).  The Ninth Circuit has interpreted Section 2607 to require pre-suit notice to fulfil the statutory purpose of allowing "the breaching party to cure the breach and thereby avoid the

---

[3] Where a claim sounds in fraud, Rule 9(b) applies to all elements of the claim, including "economic loss."  *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 605 (9th Cir. 2014); *see also Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009) (holding that where a plaintiff claims fraud, the "entire complaint must . . . be pleaded with particularity").

4

necessity of litigating the matter in court." *Alvarez*, 656 F.3d at 932 (citing *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 87 Cal. Rptr. 3d 5, 21–22 (Ct. App. 2008)).  In *Alvarez*, the Ninth Circuit affirmed dismissal of breach of contract and breach of warranty claims where the plaintiffs alleged that they had served their pre-suit notice simultaneously with the filing of the lawsuit. *Id.* at 932.  Applying *Alvarez*, courts have dismissed claims pursuant to Section 2607 where there is insufficient time between notice and the filing of the lawsuit to reasonably permit defendants to cure the breach at issue. *See In re Iphone 4S Consumer Litig.*, No. 12-cv-1127-CW, 2014 WL 589388, at *8 (N.D. Cal. Feb. 14, 2014) (four days between providing notice and filing suit "gave little or no opportunity for Apple to cure the alleged breach"), *aff'd on other grounds by* 637 F. App'x 414 (9th Cir. 2016); *Stephens v. Target Corp.,* 694 F. Supp. 3d 1136, 1147 (D. Minn. 2023) ("[T]he Court holds that two days is not enough time for a large corporation like Target to process a refund in response to a pre-litigation demand letter sent to the general counsel's office.").

In this case, Joyce alleges that she mailed a notice of the "breach[es]" to Guthy-Renker's California headquarters on Wednesday, November 12, 2025 (eight days pre-suit), and she introduces evidence that the notice was delivered via first class mail on Monday, November 17, 2025 at 6:10 p.m. (three days pre-suit).[4]  (*See* FAC ¶¶ 115, 123; Dkt. No. 22 at 23.)  As alleged, three days' notice was insufficient to give effect to the statutory purpose of allowing Guthy-Renker to cure the alleged breaches that Joyce complained of.  Three days does not plausibly provide Guthy-Renker's general counsel with enough time to analyze Joyce's legal demand, assess its strength, and then make the determination of what compensation, if any, to provide to Joyce.  While it is possible that in some circumstances three days' notice might be sufficient—such as where a company has already implemented a standardized refund procedure for the

---

[4] Although there has been no request for judicial notice, the Court takes judicial notice of the tracking information because the United States Postal Service website is a government website "so it is not subject to reasonable dispute and is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." *Tempest v. Safeway, Inc.*, No. 24-cv-06553-JSC, 2025 WL 3171581, at *7 n. 2 (N.D. Cal. Nov. 13, 2025).  For purposes of the Motion to Dismiss, Guthy-Renker does not contest the delivery date.  (Dkt. No. 23 at 10.)

product at issue—the FAC does not allege any such circumstances.  Finally, although Joyce

notes that Guthy-Renker received her notice three months before she filed her *amended*

complaint, that fact is irrelevant to the analysis of whether pre-suit notice is plausibly pled.  *See*

*Alvarez*, 656 F.3d at 932, 935 (affirming denial of leave to amend).

Joyce's breach of warranty and breach of contract claims are dismissed for failure to

plead pre-suit notice.  Dismissal is with leave to amend, so that Joyce may allege any additional

circumstances that might plausibly render the three-day notice period reasonable.  If Joyce

chooses not to amend her breach of warranty and breach of contract claims, dismissal will be

without prejudice to refiling a separate lawsuit that complies with Section 2607.

*Equitable Relief*.  Joyce seeks restitution as the remedy for her FAL and UCL claims,

and injunctive relief (in addition to damages) for her CLRA claim.  (FAC ¶¶ 59, 67, 86.)  To

seek equitable relief, Joyce must allege that she "lacks an adequate legal remedy."  *Phillips*, 2024

WL 2830663, at *1–2.  With respect to her request for restitution, Joyce points to the allegations

in the FAC that legal remedies are insufficient because "the standard that governs restitution is

different than the standard that governs damages" and legal remedies are "not equally prompt,

certain, and in other ways efficient."  (Dkt. No. 22 at 15 (citing FAC ¶ 31).)[5]  These allegations

are insufficient.  The FAC does not contain any "factual allegations" creating a "plausible basis

to conclude that the 'same amount of money for the exact same harm is inadequate or

incomplete.'"  *Phillips*, 2024 WL 2830663, at *1 (citing *Sonner v. Premier Nutrition Corp.*, 971

F.3d 834, 844 (9th Cir. 2020)).  And the mere fact that a legal claim is "harder to prove and

require[s] additional showings of proof" does not mean the legal remedy is inadequate.  *Id.* at *2.

Joyce's request for injunctive relief is also inadequately pled.  "A previously deceived

consumer may have standing to seek an injunction against false advertising or labeling, even

though the consumer now knows or suspects that the advertising was false at the time of the

---

[5] The FAC contains the conclusory statement that in restitution Joyce could recover "all profits from the wrongdoing," even exceeding the "legal rate of interest" on the original funds.  (FAC ¶ 31.)  The opposition, however, does not raise this basis for finding legal remedies inadequate, so the argument is waived.

original purchase." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018). However, such consumers must allege that they would purchase the product in the future, but cannot because they are unable to determine if the alleged misrepresentation has been cured. *Id.* at 970–71. The FAC does not contain any allegations indicating that Joyce would purchase the Kit and Plasma in the future, but is unable to do so because of the alleged misrepresentation.

*Economic Loss Doctrine*. Guthy-Renker argues that the negligent misrepresentation claim is barred by the economic loss doctrine. However, "[t]he duty to avoid negligently misrepresenting information that will be relied upon by another is a subspecies of fraud" that is not subject to the economic loss doctrine where, as here, the elements of the claim can be established independently of the contractual rights. *Phillips*, 2024 WL 2830663, at *7. The California Supreme Court's decision in *Rattagan v. Uber Techs., Inc.*, 553 P.3d 1213 (Cal. 2024), confirms this analysis. In declining to apply the economic loss doctrine to certain fraudulent concealment claims, the court held that "California public policy strongly supports imposing a tort duty on contractual parties to refrain from fraudulent deceit." *Id.* at 1241. "[T]he analysis focuses on whether the plaintiff can establish the elements of the cause of action independently of the parties' contractual rights and obligations." *Id.* In explaining its holding, the court cited with approval its prior precedent finding the economic loss doctrine inapplicable to "causes of action for negligent misrepresentation" based on affirmative misrepresentations outside of the contract itself. *See id.* at 1228–30; *see also Sheen v. Wells Fargo Bank, N.A.*, 505 P.3d 625, 647 (Cal. 2022) (dismissing a negligence claim because the lender had no independent duty outside the contract to process loan modification application with any standard of care, but preserving the ability to bring a "negligent misrepresentation claim"). Joyce's claim is not barred by the economic loss doctrine.

*Conclusion*. For the reasons explained above, the Motion to Dismiss (Dkt. No. 21) is **GRANTED IN PART** as to (1) all claims to the extent they relate to the Plasma alleged misrepresentations; (2) the breach of warranty and breach of contract claims for failure to allege adequate pre-suit notice, (3) the FAL and UCL claims, for failure to allege entitlement to

restitutionary relief; and (4) the CLRA claim to the extent it seeks injunctive relief.  The Motion is **DENIED** in all other respects.  If Joyce wishes to file an amended complaint correcting the deficiencies identified above, counsel shall do so by **May 20, 2026**.  The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies, absent leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

      **IT IS SO ORDERED.**

Dated: April 29, 2026

RITA F. LIN
United States District Judge