Melissa N. Eubanks (SBN 274491)
  meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GUTHY-RENKER, LLC, <br><br> Defendant. | Case No.  3:25-cv-09998-RFL <br><br> **CLASS ACTION** <br><br> **GUTHY-RENKER, LLC'S NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS; OR, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER FRCP 12(B)(6)** <br><br> Hearing Date: July 28, 2026 <br> Time: 10:00 a.m. <br> Location: Courtroom 15 – 18th Floor <br><br> Complaint Filed: November 20, 2025 <br> SAC Filed: May 20, 2026 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on July 28, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Rita F. Lin of the United States District Court for the Northern District of California, located at 450 Golden Gate Avenue, Courtroom 15 – 18th Floor, San Francisco, CA 94102, Defendant Guthy-Renker, LLC ("Guthy-Renker") will and hereby does move, pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, for an order compelling Plaintiff Victoria Joyce ("Plaintiff") to arbitrate her claims against Guthy-Renker on an individual basis, striking the class allegations under Federal Rule of Civil Procedure ("FRCP") 12(f), and staying the action pending the conclusion of arbitration. In the alternative, Guthy-Renker moves to dismiss Plaintiff's breach of contract and warranty claims, and prayers for restitution pled in the Second Amended Class Action Complaint ("SAC") under FRCP 12(b)(6).

Plaintiff's SAC builds her breach of contract and breach of warranty claims around extensive quotation from and reliance upon Guthy-Renker's Terms of Service ("TOS"), invoking those terms to establish an essential element of her claims and defeat dismissal. Having embraced the TOS as legally effective to support her claims, Plaintiff is equitably estopped from disavowing its express, mandatory arbitration and class-action waiver provisions. The arbitration agreement delegates all questions of arbitrability to the arbitrator, both expressly and by incorporation of the JAMS Comprehensive Arbitration Rules, and encompasses every claim Plaintiff asserts. Since all of Plaintiff's claims are subject to arbitration, the Court should compel this action to arbitration. Separately, the Court should find the class action waiver separately and distinctly enforceable and strike the class allegations from Plaintiff's SAC.

In the alternative, Plaintiff's breach of contract and warranty claims, along with her prayers for restitution, should be dismissed under Rule 12(b)(6). First, the breach of contract and breach of warranty claims again fail for inadequate pre-suit notice under California Commercial Code § 2607(3)(A). The statute affirmatively requires that a buyer "must . . . notify the seller of breach or be barred from any remedy." Plaintiff's new "futility" theory is not a recognized defense to that mandatory obligation, is contradicted by the TOS's Mandatory Pre-Dispute Procedures clause requiring sixty days of good-faith negotiation, and is foreclosed by Plaintiff's own admission that Guthy-Renker's refund process takes up to seven business days—longer than the three days Plaintiff allowed before filing her initial complaint.

i

Second, the prayers for restitution pled for the FAL and UCL claims should be dismissed because Plaintiff still fails to plead an inadequate remedy at law.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records in this action, and such further evidence and argument that may be presented at the hearing and that the Court may consider.

Dated: June 3, 2026

**VGC, LLP**

By: _____

Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC

ii

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................................1

II.    STATEMENT OF ISSUES TO BE DECIDED ...................................................................2

III.   RELEVANT BACKGROUND ...........................................................................................2

       A.   The Court's Prior Order...........................................................................................2

       B.   Plaintiff's Second Amended Complaint ................................................................3

       C.   The TOS's Arbitration, Class Action Waiver, and Dispute Resolution Provisions .......................4

IV.    THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS AND
       STRIKE THE CLASS ALLEGATIONS FROM PLAINTIFF'S SAC...........................5

       A.   Applicable Legal Standards.....................................................................................5

       B.   The FAA Governs the Arbitration Agreement .....................................................6

       C.   Plaintiff Is Equitably Estopped from Disavowing the Arbitration Clause .....................7

       D.   The Delegation Clause Commits All Arbitrability Questions to the Arbitrator...........................8

       E.   Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement .........................9

       F.   The Court Should Stay Plaintiff's Individual Claims and Strike the Class Claims .......................10

V.     ALTERNATIVELY, THE CONTRACT AND WARRANTY CLAIMS AND PRAYERS FOR
       RESTITUTION SHOULD BE DISMISSED UNDER RULE 12(B)(6)....................................11

       A.   Legal Standard...........................................................................................................11

       B.   The Contract and Warranty Claims Fail for Lack of Adequate Pre-Suit Notice.........................12

            1.   The Statute Imposes a Mandatory, Affirmative Notice Obligation and Recognizes No
                 Futility  Defense. ...........................................................................................12

            2.   The TOS's Mandatory Pre-Dispute Procedures Clause Independently Defeats the Futility
                 Theory...........................................................................................................13

            3.   Plaintiff's Pleading Shows Three Days Was Insufficient. ................................14

       C.   Plaintiff's Claims for Restitution under the FAL and UCL Should Be Dismissed.......................14

VI.    CONCLUSION ....................................................................................................................16

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

**TABLE OF AUTHORITIES**

**Cases**

*Alvarez v. Chevron Corp.*

    656 F.3d 925 (9th Cir. 2011) .................................................................................................8, 12

*Ashcroft v. Iqbal*

    556 U.S. 662 (2009) ...................................................................................................................11

*AT&T Mobility LLC v. Concepcion*

    563 U.S. 333 (2011) ..........................................................................................................5, 6, 11

*Barrett v. Optimum Nutrition, Inc.*

    2022 WL 18401338 (C.D. Cal. Dec. 13, 2022).......................................................................15

*Bell Atl. Corp. v. Twombly*

    550 U.S. 544 (2007) .............................................................................................................11, 12

*Brennan v. Opus Bank*

    796 F.3d 1125 (9th Cir. 2015) ....................................................................................................9

*Broomes v. FullBeauty Brands Operations, LLC*

    2025 WL 829589 (N.D. Cal. Jan. 31, 2025)............................................................................15

*C9 Ventures v. SVC-West, LP*

    202 Cal. App. 4th 1483 (2012)....................................................................................................7

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*

    169 Cal.App.4th 116 (2008)...........................................................................................2, 12,13

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*

    207 F.3d 1126 (9th Cir. 2000) ...............................................................................................5, 10

*Comedy Club, Inc. v. Improv W. Assocs.*

    553 F.3d 1277 (9th Cir. 2009) .....................................................................................................6

*Corr. USA v. Dawe*

    504 F. Supp. 2d 924 (E.D. Cal. 2007) .........................................................................................6

*Davidson v. Kimberly-Clark Corp.*

    889 F.3d 956 (9th Cir. 2018) ...............................................................................................14, 15

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Dean Witter Reynolds Inc. v. Byrd*

    470 U.S. 213 (1985) ....................................................................................................6, 10

*Evans v. DSW, Inc.*

    2017 WL 7058232 (C.D. Cal. Sept. 14, 2017) .................................................................14

*Fantasy, Inc. v. Fogerty*

    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).......................6

*Franklin v. Cmty. Reg'l Med. Ctr.*

    998 F.3d 867 (9th Cir. 2021) ...........................................................................................7

*Gilmer v. Interstate/Johnson Lane Corp.*

    500 U.S. 20 (1991) ..........................................................................................................5

*Goldman v. KPMG, LLP*

    173 Cal. App. 4th 209 (2009) ......................................................................................7, 8

*Han v. Samsung Telecomms. Am. LLC*

    2013 WL 7158044 (C.D. Cal. Dec. 16, 2013).................................................................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*

    586 U.S. 63 (2019) .......................................................................................................6, 9

*In re Humana Inc. Managed Care Litigation*

    285 F.3d 971 (11th Cir.2002) .........................................................................................8

*In re Iphone 4S Consumer Litig.*

    2014 WL 589388 (N.D. Cal. Feb. 14, 2014) ..................................................................14

*JSM Tuscany, LLC v. Superior Court*

    193 Cal. App. 4th 1222 (2011) ....................................................................................7, 8

*Knievel v. ESPN*

    393 F.3d 1068 (9th Cir. 2005) .......................................................................................13

*Lacour v. Marshalls of CA, LLC*

    2021 WL 1700204 (N.D. Cal. Apr. 29, 2021)................................................................11

*Laver v. Credit Suisse Sec. (USA), LLC*

    976 F.3d 841 (9th Cir. 2020) .........................................................................................11

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.*

    197 Cal. App. 4th 1146 (2011) ....................................................................................7

*Mohamed v. Uber Techs., Inc.*

    848 F.3d 1201 (9th Cir. 2016) ....................................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*

    460 U.S. 1 (1983) ...................................................................................................6, 10

*Moss v. U.S. Secret Serv.*

    572 F.3d 962 (9th Cir. 2009) ....................................................................................12

*Mundi v. Union Sec. Life Ins. Co.*

    555 F.3d 1042 (9th Cir. 2009) ....................................................................................7

*Namisnak v. Uber Techs., Inc.*

    971 F.3d 1088 (9th Cir. 2020) ....................................................................................7

*Patrick v. Running Warehouse, LLC*

    93 F.4th 468 (9th Cir. 2024) ...................................................................................9, 10

*Phillips v. Brooklyn Bedding LLC*

    2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) ...................................................3, 15, 16

*Rent-A-Center, W., Inc. v. Jackson*

    561 U.S. 63 (2010) .....................................................................................................6, 9

*Rodriguez v. ABM Indus. Groups, LLC*

    2025 WL 3050213 (C.D. Cal. Sept. 2, 2025) ...............................................................11

*S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*

    2012 WL 4364144 (S.D. Cal. Sept. 21, 2012)............................................................14

*Sidney-Vinstein v. A.H. Robins Co.*

    697 F.2d 880 (9th Cir. 1983) .......................................................................................6

*Smith v. Spizzirri*

    601 U.S. 472 (2024) ....................................................................................................11

*Sonner v. Premier Nutrition Corp.*

    971 F.3d 834 (9th Cir. 2020) ................................................................................14, 15

vi

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Sprewell v. Golden State Warriors*

    266 F.3d 979 (9th Cir. 2001) ........................................................................................................12

*Stephens v. Target Corp.*

    694 F. Supp. 3d 1136 (D. Minn. 2023)........................................................................................14

*Suchite v. ABM Aviation, Inc.*

    741 F. Supp. 3d 878 (S.D. Cal. 2024) ........................................................................................11

*Zeller v. Optavia, LLC*

    2022 WL 17858032 (S.D. Cal. Dec. 22, 2022) ..........................................................................15

**Statutes**

9 U.S.C. § 2 ............................................................................................................................5, 6

9 U.S.C. § 3 .................................................................................................................................11

9 U.S.C. §§ 2, 4 .............................................................................................................................6

California Commercial Code § 2607(3)(A).............................................................................1, 2, 3, 8, 12

**Rules**

Rule 12(b)(6) .............................................................................................................................1, 2

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff's Second Amended Complaint ("SAC") materially changes the posture of this case. When this Court dismissed Plaintiff's breach of contract and breach of warranty claims for failure to provide adequate pre-suit notice under California Commercial Code § 2607(3)(A), it gave Plaintiff leave to amend to plead facts showing—as the Court suggested might suffice—"that in some circumstances three days' notice might be sufficient . . . such as where a company has already implemented a standardized refund procedure for the product at issue." (*See* Dkt. No. 25 at 5-6.) Plaintiff did not do that. Instead, she pivoted to a different theory: that any notice would have been "futile" because Guthy-Renker's Terms of Service ("TOS") supposedly disclaim warranties and limit remedies. (*See* SAC ¶¶ 37-41.) To support this theory, Plaintiff quotes the TOS extensively and pleads paragraph after paragraph asking this Court to give legal effect to the TOS's disclaimers, sole-remedy clauses, etc., in order to establish an essential element of her contract and warranty claims. (*Id.* ¶¶ 38-40.) That endorsement has consequences.

Having now pleaded that the TOS has legal force and effect, Plaintiff cannot simultaneously disavow its mandatory, FAA-governed arbitration provision and class-action waiver. Under settled California and Ninth Circuit law, a plaintiff who relies on the terms of a contract to support her claims is equitably estopped from repudiating the arbitration clause within that same contract. Every claim Plaintiff asserts falls squarely within the arbitration agreement's broad scope, which reaches any dispute relating to Plaintiff's purchase or use of Guthy-Renker's products. The arbitration agreement also commits all questions of arbitrability to the arbitrator, both expressly and by incorporating the JAMS Comprehensive Arbitration Rules—leaving any further question of scope, validity, or enforceability outside this Court's province. Accordingly, the Court should compel this matter to arbitration and stay the action pending the conclusion of arbitration. Additionally, because the class action waiver in the TOS is separately and distinctly enforceable, the Court should strike the class allegations from the SAC.

In the alternative, the Court should dismiss Plaintiff's breach of contract and warranty claims and her prayers for restitution pled for her FAL and UCL claims under Rule 12(b)(6). Yet again, the contract and warranty claims fail for inadequate pre-suit notice. Section 2607(3)(A) of the California Commercial Code provides in affirmative, mandatory terms that a buyer "must . . . notify the seller of breach or be

1

barred from any remedy." The statute admits no "futility" exception, and the California Court of Appeal has expressly rejected an analogous lack-of-prejudice defense in *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal.App.4th 116, 137 (2008), explaining that even where the seller cannot "repair or remedy the problem," notice is required to permit settlement discussions and preparation for litigation. Plaintiff's futility theory is also contradicted by the TOS's own Mandatory Pre-Dispute Procedures clause requiring sixty days of good-faith negotiation, and is foreclosed by Plaintiff's own admission (SAC ¶ 40) that Guthy-Renker's refund process takes up to seven business days—longer than the three days she allowed.

The prayers for restitution pled for the FAL and UCL claims also should be dismissed. The Court's prior order dismissed these claims for failure to plead an inadequate remedy at law. The SAC now adds injunctive relief to those counts (SAC ¶ 36), and Guthy-Renker does not move against the injunctive relief prayer here. The prayer for restitution, however, remains attackable on the same grounds the Court identified before: the SAC's new equitable-relief paragraphs (¶¶ 32-35) re-recite the same conclusory legal contrasts this Court already rejected, and paragraph 36's future-harm allegation goes to Article III standing for an injunction, not to whether legal damages can make Plaintiff whole for her past purchase.

## II.  STATEMENT OF ISSUES TO BE DECIDED

1.     Whether the Court should compel arbitration of all of Plaintiff's claims, strike Plaintiff's class claims, and stay this action, in light of Plaintiff's pleading and reliance on Guthy-Renker's Terms of Service, which contain a binding arbitration agreement governed by the Federal Arbitration Act, an express class-action waiver, and a delegation clause committing questions of arbitrability to the arbitrator.

2.     In the alternative, whether under Rule 12(b)(6): (a) Plaintiff's breach of contract and breach of warranty claims should be dismissed for failure to provide adequate pre-suit notice under California Commercial Code § 2607(3)(A); and/or (b) Plaintiff's prayers for restitution pled for her False Advertising Law and Unfair Competition Law should be dismissed for failure to plead an inadequate remedy at law.

## III. RELEVANT BACKGROUND

### A.  The Court's Prior Order

On April 29, 2026, this Court granted in part and denied in part Guthy-Renker's motion to dismiss the First Amended Complaint. (Dkt. No. 25.) As relevant here, the Court dismissed the breach of contract and breach of warranty claims for failure to plead adequate pre-suit notice under California Commercial

2

Code § 2607(3)(A). (*Id.* at 4-6.) The Court explained that the FAC alleged only three days of pre-suit notice and that "[t]hree days does not plausibly provide Guthy-Renker's general counsel with enough time to analyze Joyce's legal demand, assess its strength, and then make the determination of what compensation, if any, to provide to Joyce." (*Id.* at 5.) The Court left open one narrow avenue for cure: "While it is possible that in some circumstances three days' notice might be sufficient—such as where a company has already implemented a standardized refund procedure for the product at issue—the FAC does not allege any such circumstances." (*Id.* at 5-6.)

The Court also dismissed Plaintiff's FAL and UCL claims (which sought only restitution) on the ground that Plaintiff had failed to plead an inadequate remedy at law. (*Id.* at 6-7.) The Court explained that allegations that legal remedies are "'harder to prove and require[] additional showings of proof'" do not suffice; what is required are "factual allegations" creating a "'plausible basis to conclude that the same amount of money for the exact same harm is inadequate or incomplete.'" (*Id.* at 6 (quoting *Phillips v. Brooklyn Bedding LLC*, 2024 WL 2830663, at *1-2 (N.D. Cal. Mar. 28, 2024).) Leave to amend was granted, but expressly limited: "The amended complaint may not add new claims or parties, or otherwise change the allegations except to correct the identified deficiencies . . . ." (*Id.* at 8.)

### B. **Plaintiff's Second Amended Complaint**

Plaintiff filed the SAC on May 20, 2026. (Dkt. No. 27.) To address the pre-suit notice deficiency, Plaintiff added a new section captioned "Adequacy of Pre-Suit Notice" consisting of paragraphs 37 through 41. Notably absent from those paragraphs is any allegation of a standardized refund procedure capable of immediate cure—the very allegation the Court invited. Instead, Plaintiff pleads that any cure notice "would have been futile" because the TOS purportedly disclaims warranties, limits remedies, and bars class claims. (SAC ¶ 37.)

To support that theory, the SAC reproduces multiple substantive provisions of the TOS verbatim. Plaintiff quotes the TOS's disclaimer of "all warranties of any kind, whether express or implied"; its statement that Guthy-Renker "does not warrant that product descriptions are accurate, complete, reliable, current, or error-free"; its reservation of the "right, without prior notice, to discontinue or change specifications and prices"; and its reservation of the right to "revoke any stated offer to correct any errors, inaccuracies, or omissions." (SAC ¶ 38.) Plaintiff further quotes the TOS's limitation of remedies,

3

exclusion of "indirect, special, incidental, or consequential damages," and—critically—the TOS's class action waiver, under which consumers "may only bring a claim in your individual capacity, and not as a plaintiff or class member in any purported class or representative proceeding." (SAC ¶ 39.) Plaintiff also describes Guthy-Renker's 60-Day Money-Back Guarantee and Return/Refund Policy, including her admission that the refund processing window is "within 7 business days." (SAC ¶ 40.) Plaintiff cites the archived TOS as "materially identical" to the version on Guthy-Renker's website. (SAC ¶ 39 n.5.)

### C. The TOS's Arbitration, Class Action Waiver, and Dispute Resolution Provisions

The same TOS that Plaintiff incorporates by reference in her SAC contains a binding arbitration provision governed by the Federal Arbitration Act and administered by JAMS, with a delegation clause, mandatory pre-dispute procedures, a class action waiver, and a thirty-day opt-out (which Plaintiff did not exercise).[1] The arbitration provision states, in relevant part:

> PLEASE READ THIS ARBITRATION PROVISION CAREFULLY TO UNDERSTAND YOUR RIGHTS. YOU AGREE THAT ANY CLAIM THAT YOU MAY HAVE IN THE FUTURE MUST BE RESOLVED THROUGH BINDING ARBITRATION. YOU ACKNOWLEDGE AND AGREE THAT YOU ARE WAIVING THE RIGHT TO A TRIAL BY JURY. THE RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL, MAY BE MORE LIMITED OR MAY NOT EXIST.

> YOU AGREE THAT YOU MAY ONLY BRING A CLAIM IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING. YOU FURTHER AGREE THAT THE ARBITRATOR MAY NOT CONSOLIDATE PROCEEDINGS OR CLAIMS OR OTHERWISE PRESIDE OVER ANY FORM OF A REPRESENTATIVE OR CLASS PROCEEDING.

The arbitration provision incorporates JAMS Comprehensive Arbitration Rules and contains an express delegation clause:

> The arbitrator shall be chosen from JAMS Comprehensive Arbitration Rules and Procedures and the arbitration rules of the selected tribunal shall

---

[1] The TOS that Plaintiff alleges were in place at the time of her purchase are archived on the Wayback Machine: https://web.archive.org/web/20250521050902/https://subd.com/policies/terms-of-service#Refund. (Dkt. No. 27 at fn. 5.) As alleged, these terms and conditions are materially identical to those currently posted on Guthy Renker's website (*see* https://subd.com/policies/terms-of-service). (*Id.*)

4

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

apply, which can be obtained by calling the selected tribunal

The arbitrator shall have the exclusive and sole authority to resolve any dispute relating to the interpretation, construction, validity, applicability, or enforceability of these Terms of Use and Conditions of Purchase and this arbitration provision.

The TOS also contains a Mandatory Pre-Dispute Procedures clause requiring sixty days of good-faith negotiation before any claim may be initiated:

You acknowledge and agree that before initiating any Claim . . . against Guthy-Renker, you will first give us an opportunity to resolve your problem or dispute. This includes sending a written description of your problem or dispute to us . . . . You agree to negotiate with Guthy-Renker in good faith about your problem or dispute. If for some reason your problem or dispute is not resolved to your satisfaction within 60 days after Guthy-Renker's receipt of your written dispute, you agree to the dispute resolution provisions below.

## IV. THE COURT SHOULD COMPEL ARBITRATION OF PLAINTIFF'S CLAIMS AND STRIKE THE CLASS ALLEGATIONS FROM PLAINTIFF'S SAC

### A. Applicable Legal Standards

Under the Federal Arbitration Act ("FAA"), agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The principal purpose of the FAA is to ensure that private arbitration agreements are enforced according to their terms." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quotations and citation omitted). Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements" and "to place arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991). The FAA thus "embod[ies] [a] national policy favoring arbitration" "notwithstanding any state … policies to the contrary." *Concepcion*, 563 U.S. at 346 (quotations and citations omitted).

In considering a motion to compel arbitration, the Court's role under the FAA is limited to determining "(1) whether a valid agreement to arbitrate exists, and if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000)). When both elements exist, the FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on

5

issues as to which an arbitration agreement has been signed.'" *Id.* (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)); *see also* 9 U.S.C. §§ 2, 4.

To further the FAA's purposes, the U.S. Supreme Court has emphasized that courts should interpret arbitration provisions liberally in favor of arbitration. "It is well established 'that where the contract contains an arbitration clause, there is a presumption of arbitrability.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). Further, parties can agree to delegate threshold issues concerning the arbitration agreement to the arbitrator, rather than to a court. *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010). Where the parties have "clearly and unmistakably" agreed to delegate questions of arbitrability to the arbitrator, the court must enforce that delegation even if it considers the arbitrability argument "wholly groundless." *Henry Schein, Inc. v. Archer & White Sales, Inc*., 586 U.S. 63, 65, 68 (2019).

Additionally, Rule 12(f) empowers the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."[2] Rule 12(f)(1) specifically authorizes a court to strike a pleading or any portion thereof on its own motion *at any time. See Corr. USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007). Matters may be stricken to reduce trial complication and "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

### B.  The FAA Governs the Arbitration Agreement

The TOS's arbitration provision expressly states that it "is governed by and enforceable under the Federal Arbitration Act." Even apart from that express designation, the Agreement "evidenc[es] a transaction involving commerce," 9 U.S.C. § 2, because the underlying purchase concerned the online sale of consumer products to a buyer in California by a Delaware-organized seller. The FAA thus governs.

---

[2] Matter is "immaterial" if it has no essential or important relationship to the claim for relief or the defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994).

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

## C. **Plaintiff Is Equitably Estopped from Disavowing the Arbitration Clause**

California state-law principles of contract formation, which "adhere to the objective theory of contract law," govern the determination of the existence of a valid agreement to arbitrate. *Mission Viejo Emergency Med. Assocs. v. Beta Healthcare Grp.,* 197 Cal. App. 4th 1146, 1154 (2011). A contract "may be made 'in any manner sufficient to show an agreement, including conduct by both parties which recognizes the existence of such a contract.'" *Han v. Samsung Telecomms. Am. LLC*, 2013 WL 7158044, at *3 (C.D. Cal. Dec. 16, 2013) (citing *C9 Ventures v. SVC-West, LP*, 202 Cal. App. 4th 1483, 1492 (2012)). Even absent an express agreement, individuals may also be required to arbitrate based on ordinary state-law contract principles, including the doctrine of equitable estoppel. *See, e.g., Franklin v. Cmty. Reg'l Med. Ctr*., 998 F.3d 867, 870-71 (9th Cir. 2021) ("The doctrine of equitable estoppel prevents a party from playing fast and loose with its commitment to arbitrate, honoring it when advantageous and circumventing it to gain undue advantage." (internal alteration, citation omitted)). Such is the case here.

Even if Plaintiff disputes that she assented to the TOS at the time of purchase, the doctrine of equitable estoppel forecloses her from avoiding its terms and conditions. California courts hold that "[w]hen a plaintiff brings a claim which relies on contract terms against a defendant, the plaintiff may be equitably estopped from repudiating the arbitration clause contained in that agreement." *JSM Tuscany, LLC v. Superior Court*, 193 Cal. App. 4th 1222, 1239 (2011). "Equitable estoppel precludes a party from claiming the benefits of a contract while simultaneously attempting to avoid the burdens that contract imposes." *Mundi v. Union Sec. Life Ins. Co.,* 555 F.3d 1042, 1045 (9th Cir. 2009) (internal quotations marks, citation omitted); *see also Goldman v. KPMG, LLP*, 173 Cal. App. 4th 209, 220 (2009) ("Equitable estoppel generically precludes a party from asserting rights he otherwise would have had against another when his own conduct renders assertion of those rights contrary to equity.") (quotation omitted).

The doctrine applies when the plaintiff's claims are "dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the agreement containing the arbitration clause." *Goldman*, 173 Cal. App. 4th at 217-18. The "touchstone for equitable estoppel is whether a nonsignatory is relying on an agreement for one purpose while disavowing the arbitration clause of the agreement." *Namisnak v. Uber Techs., Inc.*, 971 F.3d 1088, 1095 (9th Cir. 2020) (quoting *Goldman*, 173 Cal. App. 4th at 229). "By relying on contract terms …, even if not exclusively, a plaintiff may be

7

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

equitably estopped from repudiating the arbitration clause contained in that agreement." *JSM Tuscany,* 193 Cal. App. 4th at 1237 (quotes and citation omitted). "The plaintiff's actual dependence on the underlying contract in making out the claim against the nonsignatory defendant is therefore always the *sine qua non* of an appropriate situation for applying equitable estoppel." *Goldman*, 173 Cal. App. 4th at 229 (quoting *In re Humana Inc. Managed Care Litigation,* 285 F.3d 971, 976 (11th Cir.2002)).

Plaintiff's SAC is a textbook case for application of the doctrine. Plaintiff does not merely "reference" the TOS in passing; she affirmatively invokes its provisions—quoting them verbatim across paragraphs 38 and 39—and asks the Court to give those provisions binding legal effect to defeat dismissal. (SAC ¶¶ 37-41.) Plaintiff now relies on the TOS to establish a required element of her contract and warranty claims. California Commercial Code § 2607(3)(A) provides that a buyer "must . . . notify the seller of breach or be barred from any remedy." The Ninth Circuit accordingly requires that "[a] buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach." *Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 (9th Cir. 2011). After this Court dismissed Plaintiff's contract and warranty claims for failure to plead adequate notice (Dkt. No. 25 at 4-6), Plaintiff's path to revival required her to discharge her pleading burden on that element on amendment. She chose to do so by pleading the TOS itself as the basis for adequacy—arguing that the TOS's remedy-limitation clauses, disclaimers, and class-action waiver rendered her three-day notice "futile," and that her notice should therefore be treated as adequate. (SAC ¶¶ 37-40.) The TOS is not background context for Plaintiff's claims—it is the operative document she affirmatively invokes to establish a statutorily required element of her case. In fact, Plaintiff expressly alleges that notice was sufficient because Guthy-Renker supposedly breached its own "contractual obligations" under the TOS (*id.* ¶ 41). A plaintiff cannot use a contract to plead the elements of her claim while disavowing the arbitration provision within that contract. *JSM Tuscany*, 193 Cal. App. 4th at 1239. Plaintiff's affirmative pleading of the TOS as the source of proof of an essential element of her claims is itself a judicial admission of formation, and equitable estoppel forecloses her from disavowing what she has pled the Court must accept as binding.

### D. <u>The Delegation Clause Commits All Arbitrability Questions to the Arbitrator</u>

The Court's analysis can—and should—end with the TOS's delegation clause. A delegation clause is "an additional, antecedent agreement the party seeking arbitration asks the federal court to enforce, and

8

the FAA operates on this additional arbitration agreement just as it does on any other." *Rent-A-Center*, 561 U.S. at 70. Where parties have "clearly and unmistakably" agreed that an arbitrator will decide questions of arbitrability, the court must enforce the delegation even if it considers the arbitrability argument "wholly groundless." *Schein*, 586 U.S. at 65, 68.

The TOS satisfies this standard in *two* ways. *First*, the delegation language is express and unambiguous: "The arbitrator shall have the exclusive and sole authority to resolve any dispute relating to the interpretation, construction, validity, applicability, or enforceability of these Terms of Use and Conditions of Purchase and this arbitration provision." That language tracks the language the Ninth Circuit has held "clearly and unmistakably" delegates arbitrability. *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1208-09 (9th Cir. 2016) (clauses authorizing arbitrators to decide issues of "interpretation or application" including "enforceability, revocability or validity" constitute clear and unmistakable delegation).

*Second*, the TOS independently delegates arbitrability by incorporating the JAMS Comprehensive Arbitration Rules, which provide that "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the [arbitration] agreement . . . shall be submitted to and ruled on by the Arbitrator." JAMS Comprehensive Arbitration Rules, Rule 11(b). The Ninth Circuit has held that incorporation of arbitration rules empowering the arbitrator to rule on jurisdictional questions is itself "unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Patrick v. Running Warehouse, LLC,* 93 F.4th 468, 481 (9th Cir. 2024) ("By agreeing to an arbitration provision that incorporates JAMS Rules, and particularly in light of the language of JAMS Rule 11(b), the Court finds that the parties clearly and unmistakably delegated the question of arbitrability to JAMS.") (quotation and citation omitted).

Accordingly, by the terms of the TOS's arbitration provision (and under JAMS rules), the Court should compel this matter to arbitration rather than resolving any issues relating to the arbitrability of Plaintiff's dispute. *Schein,* 586 U.S. at 69; *see also Mohamed,* 848 F.3d at 1209.

### E.  **Plaintiff's Claims Fall Within the Scope of the Arbitration Agreement**

Since disputes about the validity or scope of the TOS's arbitration provision must go to the arbitrator, the Court should not consider such arguments if Plaintiff raises them. *Schein*, 586 U.S. at 69; *Mohamed,* 848 F.3d at 1209. Section 4 of the FAA "leaves no place for the exercise of discretion by a

9

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds*, 470 U.S. at 218.

Nonetheless, Guthy-Renker respectfully submits (without waiver of its rights to compel under the TOS's arbitration provision) that the scope of the TOS's arbitration provision clearly encompasses Plaintiff's claims. The TOS's arbitration provision is broad. It defines "Claim" to encompass "any dispute between you, Guthy-Renker, and/or any involved third party relating to your account, Your Use, your relationship with Guthy-Renker, or these Terms of Use and Conditions . . . includ[ing] any and all claims that relate in any way to your use of the products, your attempted use of the products, and any act or omission by Guthy-Renker or any third party related to your use or attempted use of the products."

Every claim Plaintiff asserts falls squarely within that definition. Plaintiff's FAL, UCL, CLRA, common law misrepresentation, breach of contract, and breach of warranty claims all arise from her June 10, 2025 purchase of Guthy-Renker products from the subd.com website. (SAC ¶¶ 4-6.) She alleges that the representations she saw and relied on at the point of purchase were false, that she paid a premium because of those representations, and that the TOS to which she agreed governs the resulting transaction. (SAC ¶¶ 4, 6, 37-41.) Every theory of liability she pleads "relate[s] in any way to [her] use of the products," or to "any act or omission by Guthy-Renker . . . related to [her] use or attempted use of the products." That is the textbook case the TOS's arbitration agreement was intended to cover.

The Ninth Circuit has held that broad arbitration provisions covering disputes "arising out of or relating to" the contract leave "little doubt that the dispute is subject to arbitration." *Chiron Corp.*, 207 F.3d at 1131. The TOS's scope language—extending to "any" claim "relating in any way" to use or attempted use of the products—is even broader. *Patrick*, 93 F.4th at 475 (agreement to arbitrate "any and all claims" between the parties "arising from or relating in any way to your use or purchase of products of services through the website or services" is enforceable). To the extent Plaintiff argues otherwise, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 24-25.

### F.  The Court Should Stay Plaintiff's Individual Claims and Strike the Class Claims

As discussed above, Plaintiff's individual claims are subject to the TOS's arbitration agreement, and Section 3 of the FAA requires this Court to stay those claims pending the conclusion of arbitration.

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

Section 3 provides that, on the application of a party, the court "shall . . . stay the trial of the action until such arbitration has been had." 9 U.S.C. § 3. The Supreme Court recently and unanimously confirmed that this language is mandatory: when "a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, § 3 of the FAA compels the court to stay the proceeding." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024). Guthy-Renker accordingly requests a stay of Plaintiff's individual claims pending the conclusion of arbitration.

Plaintiff's class claims, however, stand on different footing. The TOS contains, in "clear and unmistakable" language, a class action waiver: "YOU AGREE THAT YOU MAY ONLY BRING A CLAIM IN YOUR INDIVIDUAL CAPACITY, AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING." This waiver is separately and distinctly enforceable from the TOS's arbitration provision. *Concepcion*, 563 U.S. at 352 (concluding that state law precluding the waiver of class actions was preempted by FAA); *Laver v. Credit Suisse Sec. (USA), LLC,* 976 F.3d 841, 846 (9th Cir. 2020) (discussing distinction between and separate enforceability of arbitration agreements and class action waivers); *Rodriguez v. ABM Indus. Groups, LLC*, 2025 WL 3050213, at *6 (C.D. Cal. Sept. 2, 2025) (holding that class action waiver in collective bargaining agreement was enforceable under the FAA). Accordingly, the Court should enforce the class action waiver and strike Plaintiff's class allegations from the SAC. *Rodriguez v*, 2025 WL 3050213, at *6 (striking class allegations from complaint); *Suchite v. ABM Aviation, Inc.*, 741 F. Supp. 3d 878, 889 (S.D. Cal. 2024) (striking "class claims because of the valid waiver in the Agreement"); *Lacour v. Marshalls of CA, LLC*, 2021 WL 1700204, at *7 (N.D. Cal. Apr. 29, 2021) (granting motion to strike class action allegations in the absence of "separate challenge to the Class Action Waiver").

## V. ALTERNATIVELY, THE CONTRACT AND WARRANTY CLAIMS AND PRAYERS FOR RESTITUTION SHOULD BE DISMISSED UNDER RULE 12(B)(6)

### A. <u>Legal Standard</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" must be pled.

11

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Twombly*, 550 U.S. at 555. A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

**B.  The Contract and Warranty Claims Fail for Lack of Adequate Pre-Suit Notice**

This Court has already held that three days of pre-suit notice is insufficient under California Commercial Code § 2607(3)(A). (Dkt. No. 25 at 5-6.) The Court provided Plaintiff a clear path to cure: plead facts showing that Guthy-Renker had "already implemented a standardized refund procedure for the product at issue" such that three days was reasonable. (*Id.* at 5-6.) Plaintiff has not done so. Instead, she pivots to a "futility" theory that fails for three independent reasons.

***1.  The Statute Imposes a Mandatory, Affirmative Notice Obligation and Recognizes No Futility Defense.***

Section 2607(3)(A) speaks in unambiguous, affirmative terms. The buyer "*must* within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy*." Cal. Comm. Code § 2607(3)(A) (emphasis added). The text creates a mandatory condition precedent to relief, not a flexible standard subject to judicially crafted exceptions. Its purpose, as the Ninth Circuit has explained, is to allow "the breaching party to cure the breach and thereby avoid the necessity of litigating the matter in court." *Alvarez.*, 656 F.3d at 932.

California courts have squarely rejected attempts to read exceptions into the notice requirement based on assumptions about whether the seller could have cured. In *Cardinal Health*, the buyer argued that its inadequate notice should be excused because the lack of notice caused the seller no prejudice—an argument materially indistinguishable from Plaintiff's contention that her notice should be excused because cure was supposedly unavailable. The Court of Appeal rejected the argument:

> Cardinal does not cite any authority supporting a rule that the lack of prejudice is a relevant consideration in the notice analysis. In any event, the record does establish prejudice to T & B resulting from the lack of notice. Although T & B may not have been in a position to repair or remedy the problem, one of the important policies underlying the notice requirement is to afford the seller an opportunity to engage in settlement discussions and

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

prepare for litigation. In this case, T & B had no opportunity to preserve any relevant evidence or attempt any form of settlement discussions or negotiations with Cardinal.

*Cardinal Health*, 169 Cal.App.4th at 137 (citations omitted). The reasoning controls here. Even if Plaintiff's speculation that Guthy-Renker would have refused to refund her purchase were accepted (and it should not be), the notice requirement still serves the independent statutory purposes of permitting settlement discussions, evidence preservation, and litigation preparation. By filing suit three days after delivery of her letter, Plaintiff denied Guthy-Renker each of those opportunities. The statutory bar applies regardless of Plaintiff's view of how Guthy-Renker would have responded.

Plaintiff identifies no authority recognizing futility as a defense to the UCC's pre-suit notice obligation. The absolute, mandatory terms of Section 2607(3)(A), and the rule in *Cardinal Health* rejecting an analogous lack-of-prejudice defense, foreclose Plaintiff's attempt to graft one onto the statute.

### 2. *The TOS's Mandatory Pre-Dispute Procedures Clause Independently Defeats the Futility Theory.*

Even if futility were a defense, Plaintiff's theory is contradicted by the very TOS she now incorporates by reference into her pleading. The TOS contains a Mandatory Pre-Dispute Procedures clause that, conspicuously, Plaintiff has omitted from her SAC. It provides:

> You acknowledge and agree that before initiating any Claim . . . against Guthy-Renker, you will first give us an opportunity to resolve your problem or dispute. This includes sending a written description of your problem or dispute to us . . . . You agree to negotiate with Guthy-Renker in good faith about your problem or dispute. If for some reason your problem or dispute is not resolved to your satisfaction within 60 days after Guthy-Renker's receipt of your written dispute, you agree to the dispute resolution provisions below.

By relying on the TOS to support her contract and warranty claims, Plaintiff has incorporated the entire document by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Mandatory Pre-Dispute Procedures clause is the antithesis of futility: it embodies Guthy-Renker's contractually committed agreement to receive a written description of any dispute, to investigate it, and to negotiate in good faith for up to sixty days. The notion that engagement would have been futile is squarely refuted by Guthy-Renker's own contractual commitment to engage.

13

### *3.    Plaintiff's Pleading Shows Three Days Was Insufficient.*

Finally, Plaintiff's own allegations defeat any claim that three days could have been sufficient under the "standardized refund procedure" exception this Court identified. Plaintiff alleges that Guthy-Renker's Return/Refund Policy commits to processing refunds "within 7 business days" of receipt of a returned product. (SAC ¶ 40.) That admission forecloses Plaintiff's amended pleading in two ways. *First*, the Court's reference to "a standardized refund procedure" as a possible basis for finding short notice reasonable contemplated a procedure capable of essentially instantaneous cure—not one that, by Plaintiff's own admission, takes up to seven business days. *Second*, Plaintiff filed her Complaint on November 20, 2025—three days after the notice letter was received on November 17, 2025. (SAC ¶ 41.) Plaintiff jumped the gun on a window she herself describes as taking up to seven business days. Courts have held that comparable short notice periods are inadequate as a matter of law. *See In re Iphone 4S Consumer Litig.*, 2014 WL 589388, at *8 (N.D. Cal. Feb. 14, 2014) (four days "gave little or no opportunity" to cure); *Evans v. DSW, Inc.*, 2017 WL 7058232, at *4-5 (C.D. Cal. Sept. 14, 2017) (dismissing with prejudice for four days' notice); *S. Cal. Stroke Rehab. Assocs., Inc. v. Nautilus, Inc.*, 2012 WL 4364144, at *2 (S.D. Cal. Sept. 21, 2012); *Stephens v. Target Corp.*, 694 F. Supp. 3d 1136, 1147 (D. Minn. 2023) ("two days is not enough time for a large corporation . . . to process a refund").

Because Plaintiff has not pled—and cannot plead—facts curing the deficiencies this Court identified, the breach of contract and breach of warranty claims should be dismissed with prejudice.

### C.    Plaintiff's Claims for Restitution under the FAL and UCL Should Be Dismissed

The SAC now seeks both restitution and injunctive relief under the FAL and UCL. (*See* SAC ¶¶ 36, 68, 86 & Prayer.) Guthy-Renker does not move against the injunctive relief prayer in this motion. The prayer for restitution, however, remains independently attackable. Restitution and injunctive relief are distinct remedies subject to distinct pleading requirements, and the new allegations supporting injunctive relief do not cure the restitution deficiency this Court already identified.

Restitution is an equitable remedy that requires its own threshold showing of an inadequate legal remedy. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). The standing analysis that may support a prospective injunction—based on a threat of future harm under *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969-71 (9th Cir. 2018)—addresses a different question entirely: whether Plaintiff

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

faces sufficiently imminent future injury to maintain an Article III claim for prospective relief. It says nothing about whether legal damages are adequate to compensate Plaintiff for the economic harm she has already suffered from her past purchase. Those are independent inquiries, and this Court analyzed them separately in its prior order. (*See* Dkt. No. 25 at 6-7 (treating the inadequate-remedy-at-law analysis for FAL/UCL restitution as distinct from the future-harm analysis for CLRA injunctive relief).)

This Court previously dismissed Plaintiff's FAL and UCL claims, which had sought only restitution, because the FAC failed to plead facts supporting an inadequate remedy at law. (Dkt. No. 25 at 6-7.) The Court explained that conclusory differences between the standards governing damages and restitution—and the assertion that legal remedies are "'not equally prompt, certain, and . . . efficient'"— are not enough. (*Id.* at 6 (quoting FAC ¶ 31).) What is required, the Court held, are "'factual allegations'" creating a "'plausible basis to conclude that the same amount of money for the exact same harm is inadequate or incomplete.'" (*Id.* (quoting *Phillips*, 2024 WL 2830663, at *1).)

The SAC's amendments do not satisfy that standard with respect to restitution. Plaintiff retained the prior conclusory paragraph (now SAC ¶ 32) and added three paragraphs bearing on restitution (SAC ¶¶ 33-35) that merely re-recite the differences between the FAL/UCL and her common law and contract claims as a matter of law—precisely what the Court has already rejected. Paragraph 33 speculates that damages might be "determined to be an amount less than the total expenditure for the Products," pleading no factual basis for that speculation. Paragraph 34 observes that statutes of limitations "vary"—an observation about the legal regime, not the adequacy of legal remedies for Plaintiff's harm. Paragraph 35 catalogues the "scope" of the FAL and UCL as broader than common law claims—again, a legal observation rather than a factual showing that money damages for her purchase cannot make her whole. Paragraph 36's allegation of future harm bears on standing for prospective injunctive relief under *Davidson*; it does not, and cannot, supply the inadequate-remedy-at-law showing *Sonner* requires.

"Simply asserting the differences in the elements of the claims does not show that the restitution sought would go beyond the damages available to her, or that it would be more certain, prompt, or efficient than the available legal remedies." *Barrett v. Optimum Nutrition, Inc.*, 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022); *see also Broomes v. FullBeauty Brands Operations, LLC*, 2025 WL 829589, at *3 (N.D. Cal. Jan. 31, 2025); *Zeller v. Optavia, LLC*, 2022 WL 17858032, at *7 (S.D. Cal. Dec. 22, 2022).

15

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

"[T]he mere fact that a legal claim is harder to prove and requires additional showings of proof does not mean the legal remedy is inadequate." *Phillips*, 2024 WL 2830663, at *2.

Because Plaintiff has had two opportunities to plead a plausible basis for restitution and has failed each time, such remedies should be dismissed with prejudice from her FAL and UCL claims.

### VI.    CONCLUSION

For the foregoing reasons, Guthy-Renker respectfully requests that the Court compel Plaintiff's claims to individual arbitration, strike her class allegations, and stay this action pending the conclusion of arbitration. In the alternative, the Court should dismiss the breach of contract and breach of warranty claims, and dismiss the prayers for restitution pled in Plaintiff's FAL and UCL claims.

Dated: June 3, 2026

**VGC, LLP**

By: _____

Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC

NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)