Adrian Gucovschi (State Bar No. 360988)
**GUCOVSCHI LAW FIRM**
140 Broadway, 46th Floor
New York, New York 10005
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

*Counsel for Plaintiff and Putative Class*

Melissa N. Eubanks (SBN 274491)
meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Counsel for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUTHY-RENKER LLC,<br><br>Defendant. | Case No. 3:25-cv-09998-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Rita F. Lin<br>Date: June 24, 2026<br>Time: 10:00 AM<br>Courtroom: 15, via Zoom |

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rule 16-9, the Standing Order for All Judges of the Northern District of California, and the Standing Order for Civil Cases Before Judge Rita F. Lin, Plaintiff Victoria Joyce ("Plaintiff") and Defendant Guthy-Renker LLC ("Guthy-Renker" or "Defendant") (together with Plaintiff, the "Parties"), hereby submit this Joint Case

CLASS ACTION COMPLAINT

Management Statement and Rule 26(f) Report following the Parties' Rule 26(f) conference, which took place on June 17, 2026, in advance of the Case Management Conference scheduled for June 24, 2026.[1]

## I.     JURISDICTION AND SERVICE

Because Plaintiff alleges claims under the Class Action Fairness Act, 28 U.S.C. § 1332(d), in which the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, there are more than 100 putative class members, and at least one putative class member is a citizen of a state different from Defendant, the Parties agree that this Court has subject matter jurisdiction. The Parties agree that there are no issues regarding personal jurisdiction or venue. All Parties have been served.

## II.     FACTS

*Plaintiff's Position*

Defendant sells a range of cosmetics aimed at treating skin conditions through online channels, including its website, www.subd.com (the "Website"), and through social-media advertising. Second Amended Complaint ("SAC"), ECF No. 27, ¶ 2. Plaintiff alleges that Defendant has engaged in a widespread deceptive pricing scheme to induce consumers to purchase its "Neck & Face Firming Kit" and "Cold Plasma Sub-D+" (the "Products") by falsely advertising massive discounts from a purported strikethrough price that Defendant never charges. *Id.* ¶¶ 2, 19–26. Specifically, Defendant advertises the Products as bearing a "76% OFF" discount from a $245.50 strikethrough reference price, together with purportedly "limited-time" sales and countdown timers, even though the same sale is perpetually available and the $245.50 reference price is one Defendant has never charged. *Id.* ¶¶ 19–26. Plaintiff purchased the Products on or about June 10, 2025 in reliance on the $245.50 strikethrough price, the "76% OFF" representation, and a "Special Offer" countdown timer offering an upgrade for "only $20 more." *Id.* ¶¶ 4–5. Plaintiff's counsel's

---

[1] Defendant has filed a Motion to Compel Arbitration and Strike Class Allegations or, in the Alternative, to Dismiss Under Rule 12(b)(6), which is set for hearing on July 28, 2026. (ECF No. 28.) Defendant submits this Joint Case Management Statement to comply with the Court's orders related thereto and without waiver of Defendant's right to compel Arbitration.

investigation using the Internet Archive's Wayback Machine confirms that Defendant has continuously advertised the same purported discount in the same layout and design, demonstrating that the "sale" is perpetual and that the reference price is false. *Id.* ¶¶ 27–28. Had Plaintiff known that the limited-time sale was not genuine and that the reference price was false, she would not have purchased the Products, or would not have paid the price she paid. *Id.* ¶ 6.

Plaintiff brings claims against Defendant for (1) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (4) negligent misrepresentation; (5) intentional misrepresentation; (6) breach of contract; and (7) breach of express warranty.

### *Defendant's Position*

Defendant denies that it engaged in any false, deceptive, or misleading pricing practice, and denies all liability and wrongdoing. Guthy-Renker sells consumer skincare products through online channels in a highly competitive e-commerce market in which promotional pricing is commonplace, lawful, and beneficial to consumers. Plaintiff purchased the product she intended to purchase, at a price she saw and voluntarily agreed to pay, and received exactly what she bargained for.

The Court has already substantially narrowed this case. On April 29, 2026, the Court dismissed all claims arising from the "Cold Plasma Sub-D+" product for failure to plead falsity under Rule 9(b), leaving only allegations concerning the "Neck & Face Firming Kit." Even as to that product, Plaintiff still has not identified the specific advertisement she actually saw or relied upon when she made her June 10, 2025 purchase. She instead relies on screenshots her counsel captured from the Website on November 11, 2025—five months after her purchase. Plaintiff's contention that the advertised discounts are not genuine rests on a conclusory "investigation" purportedly performed by her counsel using the Internet Archive's Wayback Machine, unsupported by any disclosed dates, URLs, captures, or underlying data.

Plaintiff agreed to Guthy-Renker's Terms of Service, which contain a binding arbitration provision governed by the Federal Arbitration Act, an express class-action waiver, a delegation

clause committing all questions of arbitrability to the arbitrator, and a mandatory pre-dispute procedure requiring sixty days of good-faith negotiation. Plaintiff's operative pleading affirmatively relies on those same Terms of Service to plead her breach of contract and breach of express warranty claims. Guthy-Renker further denies that it received adequate pre-suit notice of any alleged breach as required by California Commercial Code § 2607(3)(A), and denies that Plaintiff or any putative class member suffered any cognizable injury or is entitled to any relief.

## III.    LEGAL ISSUES

### *Plaintiff's Position*

A non-exhaustive list of the principal legal issues presented by this litigation includes: (a) whether the Products were offered at the purported reference price within three months preceding Plaintiff's and the Class members' purchases; (b) whether Defendant's conduct violated the FAL, CLRA, and/or UCL; (c) whether Defendant's conduct constitutes negligent misrepresentation, intentional misrepresentation, breach of contract, and/or breach of express warranty; (d) whether Plaintiff and the Class are entitled to damages, restitution, and/or injunctive relief; (e) whether Defendant should be enjoined from continuing the conduct alleged; and (f) whether Plaintiff can plead and prove that the requirements of Federal Rule of Civil Procedure 23 are satisfied such that this action may be certified as a class action.

### *Defendant's Position*

In addition to the issues raised in Plaintiff's position statement, Defendant submits that the threshold and principal legal issues include: (a) whether Plaintiff, having affirmatively relied on Guthy-Renker's Terms of Service to plead her contract and warranty claims, is equitably estopped from disavowing the arbitration provision contained in those same Terms; (b) whether the delegation clause—both expressly and through incorporation of the JAMS Comprehensive Arbitration Rules— commits all questions of arbitrability to the arbitrator; (c) whether all of Plaintiff's claims fall within the scope of the arbitration agreement and must be arbitrated on an individual basis; (d) whether the class-action waiver is separately and distinctly enforceable and requires that the class allegations be stricken; (e) whether Plaintiff's breach of contract and breach of express warranty claims fail for lack of adequate pre-suit notice under California Commercial Code § 2607(3)(A); (f) whether Plaintiff's

prayers for restitution under the FAL and UCL fail because she has not pleaded the absence of an adequate remedy at law; (g) whether Plaintiff can establish actual reliance and falsity; (h) whether Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23, including in light of the class-action waiver and the individualized issues of exposure, reliance, and materiality; and (i) whether Plaintiff has standing to pursue claims on behalf of non-California absent class members.

## IV.    MOTIONS

Plaintiff filed her initial Complaint on November 20, 2025. (ECF No. 1.) Plaintiff filed her First Amended Complaint on February 12, 2026. (ECF No. 19.) Defendant moved to dismiss the First Amended Complaint. (ECF No. 21.) On April 29, 2026, the Court granted in part and denied in part Defendant's motion to dismiss. (ECF No. 25.) The Court granted the motion as to: (1) all claims to the extent they relate to the alleged misrepresentations concerning the "Cold Plasma Sub-D+" product, for failure to plead falsity under Rule 9(b); (2) the breach of express warranty and breach of contract claims, for failure to allege adequate pre-suit notice under California Commercial Code § 2607(3)(A); (3) the FAL and UCL claims, for failure to allege an inadequate remedy at law; and (4) the CLRA claim to the extent it seeks injunctive relief. The Court denied the motion in all other respects—including as to reliance, falsity with respect to the "Neck & Face Firming Kit," common-law damages, and the economic loss doctrine—and granted leave to amend by May 20, 2026 to correct the identified deficiencies. On May 20, 2026, Plaintiff timely filed the operative Second Amended Complaint, which corrected each of the deficiencies identified in the Court's order. (ECF No. 27.) On June 3, 2026, Defendant filed a Motion to Compel Arbitration and Strike Class Allegations or, in the Alternative, to Dismiss Under Rule 12(b)(6). (ECF No. 28.) That motion is set for hearing on July 28, 2026 at 10:00 a.m., and Plaintiff's opposition is being filed concurrently herewith. The motion is presently pending.

### *Plaintiff's Position*

Plaintiff anticipates filing a motion for class certification. Plaintiff has filed (concurrently herewith) her opposition to Defendant's pending Motion to Dismiss and to Compel Arbitration, and reserves the right to file a motion for summary judgment (after class certification is decided), motions to compel discovery, *Daubert* motions, and other pre-trial motions at the appropriate time.

*Defendant's Position*

On June 3, 2026, Defendant filed its Motion to Compel Arbitration and Strike Class Allegations or, in the Alternative, to Dismiss Under Rule 12(b)(6) (ECF No. 28), set for hearing on July 28, 2026. Defendant contends that, because Plaintiff relies on the Terms of Service to support her claims, she is equitably estopped from avoiding the arbitration provision and class-action waiver contained in those same Terms, and that the Court should compel Plaintiff's claims to individual arbitration, strike the class allegations, and stay this action pending the conclusion of arbitration. In the alternative, Defendant seeks dismissal of the breach of contract and breach of express warranty claims for lack of adequate pre-suit notice under California Commercial Code § 2607(3)(A), and dismissal of the prayers for restitution under the FAL and UCL for failure to plead an inadequate remedy at law.

If the Court compels arbitration, the remaining proceedings should occur in arbitration on an individual basis. If the Court does not compel arbitration, Defendant anticipates opposing any motion for class certification and/or filing a motion to strike the class allegations for Plaintiff's lack of standing, and, at the appropriate time, may move for summary judgment and file *Daubert* and other pre-trial motions. Defendant submits that case-management deadlines and discovery should be deferred pending the Court's ruling on the pending motion (ECF No. 28).

## V.    AMENDMENT OF PLEADINGS

*Plaintiff's Position*

Plaintiff does not presently anticipate filing a motion to add other parties or claims or to further amend her pleadings. However, Plaintiff reserves the right, pursuant to Federal Rule of Civil Procedure 15, to add additional plaintiffs seeking similar relief in other states, to replace or add class representatives, or to consolidate with additional filed actions, should the need arise. Plaintiff proposes a deadline to amend pleadings of sixty (60) days after the Initial Case Management Conference.

*Defendant's Position*

Plaintiff has already amended her pleading twice and filed the operative Second Amended Complaint pursuant to the Court's April 29, 2026 order, which expressly limited amendment to

curing the identified deficiencies and prohibited the addition of new claims or parties. Defendant has not yet filed a responsive pleading in light of its pending motion (ECF No. 28) and does not presently anticipate amending its own pleadings. Defendant opposes any further amendment by Plaintiff, including the addition of plaintiffs or claims contemplated in Plaintiff's position, and submits that, to the extent the Court dismisses any claim, dismissal should be with prejudice given Plaintiff's repeated opportunities to plead. Defendant does not agree to Plaintiff's proposed sixty-day amendment deadline and submits that any deadline to amend pleadings should be set, if necessary, only after the Court rules on the pending motion.

## VI.    EVIDENCE PRESERVATION

Counsel for the Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The Parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action, and counsel have advised their respective clients of the need to preserve such evidence.

## VII.    DISCLOSURES

The Parties [have exchanged / will exchange] their respective initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on thirty-five [35] days following the Court's ruling on Defendants' pending Motion to Compel Arbitration and Strike Class Allegations or, in the Alternative, to Dismiss Under Rule 12(b)(6) (ECF No. 28).

## VIII.    DISCOVERY

The Parties held their Rule 26(f) conference on June 17, 2026. The Parties will work in good faith toward a stipulated protective order (incorporating Federal Rule of Evidence 502(d) protections) based on this District's model protective order, and a stipulation governing the preservation and production of electronically stored information. If the Parties cannot reach agreement, they will seek the Court's intervention. The Parties agree, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), that service of discovery may be made by electronic mail upon all counsel of record.

*Plaintiff's Position*

Plaintiff will seek discovery regarding, among other things: (i) documents sufficient to show all transactions and sales of the Products, and Defendant's other marketing and promotional pricing on the Website; (ii) documents concerning Defendant's pricing of the Products and its purported discounts, reference prices, and countdown-timer promotions; (iii) documents and communications relevant to identifying Class members and ascertaining the size of the Class within the Class period; and (iv) documents pertaining to any affirmative defense Defendant may assert, including any defense based on Defendant's Terms and Conditions. Plaintiff does not presently believe discovery should be conducted in phases, except as reflected in the proposed sequencing of class and merits discovery set forth in Section XV. Plaintiff will serve her first sets of written discovery pursuant to the Court's scheduling order.

*Defendant's Position*

Defendant submits that discovery should be stayed pending the Court's resolution of its Motion to Compel Arbitration (ECF No. 28). Because the Terms of Service delegate questions of arbitrability to the arbitrator and require that Plaintiff's claims be resolved in individual arbitration, proceeding with discovery in this forum would undermine the efficiency and cost-saving purposes of the Federal Arbitration Act and risk imposing the very class-wide discovery burdens the parties agreed to avoid. Should the Court decline to stay discovery, Defendant submits that discovery should proceed in phases, with discovery relating to class certification preceding merits discovery, and Defendant reserves all rights and objections, including as to the scope of any discovery. Subject to and without waiver of the foregoing, Defendant agrees to work in good faith toward a stipulated protective order incorporating Federal Rule of Evidence 502(d) protections and a stipulation governing the preservation and production of electronically stored information, and agrees that discovery may be served by electronic mail upon all counsel of record.

## IX.    CLASS ACTIONS

Counsel for the Parties have reviewed the Northern District's Procedural Guidance for Class Action Settlements and the Court's Standing Order for Civil Cases. The Parties have proposed a schedule through the hearing on class certification, as set forth in Section XV.

*Plaintiff's Position*

Plaintiff brings this action on behalf of a nationwide class defined as: "All persons in the United States who, within the applicable limitation period, up to and including the date of final judgment in this action, purchased any of the Products at a purported discount." SAC ¶ 42. Plaintiff contends that California law may be applied on a classwide basis because Defendant's allegedly deceptive pricing emanated from California, where Defendant maintains its corporate headquarters and principal place of business. SAC ¶ 8; *see Precht v. Kia Motors Am., Inc.*, No. SA CV 14-1148-DOC (MANx), 2014 U.S. Dist. LEXIS 185202, at *12–13 (C.D. Cal. Dec. 29, 2014). Plaintiff anticipates that class certification will involve factual and legal issues concerning the size of the putative class, Defendant's Website and marketing of the Products, and expert testimony regarding class size and damages modeling. Plaintiff does not believe it is appropriate to litigate summary judgment as to the named Plaintiff before class certification and does not consent to that sequencing.

*Defendant's Position*

Defendant contends that this action cannot proceed on a classwide basis. The Terms of Service contain an express class-action waiver that is separately and distinctly enforceable under the Federal Arbitration Act, and the class allegations should be stricken on that basis. Even if class treatment were reached, Plaintiff cannot satisfy Federal Rule of Civil Procedure 23. Individualized questions predominate, including which advertisements, if any, each putative class member was exposed to, through which channel, and whether each member saw, understood, and actually relied upon the challenged representations. Defendant further disputes that a nationwide class may be certified under California law, disputes that Plaintiff has standing to pursue claims on behalf of absent non-California class members, and disputes the propriety, ascertainability, and manageability of the proposed class definition. Defendant also disagrees with Plaintiff's proposed sequencing and submits that, if this action remains in this forum, the Court should permit dispositive motion practice as to the named Plaintiff without awaiting class certification.

CLASS ACTION COMPLAINT

## X.     RELATED CASES

The Parties are unaware of any related cases or proceedings within the meaning of Civil Local Rule 3-12.

## XI.     RELIEF

### *Plaintiff's Position*

Plaintiff seeks, on behalf of herself and the Class: restitution and disgorgement; actual, compensatory, statutory, and punitive damages; rescission; declaratory and injunctive relief; pre- and post-judgment interest; and reasonable attorneys' fees, expenses, and costs of suit, including under California Code of Civil Procedure § 1021.5. SAC, Prayer for Relief. The size of the Class is presently unknown to Plaintiff but is estimated to number at least in the hundreds of thousands of consumers, with aggregate class damages estimated in the tens of millions of dollars. Plaintiff also reserves the right to seek statutory damages under the CLRA.

### *Defendant's Position*

Defendant denies that Plaintiff or any putative class member is entitled to any relief. Plaintiff's claims are subject to individual arbitration; her breach of contract and breach of express warranty claims fail for lack of adequate pre-suit notice; and her prayers for restitution under the FAL and UCL fail because she has not pleaded the absence of an adequate remedy at law. Defendant denies that any class is certifiable and denies that damages approach the speculative amounts Plaintiff estimates. Defendant seeks an order compelling arbitration, striking the class allegations, and staying this action or, in the alternative, dismissing the claims and prayers identified in its pending motion (ECF No. 28); its costs of suit; and such other and further relief as the Court deems just and proper.

## XII.     SETTLEMENT AND ADR

Plaintiff filed her ADR certification on June 17, 2026. (ECF No. 29.) Defendant will file its ADR certification on or before June 24, 2026, without waiver of its right to compel arbitration. The Parties have engaged in preliminary settlement discussions. Plaintiff believes that private mediation (ADR L.R. 3, ADR-3) is the most appropriate ADR process, and that an initial, informal exchange of information regarding the Class's claims would be necessary for any settlement discussions to be

productive. The Parties are open to engaging a private mediator at an appropriate time after the exchange of information necessary to make informed decisions concerning settlement.

## XIII.  OTHER REFERENCES

The Parties do not believe that this case is suitable for reference to a special master at this time. The Parties did not consent to the jurisdiction of a Magistrate Judge.

## XIV.  NARROWING OF ISSUES

Other than the issues raised in Defendant's pending motion (ECF No. 28), the Parties are not presently aware of any issues that may be narrowed by agreement or motion at this time.

## XV.  SCHEDULING

*Plaintiff's Position:*

Because this is a putative class action and Defendant's dispositive motion remains pending, Plaintiff proposes the following schedule through the hearing on class certification, consistent with the Court's Standing Order. Plaintiff respectfully submits that, in a class action, sequencing merits and dispositive proceedings after a ruling on class certification will conserve the Parties' and the Court's resources. Additional dates will be set at a further case management conference following the Court's order on class certification. The proposed deadlines below are calculated from the date of the Initial Case Management Conference and are subject to adjustment by the Court.

*Defendant's Position:*

Defendant's position is that the Court should defer setting any case-management schedule until it has ruled on Defendant's Motion to Compel Arbitration (ECF No. 28). If that motion is granted, Plaintiff's claims will proceed to individual arbitration and no litigation schedule will be necessary. If the motion is denied, Defendant submits the schedule proposed below (items that are blank are the same as Plaintiff's proposed deadlines).

| Event | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines[2] |
|---|---|---|
| Last Day to File Joint Letter for Scheduling of ADR Proceeding (Must | To be discussed at the CMC per the Parties' | |

[2] Defendant submits these deadlines subject to and without waiver of its right to compel arbitration.

CLASS ACTION COMPLAINT

| Event | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines[2] |
|---|---|---|
| Include Date of Mediation and Name of Mediator) | ADR Certifications (ECF Nos. 29, [___]) | |
| Last Day to Amend Pleadings | Sixty (60) days after the Initial CMC | Pending Court's ruling on Defendant's pending motion (ECF No. 28) |
| Class Expert Reports | With Plaintiff's class certification motion | |
| Rebuttal to Class Expert Reports | With Defendant's class certification opposition | |
| Close of Class Expert Discovery | Prior to the hearing on class certification | |
| Plaintiff's Motion for Class Certification | [Proposed: March 4, 2027] | |
| Defendant's Opposition to Plaintiff's Motion for Class Certification | 60 days after Plaintiff's motion is filed [Proposed: May 3, 2027] | 75 days after Plaintiff's motion is filed [Proposed: May 18, 2027] |
| Plaintiff's Reply in Support of Motion for Class Certification | 45 days after Defendant's opposition is filed [Proposed: June 17, 2027] | 45 days after Defendant's opposition is filed [Proposed: July 2, 2027] |
| Hearing on Motion for Class Certification | [Proposed: Tuesday, July 13, 2027], or the next available Tuesday on the Court's civil law-and-motions calendar | [Proposed: Tuesday, August 3, 2027], or the next available Tuesday on the Court's civil law-and-motions calendar |
| Further Case Management Statement | Sixty (60) days before the close of fact discovery | |
| Last Day to Notice Depositions | At least thirty (30) days before the close of fact discovery | |
| Close of Fact Discovery | Approximately sixty (60) days after the class certification order | Approximately ninety (90) days after the class certification order |
| Merits Expert Reports | To be determined at a further CMC following the order on class certification | |
| Rebuttal to Merits Expert Reports | To be determined at a further CMC following the order on class certification | |

| Event | Plaintiff's Proposed Deadlines | Defendant's Proposed Deadlines[2] |
|---|---|---|
| Close of Merits Expert Discovery | To be determined at a further CMC following the order on class certification | |
| Motions for Summary Judgment and *Daubert* Motions | To be determined at a further CMC following the order on class certification | |
| Responses to Summary Judgment and *Daubert* Motions | To be determined at a further CMC following the order on class certification | |
| Replies in Support of Summary Judgment and *Daubert* Motions | To be determined at a further CMC following the order on class certification | |
| Hearing on Dispositive Motions | To be determined at a further CMC following the order on class certification | |
| Pretrial Conference | To be determined at a further CMC following the order on class certification | |
| Trial | To be determined at a further CMC following the order on class certification | |

## XVI.    TRIAL

Plaintiff has demanded a jury trial on all issues so triable. Plaintiff estimates that trial will last approximately five to seven court days and that Plaintiff will call approximately three to four witnesses. The Parties propose that a trial date be set at the further case management conference following the Court's ruling on class certification.

## XVII.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Plaintiff has filed her Certification of Interested Entities or Persons pursuant to Civil Local Rule 3-15. On January 21, 2026, Defendants filed its Federal Rule of Civil Procedure 7.1 identifying

its parent companies and certifying that no publicly traded company owns more than 10% of its stock. Other than the named Parties and the members of the putative Class, the Parties are not aware of any persons, firms, partnerships, corporations, or other entities having either a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could be substantially affected by the outcome of this proceeding.

## XVIII. PROFESSIONAL CONDUCT

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California and agree to comply with them.

## XIX. OTHER MATTERS

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: June 17, 2026

Respectfully submitted,

**GUCOVSCHI LAW FIRM, PLLC**

By: /s/ Adrian Gucovschi
Adrian Gucovschi (SBN 360988)
165 Broadway, 23rd Floor
New York, NY 10006
Telephone: (212) 884-4230
E-Mail: adrian@gucovschilaw.com

-and-

**HEDIN LLP**
Frank S. Hedin (SBN 291289)
1395 Brickell Ave., Suite 610
Miami, Florida 33131-3302
Telephone: (305) 357-2107
Facsimile: (305) 200-8801
E-Mail: fhedin@hedinllp.com

*Counsel for Plaintiff and Putative Class*

Dated: June 17, 2026

**VGC, LLP**

By: /s/ Melissa N. Eubanks

Melissa N. Eubanks (SBN 274491)
meubanks@vgcllp.com
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant
Guthy-Renker LLC*