Melissa N. Eubanks (SBN 274491)
  meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>      v.<br><br>GUTHY-RENKER, LLC,<br><br>            Defendant. | Case No.  3:25-cv-09998-RFL<br><br>**CLASS ACTION**<br><br>**GUTHY-RENKER, LLC'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS; OR, IN THE ALTERNATIVE, MOTION TO DISMISS UNDER FRCP 12(B)(6)**<br><br>Hearing Date: July 28, 2026<br>Time: 10:00 a.m.<br>Location: Courtroom 15 – 18th Floor<br><br>Complaint Filed: November 20, 2025<br>SAC Filed: May 20, 2026 |

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................................1

II.    PLAINTIFF FAILS TO ESTABLISH THAT GUTHY-RENKER WAIVED ITS RIGHT TO
COMPEL ARBITRATION OR THAT THE PROVISION IS UNENFORCEABLE...............................1

   A.    Guthy-Renker Has Not Waived its Right to Compel Arbitration. ....................................1

   B.    Plaintiff is Bound by the Arbitration Provision in Guthy-Renker's TOS Through Her Affirmative
   Reliance on the TOS...........................................................................................................5

   C.    Questions Concerning the Enforceability of the Arbitration Provision Must be Decided by the
   Arbitrator; Yet, Even if Considered by this Court, the Provision is Enforceable. ...................8

      1.    Plaintiff Did Not Specifically Challenge the Delegation Clause. .............................8

      2.    The Arbitration Provision Is Not Unconscionable in Any Event.................................9

   D.    The Class-Action Waiver Is Enforceable; McGill Does Not Apply. ............................11

III.    PLAINTIFF'S ARGUMENTS AGAINST THE RULE 12(B)(6) MOTION FAIL ........................13

   A.    Plaintiff's Allegations Do Not Support a Reasonable Inference that Notice was Sufficient. .......13

   B.    Plaintiff Still Has Not Pleaded an Inadequate Remedy at Law to Support Restitution.................14

IV.    CONCLUSION ...........................................................................................................15

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

## TABLE OF AUTHORITIES

**Cases**

*Allen v. Shutterfly, Inc.*
No. 20-CV-02448-BLF, 2020 WL 5517172 (N.D. Cal. Sept. 14, 2020) ...............................................8

*Armendariz v. Found. Health Psychcare Servs., Inc.*
24 Cal. 4th 83, 114 (2000) .......................................................................................................9, 10

*Armstrong v. Michaels Stores, Inc.*
59 F.4th 1011, 1015 (9th Cir. 2023) ....................................................................................1, 2, 3

*Barrett v. Optimum Nutrition, Inc.*
2022 WL 18401338 (C.D. Cal. Dec. 13, 2022) ...............................................................................14

*Berman v. Freedom Fin. Network, LLC*
30 F.4th 849, 856 (9th Cir. 2022) ......................................................................................................1, 5

*Bielski v. Coinbase, Inc.*
87 F.4th 1003 (9th Cir. 2023) .........................................................................................................8, 9

*Big Easy Studios, LLC v. United States*
No. 17-879, 2026 U.S. Claims LEXIS 805 (Fed. Cl. Apr. 17, 2026) .............................................5

*Borowsky v. Tree Top, Inc.*
No. 3:25-cv-05533, 2026 WL 719695 (N.D. Cal. Mar. 16, 2026) ...........................................14

*Broomes v. FullBeauty Brands Operations, LLC*
No. 24-cv-03558-RFL, 2025 WL 3548680 (N.D. Cal. Dec. 11, 2025) ...............................1, 2, 3, 4, 14

*Burton v. Ghosh*
961 F.3d 960 (7th Cir. 2020) .....................................................................................................................4

*Caccuri v. Sony Interactive Ent. LLC*
735 F. Supp. 3d 1139 (N.D. Cal. 2024) ..................................................................................................3

*Chowning v. Kohl's Dep't Stores, Inc.*
733 F. App'x 404 (9th Cir. 2018) ..........................................................................................................15

*Clifford v. Quest Software Inc.*
38 Cal. App. 5th 74 (2019) ....................................................................................................................12

*Dardashty v. Hyundai Motor Am.*
745 F. Supp. 3d 986 (C.D. Cal. 2024) ....................................................................................................3

*Epic Sys. Corp. v. Lewis*
584 U.S. 497 (2018) ..................................................................................................................................2

*Fan v. Home Depot U.S.A., Inc.*
No. 121CV01355WBSKJN, 2022 WL 16964099 (E.D. Cal. Nov. 16, 2022). .............................14, 15

*Forbush v. City of Sparks*
No. 22-15079, 2023 WL 5670693 (9th Cir. Sept. 1, 2023) ................................................................3

*Ford Motor Warranty Cases*
17 Cal. 5th 1122 (2025).............................................................................................................................5

*Ghazizadeh v. Coursera, Inc.*
737 F. Supp. 3d 911, 919–21 (N.D. Cal. 2024)......................................................................................2

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Gonzalez v. Carnival Corp.*
No. 21-cv-04682-JSW, 2021 WL 4844073 (N.D. Cal. Oct. 18, 2021) ..................................................8

*Gostev v. Skillz Platform, Inc.*
88 Cal. App. 5th 1035 (2023) ...............................................................................................................11

*Graham v. Honeywell Int'l Inc.*
No. 3:23-cv-04865, 2025 WL 2694416 (N.D. Cal. Sep. 22, 2025)......................................................15

*Grimbaldeston v. Saraya USA, Inc.*
No. 3:25-cv-05649, 2025 WL 3677857 (N.D. Cal. Dec. 17, 2025) .....................................................14

*Guzman v. Polaris Indus. Inc.*
49 F.4th 1308 (9th Cir. 2022) ..............................................................................................................15

*Hadley v. Kellogg Sales Co.*
324 F. Supp. 3d 1084 (N.D. Cal. 2018) ...............................................................................................15

*Heckman v. Live Nation Entertainment, Inc.*
120 F.4th 670 (9th Cir. 2024) .........................................................................................................10, 11

*Hodges v. Comcast Cable Commc'ns, LLC*
21 F.4th 535 (9th Cir. 2021) ................................................................................................................11

*In re Google Assistant Priv. Litig.*
No. 19-cv-04286-BLF, 2024 WL 251407 (N.D. Cal. Jan. 23, 2024)...................................................2, 3

*Johnson v. JP Morgan Chase Bank, N.A.*
No. EDCV 17-2477, 2018 WL 4726042 (C.D. Cal. Sept. 18, 2018)................................................11, 12

*JSM Tuscany, LLC v. Superior Court*
193 Cal. App. 4th 1222 (2011). ..........................................................................................................5, 6

*Juarez v. T-Mobile USA Inc.*
No. 2:24-cv-00700-SPG, 2024 WL 5424366 (C.D. Cal. Aug. 23, 2024) ............................................9

*Keller Found./Case Found. v. Tracy*
696 F.3d 835 (9th Cir. 2012) ...............................................................................................................5

*Kim v. Hanlees Seven, Inc.*
No. 18-cv-00472-JSW, 2019 WL 13256105 (N.D. Cal. July 1, 2019) .................................................4

*Kwikset Corp. v. Superior Court*
51 Cal. 4th 310 (2011)........................................................................................................................6, 7

*Lazares v. Shopify (USA), Inc*.
No. 24-CV-07125-HSG, 2025 WL 1397504 (N.D. Cal. May 14, 2025) ..............................................15

*Lorentzen v. Kroger Co*.
532 F. Supp. 3d 901 (C.D. Cal. 2021) .................................................................................................7

*McGill v. Citibank, N.A.*
2 Cal. 5th 945 (2017).............................................................................................................11, 12, 13

*Medhat v. JP Morgan Chase Bank, N.A.*
No. 26-cv-00235-NW, 2026 WL 1333764 (N.D. Cal. May 13, 2026) .................................10, 11, 13

*Media Matters for Am. v. X Corp.*
No. 25-CV-02397-VC, 2025 WL 1853767 (N.D. Cal. July 3, 2025) ...................................................6

iv

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Metowski v. Traid Corp.*
  28 Cal. App. 3d 332 (1972) ..................................................................................................14

*Mohamed v. Uber Techs., Inc.*
  848 F.3d 1201 (9th Cir. 2016) ...........................................................................................9, 10

*Namisnak v. Uber Techs., Inc.*
  971 F.3d 1088 (9th Cir. 2020) ...............................................................................................7

*Nguyen v. Barnes & Noble Inc.*
  763 F.3d 1171 (9th Cir. 2014) .............................................................................................6, 7

*Olson v. FCA US LLC*
  176 F.4th 612 (9th Cir. 2026) .................................................................................................9

*Phillips v. Brooklyn Bedding LLC*
  No. 23-cv-03781-RFL, 2024 WL 2830663 (N.D. Cal. Mar. 28, 2024) ...................................15

*Ponkey v. LLR, Inc.*
  No. 24-5729, 2025 WL 3034693 (9th Cir. Oct. 30, 2025) .....................................................11

*Roman v. Jan-Pro Franchising Int'l, Inc.*
  342 F.R.D. 274 (N.D. Cal. 2022) ............................................................................................3

*Ronderos v. USF Reddaway, Inc.*
  114 F.4th 1080 (9th Cir. 2024) ..............................................................................................10

*Schlueter-Beckner v. SimpliSafe, Inc.*
  No. 3:25-cv-01764, 2025 WL 2162948 (N.D. Cal. July 30, 2025).........................................7

*Sonner v. Premier Nutrition Corporation*
   971 F.3d 834 (9th Cir. 2020) .................................................................................................14

*Suh v. Superior Ct.*
  181 Cal. App. 4th 1504 (2010) .................................................................................................6

*Wheeler v. LG Elecs. USA, Inc.*
  No. 1:22-cv-00459-NODJ-BAM, 2024 WL 51353 (E.D. Cal. Jan. 3, 2024)................10, 11, 12

*Young v. Solana Labs, Inc.*,
  No. 22-CV-03912-RFL, 2024 WL 4023087 (N.D. Cal. Sept. 3, 2024) ...................................7

**<u>Statutes</u>**

Cal. Bus. & Prof. Code § 17204 ..................................................................................................6

Cal. Bus. & Prof. Code § 17535 ..................................................................................................6

Cal. Civ. Code § 1670.5(a) ........................................................................................................11

Cal. Civ. Code § 1780(a) ..............................................................................................................6

**<u>Rules</u>**

Fed. R. Civ. Proc. 12(h)(1) ...........................................................................................................2

Fed. R. Civ. Proc. 12(g)(2) ...........................................................................................................2

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

## I.    INTRODUCTION

Plaintiff's opposition cannot avoid the dispositive fact her Second Amended Complaint ("SAC") supplies: she extensively and affirmatively relied on Guthy-Renker's Terms of Service ("TOS")[1] to save her contract and warranty claims from dismissal. Having invoked the TOS to keep her claims alive, she cannot disclaim the arbitration provision they contain. Her waiver theory fails because the facts needed to compel this Plaintiff to arbitrate emerged only with the SAC, and Guthy-Renker's two prior pleading motions are not the prolonged, merits-driven litigation that waiver requires. Plaintiff's remaining theories fare no better: the delegation clause commits enforceability to the arbitrator; the provision is neither procedurally nor substantively unconscionable; and *McGill* does not apply because Plaintiff seeks only private relief. The Court should compel arbitration or, in the alternative, grant the Rule 12(b)(6) motion.

## II.    PLAINTIFF FAILS TO ESTABLISH THAT GUTHY-RENKER WAIVED ITS RIGHT TO COMPEL ARBITRATION OR THAT THE PROVISION IS UNENFORCEABLE

### A.  Guthy-Renker Has Not Waived its Right to Compel Arbitration.

Plaintiff must establish two elements to prove waiver: "(1) knowledge of an existing right to compel arbitration; and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). She can establish neither.

**Knowledge.** Guthy-Renker was not aware it could compel Plaintiff to arbitrate until she filed her SAC. Under the law governing internet arbitration agreements, an operator that does not require a consumer to check a box consenting to its terms generally can compel arbitration only upon proof of the consumer's actual knowledge of the agreement or conduct binding her to it. *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022); *Broomes v. FullBeauty Brands Operations, LLC*, No. 24-cv-03558-RFL, 2025 WL 3548680, at *2 (N.D. Cal. Dec. 11, 2025). Those facts were unknown until the SAC, in which Plaintiff (1) pleads, describes, and quotes the TOS in detail, establishing actual knowledge of its provisions, and (2) invokes the TOS to support her contract and warranty claims, thereby affirmatively binding herself to it. Once these facts were known, Guthy-Renker moved to compel.

In this regard, this case is unlike *Broomes*, wherein the defendant argued in support of its motion

---

[1] The complete terms of the TOS at issue and cited herein can be found at:
https://web.archive.org/web/20250521050902/https://subd.com/policies/terms-of-service#Pre-Dispute

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

to compel arbitration that "since at least 2023, *every* individual who has made a purchase on its websites has been required to agree to its arbitration provision." 2025 WL 3548680, at *1 (emphasis in original). Guthy-Renker makes no such argument here. It is also unlike *In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2024 WL 251407, at *4 (N.D. Cal. Jan. 23, 2024), where "[i]t was clear from early in the litigation that the putative class included individuals who agreed to" the terms containing the applicable arbitration provision. Here, the putative class is defined simply as persons who "purchased any of the Products at a purported discount." (SAC § 42.) That says nothing about whether each member has actual knowledge of the TOS or has assented to it, as Plaintiff has now established for herself.

**Inconsistent Acts.** Even if Guthy-Renker knew of its right to arbitrate, it did not act inconsistently with it because Guthy-Renker did not "actively litigate[] the merits of a case for a prolonged period of time *in order to take advantage of being in court*." *Armstrong*, 59 F.4th at 1015 (emphasis added). The sum total of Guthy-Renker's conduct is two motions addressed to the sufficiency of the pleadings (ECF Nos. 14, 21) and a case-management statement in which Guthy-Renker *expressly preserved* its right to compel arbitration. There has been no discovery of any kind and no motion for summary judgment.

That record establishes no waiver under *Armstrong,* which is instructive. There, the Ninth Circuit held that Michaels did not waive its right to compel arbitration—despite answering both complaints in that case and serving discovery—because the law on the arbitrability of individual claims was unsettled when those complaints were filed, and Michaels promptly moved to compel after *Epic Sys. Corp. v. Lewis*, 584 U.S. 497 (2018), resolved it. 59 F.4th at 1015. The circumstances here are not fundamentally different: the current state of the law on the enforceability of internet arbitration agreements is such that Guthy-Renker may have no right to compel Plaintiff to arbitrate her claims absent the proof now supplied by the SAC. Once those facts were established and became known to Guthy-Renker, it moved to arbitrate.

The fact that Guthy-Renker tested Plaintiff's pleadings in the interim does not change the analysis. A defendant may test the legal sufficiency of a complaint without electing the judicial forum, and in fact is *required* to raise its threshold defenses or forfeit them under Rule 12(g)(2) and 12(h)(1). In *Ghazizadeh v. Coursera, Inc.,* the defendant moved to compel arbitration roughly six months after moving to dismiss and yet the court found no waiver, reasoning that at such an "early stage" it "was not apparent that [the defendant] had chosen to delay [its] right to compel arbitration by actively litigating [the] case …." 737

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

F. Supp. 3d 911, 919–21 (N.D. Cal. 2024) (internal quotation omitted; cleaned up).. Plaintiff's count of "three motions to dismiss, including the present one" (Opp. at 4) only underscores the point: the present Motion seeks to compel arbitration, and a motion demanding arbitration cannot itself be an inconsistent act. *See Forbush v. City of Sparks*, No. 22-15079, 2023 WL 5670693, at *1 (9th Cir. Sept. 1, 2023) (combined motion to dismiss and to compel arbitration not an inconsistent act).[2]

Plaintiff's waiver authorities all involved vastly more. *In re Google Assistant* followed four years of litigation, four merits-resolving motions to dismiss, completed fact and expert discovery, summary judgment, and contested class certification—by a defendant that had stipulated the case was "not suitable for reference to binding arbitration." 2024 WL 251407, at **1-2. *Caccuri v. Sony Interactive Ent. LLC* involved more than two and a half years of litigation, merits motions, discovery, a planned summary-judgment motion, and a missed deadline to move to compel. 735 F. Supp. 3d 1139, 1143-46 (N.D. Cal. 2024). *Broomes* involved a defendant that moved "14 months" into the case, after a merits ruling and after it "began participating in discovery." 2025 WL 3548680, at *1. Guthy-Renker's two pleading motions, a case-management statement expressly reserving the right to compel arbitration, and no discovery bear no resemblance to these cases. Courts in the Ninth Circuit have found no waiver where far more litigation conduct has occurred. *See, e.g., Armstrong*, 59 F.4th at 1015-16 (no waiver despite filing answers and engaging in discovery); *Dardashty v. Hyundai Motor Am.,* 745 F. Supp. 3d 986, 999 (C.D. Cal. 2024) (no waiver despite "removing the action to the district court, agreeing to exchange initial disclosures, entering into a protective order, responding to certain discovery requests, and participating in mediation" because these "are not tactical choices to resolve the claims judicially") (cleaned up, citations omitted).

**Revival**. Since Guthy-Renker had no knowledge of the necessary facts giving rise to right to compel Plaintiff to arbitrate until the SAC was filed, Plaintiff's citation to cases involving revival do not apply. Nevertheless, the SAC materially changed the theory of Plaintiff's contract and warranty claims.

---

[2] To the extent Plaintiff contends that Guthy-Renker waived its right to compel arbitration as to the putative class, it plainly has not. As this Court explained in *Broomes*, a defendant waives class-wide arbitration only where it "litigate[d] the merits ... *on a class-wide basis*," and there is no such waiver where the plaintiff cannot "point[] to any arguments in [the] motion to dismiss that would amount to a class-wide challenge." 2025 WL 3548680, at *2 (quoting *Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 291 (N.D. Cal. 2022)). Guthy-Renker's motions tested the sufficiency of the named Plaintiff's allegations; they were not the system-wide, merits-dispositive vehicles that signal an intent to litigate the class claims.

Until the SAC, Plaintiff's breach of contract and warranty claims did not depend upon or squarely arise from the TOS. The SAC changed that: for the first time, Plaintiff not only grounded the adequacy of her pre-suit notice—an essential element of those claims—in the TOS, but she referred to the TOS as imposing "contractual obligations" on the parties. (SAC ¶ 41 [alleging that "Defendant took no action — no refund, no response, no acknowledgment — despite having both the ***contractual obligation*** to engage and the operational infrastructure to process a refund within days] [emphasis added].) In so alleging, Plaintiff has now affirmed that the TOS apply and have binding effect on the parties. That is a fundamental legal and not just evidentiary change, and the kind which would revive a waiver even if one had occurred.

Plaintiff's authorities are not to the contrary. *Burton v. Ghosh* held only that an amendment which "added detail to the ***existing*** factual allegations" and were "irrelevant" to the belated defense asserted did not revive it. 961 F.3d 960, 968 (7th Cir. 2020) (emphasis added). *Kim v. Hanlees Seven, Inc.* found no revival because the amendment was *foreshadowed*—the plaintiff had raised the relevant issue at a discovery hearing months earlier, so the change was not "unexpected[]." No. 18-cv-00472-JSW, 2019 WL 13256105, at *4 (N.D. Cal. July 1, 2019). Unlike *Burton,* the SAC does not merely add detail to existing allegations nor are the added allegations irrelevant to the defense raised; rather, the added material directly gives rise to Guthy-Renker's right to compel arbitration. And unlike *Kim*, the amendments were not foreshadowed or expected—Guthy-Renker could not predict and was not advised that Plaintiff would affirmatively assert the TOS to support an essential element of her contract and warranty claims.

*Broomes* confirms as much. There, the amended complaint "d[id] not affect the waiver analysis" only because the defendant "d[id] not suggest that Broomes ... materially changed[] her own claims." 2025 WL 3548680, at *1. The negative implication is decisive: where a plaintiff does materially change her claims—as Plaintiff did by re-grounding an essential element of her contract and warranty claims in the TOS—the analysis is affected.

Finally, Plaintiff's contention that the Court's grant of leave to amend forbade her from changing her theory of the case or adding legal claims (Opp. at 5) has little effect here. Regardless of whether Plaintiff's reliance on the TOS fell within the leave granted, she affirmatively relied on the TOS and that reliance changed the posture of the case and supplied the facts needed to invoke arbitration against her. Having put the TOS at issue, Plaintiff cannot complain that Guthy-Renker responded by seeking to enforce

4

the arbitration provision within them.

### B. **Plaintiff is Bound by the Arbitration Provision in Guthy-Renker's TOS Through Her Affirmative Reliance on the TOS.**

As a preliminary matter, Guthy-Renker does not concede (and never has) that Plaintiff did not assent to its TOS. Rather, Guthy-Renker simply was unaware of the facts demonstrating assent until the SAC. Thus, the "concession" Plaintiff claims is "dispositive" as to the questions of formation and assent (Opp. at 6) does not exist. In that regard, Plaintiff's citation to browsewrap cases is inapposite: Guthy-Renker does not seek to enforce arbitration based merely on the TOS's existence and Plaintiff's online purchase, but on Plaintiff's affirmative reliance on the TOS in the SAC, which both establishes her actual knowledge of the terms, supplying the assent often lacking in browsewrap agreements, *see Berman*, 30 F.4th at 856, and equitably estops her from disclaiming their enforceability, *see JSM Tuscany, LLC v. Superior Court*, 193 Cal. App. 4th 1222, 1239 (2011).

Plaintiff's arguments against the application of equitable estoppel here each fail.

**Plaintiff's "Unexecuted Contract" Argument is a Strawman.** Plaintiff's lead argument against the application of equitable estoppel is that it cannot "retroactively sign an unexecuted contract" or "conjure" an agreement that never existed. (Opp. at 8.) That attacks a strawman. To start, Plaintiff acknowledges the TOS is a contract by pleading that it imposes "contractual obligations." (SAC ¶ 41.) The question is therefore not whether a contract exists, but whether she can be bound by it. California law clearly allows the application of equitable estoppel to supply assent as to a non-signatory, *see JSM Tuscany*, 193 Cal. App. 4th at 1239, and the cases cited by Plaintiff do not demonstrate otherwise. Indeed, the quote Plaintiff cites from *Ford Motor Warranty Cases*, 17 Cal. 5th 1122, 1128-29 (2025), addresses only whether Ford was a direct party to the contracts; the Court separately analyzed whether Ford could invoke equitable estoppel to compel arbitration, acknowledging that estoppel can supply the assent otherwise lacking for a non-signatory. *Id*. at 1133-38. *Keller Found./Case Found. v. Tracy*, 696 F.3d 835, 847 (9th Cir. 2012), addresses only general detrimental-reliance principles, not the binding of a non-signatory to an arbitration provision, and *Big Easy Studios, LLC v. United States*, No. 17-879, 2026 U.S. Claims LEXIS 805, at *60 (Fed. Cl. Apr. 17, 2026), concerns estoppel to enforce a promise of future action, not to bind a party to an existing contract.

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

**Plaintiff's Reliance on *Nguyen* is Misplaced.** The Ninth Circuit's analysis of equitable estoppel in *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1179-80 (9th Cir. 2014), is not on "all fours" because it was not decided under California law. "In determining whether a valid arbitration agreement exists, federal courts 'apply ordinary state law principles that govern the formation of contracts.'" *Id.* at 1175. "Under California law, equitable estoppel and third-party beneficiary status provide separate bases 'by which a nonsignatory may be bound to arbitrate.'" *Media Matters for Am. v. X Corp.,* No. 25-CV-02397-VC, 2025 WL 1853767, at *2 (N.D. Cal. July 3, 2025) (*quoting Suh v. Superior Ct.*, 181 Cal. App. 4th 1504, 1513 (2010)). The Ninth Circuit's decision in *Nguyen* conflated the estoppel and third-party beneficiary theories and treated them as one. 763 F.3d at 1179-80. As clearly set forth in *JSM Tuscany,* the critical question in determining whether equitable estoppel should bind a nonsignatory plaintiff is whether "a plaintiff brings a claim which *relies on contract terms* against a defendant…." 193 Cal. App. 4th at 1240. This standard does not require that the plaintiff be a third-party rather than a primary beneficiary of the contract—the distinction on which *Nguyen* primarily rested. 763 F.3d at 1180.

**Every One of Plaintiff's Claims is Intertwined with the TOS.** This is not a situation where Plaintiff merely references the TOS in passing. Her SAC contains an entire section detailing, describing, and quoting from the TOS (SAC ¶¶ 37-41), and she invokes the TOS specifically to supply an essential element of two of her causes of action. Plaintiff attempts to minimize her reliance on the TOS by arguing that it is merely pled to "support an inference that [Guthy-Renker] had sufficient time to cure the breaches" (Opp. at 9), but that misses the point that without these allegations Plaintiff's contract and warranty claims are subject to dismissal. The Court gave Plaintiff the opportunity to plead facts showing her 3-day notice was sufficient—and the TOS is what she affirmatively pleads to make that showing. The survival of her contract and warranty claims thus depends on the TOS—the TOS is not merely incidental to those claims.

Plaintiff also fails to demonstrate that her UCL, FAL, and CLRA claims stand independently from her reliance on the TOS. Here, Plaintiff argues that her UCL, FAL, and CLRA claims are "precontractual" claims that do not depend on the TOS, but that argument fails to account for the fact that Plaintiff would lack standing to pursue these claims absent a purchase which she now pleads in relation to the TOS. *See* Cal. Bus. & Prof. Code §§ 17204, 17535 (requiring injury in fact for claims brought by individuals); Cal. Civ. Code § 1780(a) (same); *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322-26 (2011) (same);

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

*Lorentzen v. Kroger Co.*, 532 F. Supp. 3d 901, 909 (C.D. Cal. 2021) (plaintiff had no standing to bring claims related to products she did not purchase). Standing is tied to a purchase, and the purchase is tied to the TOS based on Plaintiff's affirmative reliance on them to support her contract and warranty claims.

In this regard, Plaintiff's citation to *Schlueter-Beckner v. SimpliSafe, Inc.*, No. 3:25-cv-01764, 2025 WL 2162948 (N.D. Cal. July 30, 2025) is misplaced. There, the Court merely held that plaintiff's false advertising claims based on an improper advertisement for the sale of hardware were not subject to the arbitration provision in the terms of service relating to SimpliSafe's monitoring service, which plaintiffs enrolled in after purchasing hardware because "[t]he arbitration agreement regarding SimpliSafe's monitoring service does not encompass the false-advertising dispute regarding the separate, and earlier in time, sale of its products." *Id.* at *9. *Schlueter-Beckner* thus does not support the proposition, as Plaintiff contends, that her false advertising claims would not be governed by the TOS simply because they are supposedly "precontractual."

*Namisnak v. Uber Techs., Inc.,* 971 F.3d 1088 (9th Cir. 2020), also does not support Plaintiff here. In *Namisnak*, the Ninth Circuit rejected Uber's estoppel theory because the plaintiffs asserted no claim for violation of any duty or condition imposed by a contract. *Id.* at 1095. That is not so here. Plaintiff expressly pleads that Guthy-Renker violated its "contractual obligations" under the TOS by allegedly taking "no action" in response to Plaintiff's 3-day notice. (SAC ¶ 41.)

*Young v. Solana Labs, Inc.*, No. 22-CV-03912-RFL, 2024 WL 4023087 (N.D. Cal. Sept. 3, 2024), is also entirely distinguishable. There, the plaintiff neither mentioned the terms of service in his operative complaint nor relied on them for any claim. *Id*. at *7. Not so here, where the SAC heavily quotes the TOS and relies on it to support an element of several claims.

**Plaintiff is Seeking to Obtain a Direct Benefit from Reliance on the TOS.** Plaintiff's final argument against estoppel—that she drew no "direct benefit" from the TOS, only an incidental one (Opp. at 10)—misreads both the record and *Nguyen*. *Nguyen*'s incidental-benefit holding turned on one narrow fact: the plaintiff relied *only* on the terms' choice-of-law provision, which Barnes & Noble had selected "unilaterally" and which was not "intended to benefit" the consumer. 763 F.3d at 1179. Plaintiff relies on nothing so peripheral. She relies on several provisions of the TOS and her reliance is intended to be outcome-determinative: it is the supplied basis for why her contract and warranty claims should not be

7

dismissed. A benefit that decides whether claims live or die is the paradigm of a *direct* benefit.

That is why this case lines up with *Allen v. Shutterfly, Inc.,* No. 20-CV-02448-BLF, 2020 WL 5517172 (N.D. Cal. Sept. 14, 2020) and *Gonzalez v. Carnival Corp.*, No. 21-cv-04682-JSW, 2021 WL 4844073 (N.D. Cal. Oct. 18, 2021). In *Allen*, the plaintiff "attach[ed] a copy of [the] TOS," "incorporate[d] those terms in her Complaint," and relied on the choice-of-law provision to bind the defendants. 2020 WL 5517172, at **2, 8. That, the Court held, was an attempt to "claim[] the benefits of a contract while simultaneously attempting to avoid the burdens" and the plaintiff was compelled to arbitrate. *Id.* at *8. Plaintiff here has done more than the *Allen* plaintiff: she has not only incorporated the TOS but has affirmatively deployed their substantive provisions to defeat another motion to dismiss.

*Gonzalez* is closer still. The plaintiffs there "relied on" a forum-selection clause and "sought to benefit from that clause in order to obtain personal jurisdiction" over non-resident defendants. 2021 WL 4844073, at *5. The Court held that benefit was "more than an indirect or incidental benefit of the type at issue in *Nguyen*," that the plaintiffs "knowingly exploited the favorable portions" of the clause, and that they "cannot now avoid the portions of it that they find unfavorable." *Id.* And because "[a]n agreement to arbitrate is ... a specialized forum selection clause," the same estoppel principle governs here. *Id.* at *4 n.2 (quotations omitted). Plaintiff, like the *Gonzalez* plaintiffs, cites the TOS for the favorable provisions she believes keep her claims alive while disclaiming the unfavorable ones. Estoppel does not permit that.

**C.** **Questions Concerning the Enforceability of the Arbitration Provision Must be Decided by the Arbitrator; Yet, Even if Considered by this Court, the Provision is Enforceable.**

***1.   Plaintiff Did Not Specifically Challenge the Delegation Clause.***

The TOS clearly and unmistakably delegates questions concerning the "validity, applicability, [and] enforceability" of the arbitration provision to the arbitrator and incorporates the JAMS rules. (*See* Mot. at 8-9.) Plaintiff does not seriously dispute this, but instead summarily argues that the delegation clause is unenforceable. (Opp. at 11:17-20.) As the Ninth Circuit established in *Bielski v. Coinbase, Inc.*, a party challenging the enforceability of a delegation clause must (1) specifically state the challenge, and (2) identify specific reasons why the clause is unenforceable. 87 F.4th 1003, 1009–10 (9th Cir. 2023). Plaintiff's purported challenge has utterly failed *Bielski's* second requirement.

Plaintiff's single sentence challenging the delegation clause says the clause is unconscionable "for

8

the reasons stated in Part IV.B" (Opp. 11:18), but Part IV.B of Plaintiff's opposition brief never mentions the delegation clause. A challenger may rely on the same arguments it makes against the arbitration provision as a whole, but must still specify which apply to the delegation clause. *See Bielski*, 87 F.4th at 1009–10. Plaintiff has not done so, and her enforceability arguments do not obviously apply to the delegation clause. That is the precise defect that required compelling arbitration in *Juarez v. T-Mobile USA Inc.*, where plaintiffs "simply incorporate[d]" their unconscionability arguments without explaining "how the delegation provision — *as opposed to* the arbitration provision or class action waiver" — was unconscionable. No. 2:24-cv-00700-SPG, 2024 WL 5424366, at *7 (C.D. Cal. Aug. 23, 2024).

Plaintiff's citation to *Olson v. FCA US LLC*, 176 F.4th 612, 619 (9th Cir. 2026), does not save its purported challenge. *Olson* merely stands for the proposition that a court should not enforce the delegation clause if there is no binding arbitration provision in the first place. As discussed above, Plaintiff is bound by arbitration provision given her affirmative reliance on the TOS to support her claims in this action.

The Court should thus enforce the delegation clause and send Plaintiff's arguments concerning the enforceability of the arbitration provision to the arbitrator.

### 2. The Arbitration Provision Is Not Unconscionable in Any Event.

If the Court reaches unconscionability, Plaintiff must prove *both* procedural and substantive prongs; the absence of either is fatal. *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000); *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016). She shows neither.

**Procedural.** The arbitration provision contains a clear, conspicuous opt-out provision that is in bolded and capped text and set apart from the remaining terms of the arbitration provision as follows:

> **YOU HAVE THE RIGHT TO OPT-OUT OF THIS ARBITRATION PROVISION WITHIN 30 DAYS FROM THE DATE OF PURCHASE, USE, OR ATTEMPTED USE OF A GUTHY-RENKER PRODUCT (WHICHEVER COMES FIRST) BY WRITING TO GUTHY-RENKER LLC, 100 N. PACIFIC COAST HWY, SUITE 1600, EL SEGUNDO, CA 90245; ATTN: LEGAL DEPARTMENT. FOR YOUR OPT-OUT TO BE EFFECTIVE, YOU MUST SUBMIT A SIGNED WRITTEN NOTICE IDENTIFYING ANY GUTHY-RENKER PRODUCT YOU PURCHASED, USED OR ATTEMPTED TO USE WITHIN THE 30 DAYS AND THE DATE YOU FIRST PURCHASED, USED OR ATTEMPTED TO USE OF GUTHY-RENKER PRODUCTS. UNTIMELY OPT-OUTS WILL NOT BE VALID**

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)

**AND YOU MUST THEN PURSUE YOUR CLAIM THROUGH ARBITRATION PURSUANT TO THESE TERMS.**

This opt-out is dispositive: "an arbitration agreement is not adhesive if there is an opportunity to opt out of it." *Mohamed,* 848 F.3d at 1211; *Medhat v. JP Morgan Chase Bank, N.A.*, No. 26-cv-00235-NW, 2026 WL 1333764, at \*3 (N.D. Cal. May 13, 2026); *Wheeler v. LG Elecs. USA, Inc.*, No. 1:22-cv-00459-NODJ-BAM, 2024 WL 51353, at \*12 (E.D. Cal. Jan. 3, 2024). Plaintiff's "take it or leave it" framing thus fails and does not establish procedural unconscionability.

**Substantive.** Plaintiff identifies only three terms as establishing the substantive prong, and none supports that the arbitration provision is "overly harsh" or "one-sided." *Armendariz*, 24 Cal. 4th at 114.

• *The injunctive-relief "carve-out" is not part of the arbitration provision.* Plaintiff's lead argument—that the TOS "reserves to Defendant alone the right to seek injunctive relief in court," invoking *Ronderos v. USF Reddaway, Inc.*, 114 F.4th 1080, 1094 (9th Cir. 2024)—attacks a term that is not in the arbitration provision at all. The reservation Plaintiff quotes is Section 17 of the TOS, a stand-alone provision that is not part of the dispute-resolution/arbitration provision in Section 15. *Ronderos* turned on a carve-out *within the arbitration agreement* that "exempt[ed] from arbitration only [the drafter's] claims for preliminary injunctive relief." *Id.* A provision located elsewhere in the contract cannot make the *arbitration* provision substantively unconscionable. To the contrary, the arbitration provision's *own* exceptions are mutual: both parties retain the right to bring qualifying claims in small claims court, and the carve-out for intellectual-property disputes runs to "you and Guthy-Renker" alike. The arbitration provision binds both sides equally, which forecloses the one-sidedness *Ronderos* condemned. *See Wheeler*, 2024 WL 51353, at \*13.

• *The modification term that governs the arbitration provision is materially different from that in* Heckman. Plaintiff argues the modification clause is "illusory" because Guthy-Renker may change the TOS in its "sole discretion," citing *Heckman v. Live Nation Entertainment, Inc.*, 120 F.4th 670, 683 (9th Cir. 2024). But the clause Plaintiff quotes is in Section 18, the *general* TOS modification term — not the modification provision that governs the arbitration agreement. The arbitration provision contains its own, separate amendment clause (Section 15, "Amendments"), and it does exactly what *Heckman* found missing: it conditions any material change on advance notice and a renewed opt-out. It provides that

10

"[s]hould the changes to this arbitration provision be material, Guthy-Renker will provide you notice and an opportunity to opt-out."

• *The one-year limitations period is mutual and, at most, a single, severable provision.* Plaintiff's reliance on *Ponkey v. LLR, Inc.*, No. 24-5729, 2025 WL 3034693, at *2 (9th Cir. Oct. 30, 2025), is misplaced because those cases condemned a *unilateral* one-year bar. Here, the limitations term is mutual: "You and Guthy-Renker agree to commence any arbitration proceeding within 1 year after the Claim arises." Further, *Gostev v. Skillz Platform, Inc.*, 88 Cal. App. 5th 1035 (2023), only supports that a shortened limitation period is one factor to consider in determining substantive unconscionability.

**Severance.** Even assuming *arguendo* that a mutual one-year period is substantively unconscionable, a single questionable term does not make an agreement "permeated" by unconscionability. *See Wheeler*, 2024 WL 51353, at *13. California has a "very liberal view of severability." *Medhat*, 2026 WL 1333764, at *4; Cal. Civ. Code § 1670.5(a). *Heckman* declined to sever only because the agreement there bundled a web of interlocking, bespoke mass-arbitration rules engineered to disadvantage claimants — i.e., "multiple unconscionable provisions" forming an integrated scheme. 120 F.4th at 689. This arbitration provision is nothing of the sort, and the supposedly "offensive" terms are so minimal and segregated that they can be severed. *Medhat*, 2026 WL 1333764, at *4 (severing one term, compelling the rest).

**D. The Class-Action Waiver Is Enforceable; *McGill* Does Not Apply.**

Plaintiff's final theory is that the class-action waiver is void under *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), and that its invalidity, through a "poison pill," nullifies the entire arbitration provision. Both arguments fail.

**Plaintiff does not seek public injunctive relief.** Plaintiff can only assert *McGill* if she seeks public injunctive relief. *Johnson v. JP Morgan Chase Bank, N.A.*, No. EDCV 17-2477, 2018 WL 4726042, at *8 (C.D. Cal. Sept. 18, 2018). She does not. Public injunctive relief is relief that "by and large benefits the general public," as opposed to private injunctive relief that "primarily resolves a private dispute between the parties and rectifies individual wrongs" and benefits the public "only incidentally." *Hodges v. Comcast Cable Commc'ns, LLC*, 21 F.4th 535, 541 (9th Cir. 2021) (*quoting McGill*, 2 Cal. 5th at 955). The SAC makes clear that the relief Plaintiff seeks is private in at least three ways. *First*, the SAC defines

11

the Class as past purchasers. (SAC ¶ 42.) In *Johnson*, the court held that relief sought on behalf of a class "comprised of persons who have already incurred the allegedly unlawful fees," none of which "includes future ... customers," is "not designed to prevent future harm to the public at large, but is primarily intended to redress prior injury to a specific group." 2018 WL 4726042, at *7; *accord Wheeler*, 2024 WL 51353, at *10–11. <u>Second</u>, paragraph 36 grounds the requested injunction in *Plaintiff's individual* future harm: alleging *she* "faces an imminent threat of future harm," *she* "would purchase Products from Defendant again," and without an injunction *she* "cannot purchase the Products she would like to purchase." (SAC ¶ 36.) *See Clifford v. Quest Software Inc.*, 38 Cal. App. 5th 745, 751, 753 (2019) ("private nature" of plaintiff's UCL claim was "immediately evident from the face of his complaint" where the alleged conduct was "directed at [plaintiff] only" rather than "the public at large"). <u>Third</u>, the SAC never requests "public injunctive relief." As in *Johnson*, the "heart" of this case is monetary with any public benefit "merely incidental." 2018 WL 4726042, at *7. Accordingly, *McGill* does not apply.

**Even if Plaintiff Seeks Public Injunctive Relief, the Arbitration Provision Does Not Waive it.** The *McGill* rule voids only a provision that waives "the statutory right to seek public injunctive relief ... in all fora." 2 Cal. 5th at 962. The arbitration provision in the TOS does not do that. The "Arbitration Award" clause authorizes "any relief if permitted by law," expressly "includ[es] injunctions," and provides that "[n]othing herein shall be construed to limit the arbitrator's ability to award remedies provided by applicable law." That preserves the remedy; it does not waive it. In *Wheeler*, the court deemed a similar provision not in violation of *McGill* because it made all legal and equitable remedies available in arbitration—nothing limited the relief the arbitrator could award. 2024 WL 51353, at *11. The *Wheeler* court also found it significant that the provision did not expressly forbid public injunctive relief, unlike the provisions at issue in *McGill* and *Blair. Id.* So too here: the arbitration provision contains no express provisions limiting the relief available and affirmatively provides that the arbitrator can award any remedies provided by applicable law.

**The poison pill is not triggered.** The "Enforceability" clause provides: "If the class action waiver is deemed unenforceable (i.e., unenforceability would allow arbitration to proceed as a class or representative action), then this entire arbitration provision shall be rendered null and void." A *McGill* objection goes to a *remedy*, not class procedure, so it cannot trigger the pill. So even if Plaintiff had

12

identified a *McGill* problem (she has not), it would fall on the other side of the clause's line — a "portion of this arbitration provision (other than the class action waiver)" that, under the very next sentence, is severed while "the remaining portions ... remain in full force and effect." That is precisely the course the court in *Medhat* followed: it severed only the public-injunction limitation and compelled everything else. *Medhat*, 2026 WL 1333764, at *4–5.

**III.    PLAINTIFF'S ARGUMENTS AGAINST THE RULE 12(B)(6) MOTION FAIL**

      **A.  <u>Plaintiff's Allegations Do Not Support a Reasonable Inference that Notice was Sufficient.</u>**

      ***Three days was not enough, and Plaintiff's own pleading proves it.*** The circumstances this Court invited in allowing Plaintiff to amend contemplated a "standardized refund procedure for the product at issue" capable of essentially immediate cure. (ECF No. 25 at 5–6.) Plaintiff pleads no such procedure. She pleads a policy that, by her own admission, takes "within 7 business days" to process. (SAC ¶ 40.) Plaintiff's opposition attempts to recharacterize that window as "within days" (Opp. at 15–16), but the policy she cites does not say "within days"—it says seven business days, expressly. Having pleaded a seven-business-day process and then filed suit three days after her letter was received, Plaintiff jumped the gun before Guthy-Renker could even act under the timeline Plaintiff herself alleges. Her attempt to recast the seven-day figure as mere "fulfillment logistics" (Opp. at 15) does not help her; it concedes that the "operational infrastructure" she invokes does not produce the immediate cure the Court noted could render three days' notice sufficient. While reasonableness can turn on circumstance, it may be decided as a matter of law where the pleaded facts admit only a single inference—and Plaintiff's own seven-day admission permits only the inference that three days was insufficient.

      ***The Futility Theory Fails on the TOS Terms Plaintiff Chose to Invoke.*** Plaintiff's futility argument runs as follows: Guthy-Renker's warranty disclaimers show it would have refused any resolution, so notice was pointless. (*See* SAC ¶ 38.) But Plaintiff built that argument on the TOS—and the TOS contains a Mandatory Pre-Dispute Procedures clause committing Guthy-Renker to receive, investigate, and negotiate any dispute in good faith for sixty days. A party that has contractually promised sixty days of good-faith negotiation has not "telegraphed" that it will do nothing; it has promised the opposite. Plaintiff's only answer—that the clause's enforceability turns on the contract formation her opposition disputes (Opp. at 16)—misses the point. Guthy-Renker invokes the sixty-day provision here

13

not to bind Plaintiff, but to disprove the factual premise of her own futility theory. Plaintiff does not get to credit the parts of the TOS that help her and disown the parts that bury her.

*The Class-Notice Argument Is a Strawman.* Plaintiff invokes *Metowski v. Traid Corp.*, 28 Cal. App. 3d 332 (1972), for the proposition that requiring every class member to give notice would be a "meaningless ritual." (Opp. at 15.) Guthy-Renker has never argued that absent members must individually give notice. The defect is the named Plaintiff's. To represent a class on a warranty claim, Plaintiff must first have a claim of her own—and that requires satisfying section 2607's notice obligation, which she did not. *Metowski* speaks to absent members; it says nothing that cures a *representative's* failure to plead adequate notice. The class size is beside the point when the named Plaintiff lacks standing to begin with.

### B. Plaintiff Still Has Not Pleaded an Inadequate Remedy at Law to Support Restitution.

*The issue is not alternative pleading.* Plaintiff reframes the motion as an attack on her right to plead legal and equitable theories in the alternative (Opp. at 17.) But Guthy-Renker does not dispute that Plaintiff may plead in the alternative. The question—as this Court already framed it—is whether Plaintiff has pleaded *facts* establishing that she lacks an adequate remedy at law. *Sonner v. Premier Nutrition Corporation,* 971 F.3d 834, 844 (9th Cir. 2020). The right to plead in the alternative presupposes *Sonner's* threshold showing; it does not relieve her of it. *Fan v. Home Depot U.S.A., Inc.,* No. 121CV01355WBSKJN, 2022 WL 16964099, at *4 (E.D. Cal. Nov. 16, 2022).

*Plaintiff's three "facts" are legal contentions.* That the UCL and FAL sweep more broadly, carry different limitations periods, and theoretically reach a different measure of recovery are statements about the law, not allegations of fact. They are the same conclusory contrasts the Court already rejected once. (ECF No. 25 at 6–7.) Reciting differences in the elements, scope, or limitations periods of the claims does not establish an inadequate remedy at law. *See Broomes,* 2025 WL 829589, at *3; *Barrett v. Optimum Nutrition, Inc.,* 2022 WL 18401338, at *1 (C.D. Cal. Dec. 13, 2022). *Borowsky v. Tree Top, Inc.*, No. 3:25-cv-05533, 2026 WL 719695 (N.D. Cal. Mar. 16, 2026) and *Grimbaldeston v. Saraya USA, Inc.*, No. 3:25-cv-05649, 2025 WL 3677857 (N.D. Cal. Dec. 17, 2025) do not help Plaintiff, because each turned on an allegation that restitution would capture *more* than legal damages. That premise is false here, where (as shown below) any restitution available to Plaintiff is capped at the price-paid/value-received difference—the identical measure as her damages.

14

***A shorter limitations period is not inadequacy.*** Plaintiff argues that class members who bought outside the shorter periods have "no remedy at all" at law, so equity must fill the gap. (Opp. at 18.) However, the failure to timely pursue a legal claim does not render a legal remedy inadequate. *Guzman v. Polaris Indus. Inc.,* 49 F.4th 1308, 1312 (9th Cir. 2022); *see also Lazares v. Shopify (USA), Inc*., No. 24-CV-07125-HSG, 2025 WL 1397504, at *2 (N.D. Cal. May 14, 2025) ("The Ninth Circuit has previously rejected reliance on a statute of limitations as a basis for considering legal relief inadequate."); *Fan*, 2022 WL 16964099, at *4 ("[A] shorter statute of limitations alone does not render a legal remedy inadequate."). *Graham v. Honeywell Int'l Inc.*, No. 3:23-cv-04865, 2025 WL 2694416, at *8 (N.D. Cal. Sep. 22, 2025), does not support otherwise. It distinguished the *mere failure* of a legal claim—which does not make the legal remedy inadequate—from the situation where *no legal claim exists at all*.

***The "no legal analogue" argument misfires.*** Plaintiff says the UCL and FAL reach conduct that carries no private damages remedy (Opp. at 18), so restitution must be available where damages are not. But under the theories Plaintiff pleads, restitution is confined to the difference between the price paid and the value received. *Chowning v. Kohl's Dep't Stores, Inc.*, 733 F. App'x 404, 405 (9th Cir. 2018); *Hadley v. Kellogg Sales Co.,* 324 F. Supp. 3d 1084, 1113 (N.D. Cal. 2018). That is the same recovery her legal claims afford for the same purchase. When restitution and damages yield the identical sum for the identical harm, there is no "plausible basis to conclude that the same amount of money for the exact same harm is inadequate or incomplete." *Phillips v. Brooklyn Bedding LLC*, No. 23-cv-03781-RFL, 2024 WL 2830663, at *1 (N.D. Cal. Mar. 28, 2024).

***Disgorgement is neither pleaded nor available****.* Plaintiff's opposition gestures at "disgorgement" (Opp. at 17), but the SAC contains no prayer for it, and the remedy Plaintiff describes is nonrestitutionary disgorgement, which is unavailable via the UCL, FAL, and CLRA. *See Hadley*, 324 F. Supp. 3d at 1113.

## IV.    CONCLUSION

For the reasons stated herein and in the Motion, Guthy-Renker respectfully requests that the Court compel Plaintiff's claims to individual arbitration, strike her class allegations, and stay this action pending the conclusion of arbitration. In the alternative, the Court should dismiss Plaintiff's breach of contract and breach of warranty claims, and dismiss the prayers for restitution pled in Plaintiff's FAL and UCL claims.

Dated: June 24, 2026

**VGC, LLP**

By: _____

Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC

REPLY IN SUPPORT OF MOTION TO COMPEL ARBITRATION AND STRIKE CLASS
ALLEGATIONS OR, IN THE ALTERNATIVE, TO DISMISS UNDER FRCP 12(B)(6)