UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIA JOYCE,<br><br>             Plaintiff,<br><br>      v.<br><br>GUTHY-RENKER, LLC,<br><br>             Defendant. | Case No.  25-cv-09998-RFL<br><br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION AND GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Plaintiff Victoria Joyce brings this action on behalf of a putative class against Defendant Guthy-Renker, LLC.  Joyce alleges that Guthy-Renker engages in a deceptive discount pricing scheme on its website, www.subd.com, by listing false strikethrough prices and fake limited-time sales.  On April 29, 2026, Guthy-Renker's motion to dismiss was granted in part and denied in part, with leave to amend.  *Joyce v. Guthy-Renker, LLC.*, No. 25-cv-09998-RFL, 2026 WL 1164686 (N.D. Cal. Apr. 29, 2026).  Among other things, the order dismissed the breach of warranty and breach of contract claims, finding—based on the allegations in the complaint—that three days' notice was insufficient pre-suit notice under California Commercial Code Section 2607(3)(A).  *Id.* at *3.  Joyce's claims were also dismissed, to the extent she sought equitable relief, for failing to allege that legal remedies were inadequate.  *Id.*  Joyce then filed a Second Amended Complaint.  (Dkt. No. 27 ("SAC")).  Guthy-Renker now moves to compel arbitration, arguing that because the new allegations in the SAC rely on www.subd.com's Terms and Conditions ("Terms"), Joyce should be estopped from disavowing the agreement to arbitrate contained in the Terms.  (Dkt. No. 28.)  Alternatively, Guthy-Renker moves to dismiss the breach of warranty and breach of contract claims, and Joyce's prayer for restitution.  (*Id.*)  For the reasons explained in greater detail below, the Motion to Compel Arbitration is **DENIED**

1

because Joyce's claims are not sufficiently dependent on or intertwined with the Terms such that estoppel is triggered.  The alternative Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.  This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

>    **A.**    **Motion to Compel Arbitration.**

*Waiver*.   Joyce argues that Guthy-Renker waived its right to enforce the arbitration agreement with respect to her lawsuit by its litigation conduct, including filing motions to dismiss.  *See Broomes v. FullBeauty Brands Operations, LLC*, No. 24-cv-03558-RFL, 2025 WL 3548680, at *1 (N.D. Cal. Dec. 11, 2025).  However, as Guthy-Renker explains, it is the new allegations in the SAC regarding the Terms that give rise to the estoppel argument that Guthy-Renker now asserts.  (Dkt. No. 33 at 6–7.)[1]  It is undisputed that Guthy-Renker's website www.subd.com, which hyperlinks the Terms in a footer, does not require consumers to take any action to accept the Terms.  Therefore, prior to the filing of the SAC, Guthy-Renker did not know of an existing right to compel Joyce to arbitrate, because it did not know that Joyce was even aware of the Terms.  *See Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849, 856 (9th Cir. 2022).  Guthy-Renker learned of its asserted "right to compel arbitration" when the SAC was filed, and its motion is timely.  *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (waiver can only be found where plaintiff shows defendants' "knowledge of an existing right to compel arbitration").

*Estoppel*.  Although there is no evidence Joyce assented to the Terms, Guthy-Renker argues that Joyce should be equitably estopped from avoiding the arbitration agreement in the Terms because her claims are "dependent upon, or founded in and inextricably intertwined with, the underlying contractual obligations of the" Terms, which "contain[] the arbitration clause." (Dkt. No. 28 at 15 (citing *Goldman v. KPMG, LLP*, 92 Cal. Rptr. 3d 534 (Ct. App. 2009)).) Guthy-Renker argues that Joyce should not be permitted to reap the benefits of the Terms

---

[1] Citations to page numbers refer to ECF pagination.

2

without accepting its burdens, including the requirement to submit to arbitration.  (*Id.*)

The problem with Guthy-Renker's argument is that, although the SAC quotes at length from the Terms, the actual relevance of the Terms to Joyce's claims is incidental at best.  (SAC ¶¶ 37–40.)  In a section titled "Adequacy of Pre-Suit Notice," the SAC quotes statements in the Terms to bolster its argument that pre-suit notice would have been futile, and that the Court should therefore waive the requirements of Section 2607(3)(A) with respect to the breach of contract and breach of warranty claims.  The SAC quotes the Terms as stating that Guthy-Renker "does not warrant that product descriptions are accurate, complete, reliable, current, or error-free"; "reserves the right, without prior notice, to discontinue or change specifications and prices on products without incurring any obligation to you"; "assume[s] no responsibility for any consequence relating directly or indirectly to any action or inaction you take based on the information, services, or other material on the Website"; "reserves the right to revoke any stated offer to correct any errors, inaccuracies, or omissions"; and limits certain remedies.  (*Id.* ¶¶ 38–39.)  The SAC does not reference the Terms to substantively support any claim.  To the contrary, the SAC alleges that the Terms "potentially limit[]" Joyce's "common law claims."  (*Id.* ¶ 35.)

Citing the Terms to show Guthy-Renker's alleged hostility towards, or disinclination to engage in, informal resolution of customer complaints does not make Joyce's claims "dependent upon, or founded in and inextricably intertwined with" any "*obligation*" in the Terms.  *Goldman*, 92 Cal. Rptr. 3d at 540 (emphasis added).  If anything, the SAC cites the Terms to show an alleged lack of any obligation on Guthy-Renker's part to resolve customer disputes.  And even if the SAC's use of the Terms can be called a "benefit," it is a "merely incidental" benefit that cannot give rise to estoppel.  *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1180 (9th Cir. 2014) (reliance on a choice of law provision was a merely incidental benefit).[2]

In sum, estoppel is inapplicable, and the Motion to Compel Arbitration is **DENIED**.

---

[2] Joyce argues that *Nguyen* precludes application of the equitable estoppel doctrine entirely as to her, because she is not a "third part[y] who benefit[s] from an agreement made between two primary parties."  (Dkt. No. 31 at 12 (quoting 763 F.3d at 1179).)  Because this order finds that estoppel does not apply, this argument is not reached.

B.      **Motion to Dismiss**

*Pre-suit Notice.*  Joyce's breach of warranty and breach of contract claims are dismissed because the SAC does not plausibly plead compliance with Section 2607(3)(A)'s pre-suit notice requirement.  As already discussed, Joyce's primary argument is that notice would have been futile because the Terms disclaim any warranty of, or responsibility over, the information on www.subd.com and limit certain remedies, suggesting that Joyce's pre-suit notice was destined to be refused.  (SAC ¶¶ 37–39.)  However, assuming without deciding that the requirements of Section 2607(3)(A) can be satisfied by a showing of futility, the SAC does not plausibly plead that notice would have been futile.  In fact, immediately after quoting the warranty and responsibility language, the SAC asserts that "Defendant offers a '60-Day Money-Back Guarantee' providing customers who are 'not completely satisfied' a 'full refund' of the purchase price," that it processes refunds "within 7 business days" of receipt of a returned product, and encourages customers to call a dedicated customer service line.  (*Id.* ¶ 40.)  Therefore, while the allegations plausibly raise doubts as to whether notice would have been successful, they do not plausibly raise an inference of futility.[3]

Alternatively, the SAC alleges that Guthy-Renker "maintains the operational infrastructure to process refunds rapidly," and can issue refunds within seven business days of a product being returned.  (*Id.* ¶ 40.)  This allegation does not plausibly suggest that three days (less than half of Guthy-Renker's alleged standard timeline for refunds) was a reasonable amount of time to consider and resolve Joyce's pre-suit notice.

Finally, Joyce appears to argue that there is an exception to Section 2607 when a seller acts in bad faith and is aware of the breach at the time of the sale, citing *Metowski v. Traid Corp.*, 104 Cal. Rptr. 599 (Ct. App. 1972).  (Dkt. No. 31 at 20.)  In the class certification context, *Metowski* stated in dicta that "[c]onceivably, the statutory demand for notice might be satisfied by proof of complaints from some but not all the buyers . . . where the failure of the merchandise

---

[3] The SAC also alleges that Guthy-Renker "took no action" after receiving the notice.  (SAC ¶ 41.)  But given that Joyce filed suit three days after her notice was allegedly received, Guthy-Renker's lack of response is not relevant to the futility inquiry.

to conform to express warranties was known to or reasonably discoverable by the seller at the time of the sales." *Id.* at 603. However, the Court of Appeals did not ultimately proceed with that approach, concluding instead that the "element of timely notice by each plaintiff could be shown" together with the individual showings at the damages phase. *Id.* at 604. As such, *Metowski* does not support dispensing with the notice required by the plain meaning of the statute, based on an inference of the seller's knowledge. *See In re iPhone 4S Consumer Litig.*, No. 12-cv-1127-CW, 2013 WL 3829653, at *14 (N.D. Cal. July 23, 2013); *Daugherty v. Am. Honda Motor Co., Inc.,* 51 Cal. Rptr. 3d 118, 124 n. 3 (Ct. App. 2006) (rejecting reliance on *Metowski* when no named plaintiffs had alleged that they provided the requisite notice).

     *Restitution*. Guthy-Renker's motion to dismiss Joyce's prayer for restitution for her Unfair Competition Law ("UCL") and False Advertising Law ("FAL") claims is denied. The SAC alleges that restitution would entitle Joyce to recover more than the "legal rate of interest" on her damages. (SAC ¶ 32; *see also* Dkt. No. 31 at 22 (stating that "restitutionary disgorgement" allows recovery of "lost interest, which would be unavailable through purely legal relief") (citing *Grimbaldeston v. Saraya USA, Inc.*, No. 25-cv-05649, 2025 WL 3677857, at *5 (N.D. Cal. Dec. 17, 2025)).) In response, Guthy-Renker states only that "*non*restitutionary disgorgement," is "unavailable via the UCL [and] FAL." (Dkt. No. 33 at 20 (emphasis added) (citing *Hadley v. Kellogg Sales Co.*, 324 F. Supp. 3d 1084, 1113 (N.D. Cal. 2018)). This argument does not address Joyce's allegation that she is entitled to additional recovery on a restitutionary disgorgement theory. *See*, *e.g.*, *Krueger v. Wyeth, Inc*., 396 F. Supp. 3d 931, 954–956 (S.D. Cal. 2019). At the pleading stage, and in light of Guthy-Renker's failure to address the issue, Joyce has adequately pled that her legal remedies are inadequate.

## II.    CONCLUSION

     For the foregoing reasons, the Motion to Compel Arbitration is **DENIED**. The alternative Motion to Dismiss is **GRANTED IN PART**, as to the breach of contract and breach of warranty claims (Counts VI and VII). Dismissal is without further leave to amend, because further amendment would be futile, and without prejudice. The Motion to Dismiss is **DENIED**

**IN PART** as to the prayer for restitution.

   **IT IS SO ORDERED.**


Dated: July 31, 2026

          RITA F. LIN
          United States District Judge