Melissa N. Eubanks (SBN 274491)
meubanks@vgcllp.com
**VGC, LLP**
9461 Charleville Blvd. #757
Beverly Hills, California 90212
Telephone: (424) 272-9855

*Attorneys for Defendant*
GUTHY-RENKER, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

VICTORIA JOYCE, individually and on behalf of all others similarly situated,

Plaintiff,

v.

GUTHY-RENKER, LLC,

Defendant.

Case No. 3:25-cv-09998-RFL

**CLASS ACTION**

**DEFENDANT GUTHY-RENKER, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Judge: Hon. Rita F. Lin
Courtroom 15 – 18th Floor

Complaint Filed: November 20, 2025
SAC Filed: May 20, 2026
Response Date: August 14, 2026

Defendant Guthy-Renker, LLC ("Guthy-Renker") answers the Second Amended Class Action Complaint ("SAC") of Plaintiff Victoria Joyce ("Plaintiff") as follows:

Responding to the unnumbered introductory paragraph of the SAC, Guthy-Renker admits that Plaintiff purports to bring this action on behalf of herself and others allegedly similarly situated. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the investigation of Plaintiff's counsel and Plaintiff's personal knowledge, and on that basis denies them, and denies the remaining allegations.

**INTRODUCTION**

1. Guthy-Renker admits that Plaintiff purports to bring a putative class action against Guthy-Renker. Guthy-Renker denies that it has engaged in any "illegal false discount scheme," denies that it has violated any law, and denies the remaining allegations in paragraph 1.

2. Guthy-Renker admits that it markets and sells skin care products, including under the Perricone MD brand, through online channels, including its website www.subd.com (the "Website") and advertising on social media platforms, including Instagram. Guthy-Renker denies that its products are "aimed at treating skin conditions." Guthy-Renker denies that it has engaged in any deceptive pricing scheme, denies that any strikethrough price, discount, countdown timer, or limited-time offer displayed on the Website was false or misleading, denies that any consumer was misled, denies that it has violated California's false advertising or pricing laws, and denies the remaining allegations in paragraph 2.

3. Guthy-Renker admits that Plaintiff purports to bring this action individually and on behalf of a putative class, and purports to assert the claims and seek the categories of relief enumerated in paragraph 3. Guthy-Renker further states that Counts VI (breach of contract) and VII (breach of express warranty) were dismissed by the Court's July 31, 2026 Order (Dkt. No. 36). Guthy-Renker denies that it engaged in any unlawful conduct, denies that Plaintiff or any putative class member was induced by any false sale, denies that any class may properly be certified, denies that Plaintiff or any putative class member is entitled to any relief whatsoever, and denies the remaining allegations in paragraph 3.

**THE PARTIES**

4. Guthy-Renker admits that its business records reflect an order placed in the name of Victoria Joyce on or about June 10, 2025 for a Neck & Face Firming Kit with Cold Plasma Sub-D+, and

admits that, at the time of Plaintiff's purchase, the Website displayed a strikethrough price and a "76% off" discount for the product. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's citizenship and residence, and on that basis denies them. Guthy-Renker denies that the images reproduced in the Second Amended Complaint depict the webpages or checkout process that Plaintiff encountered in connection with her purchase, and specifically denies that those images depict the checkout process presented to California consumers. Guthy-Renker denies that Plaintiff saw or relied on any representation alleged in paragraph 4, denies that any such representation was false or misleading, and denies the remaining allegations in paragraph 4.

5. Guthy-Renker denies the allegations in paragraph 5.

6. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 concerning Plaintiff's state of mind, and on that basis denies them. Guthy-Renker denies that any sale was not genuine, denies that Plaintiff or any putative class member paid any premium for the products, denies that its representations were false or misleading, denies that the facts giving rise to Plaintiff's claims are materially the same as those of any other putative class member, and denies the remaining allegations in paragraph 6.

7. Paragraph 7 states legal conclusions regarding Plaintiff's standing to seek injunctive relief. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's future purchasing intentions, and on that basis denies them. Guthy-Renker denies that Plaintiff faces any imminent threat of future harm, denies that its regular prices, discounts, or sales are untruthful, denies that Plaintiff is unable to rely on its advertising, and denies the remaining allegations in paragraph 7.

8. Guthy-Renker admits that Guthy-Renker, LLC is a Delaware limited liability company with its principal place of business in El Segundo, California, and admits that it sells skin care products, including under the Perricone MD brand, to consumers nationwide, including in California, through the Website and through social media advertising. Guthy-Renker denies that its products are "aimed at repairing skin conditions" and denies the remaining allegations in paragraph 8.

9. Paragraph 9 states a purported reservation of rights and legal conclusions rather than factual allegations. Guthy-Renker denies that any officer, director, employee, supplier, distributor, or other person

or entity knowingly or willfully aided, abetted, or conspired in any false or deceptive conduct, denies that any false or deceptive conduct occurred, and denies the remaining allegations in paragraph 9.

## JURISDICTION AND VENUE

10. Paragraph 10 states legal conclusions rather than factual allegations. Guthy-Renker admits that Plaintiff purports to invoke this Court's subject matter jurisdiction under the Class Action Fairness Act and does not contest that this Court has subject matter jurisdiction over this action. Guthy-Renker denies that Plaintiff or any putative class member has suffered any injury, denies that any class may properly be certified, denies that Plaintiff or any putative class member is entitled to any relief in any amount, and denies the remaining allegations in paragraph 10.

11. Paragraph 11 states legal conclusions rather than factual allegations. Guthy-Renker admits that it conducts business in California, including in this judicial District, and does not contest personal jurisdiction or venue in this action. Guthy-Renker denies that Plaintiff suffered any injury, denies that any conduct of Guthy-Renker gave rise to any injury, and denies the remaining allegations in paragraph 11.

## FACTUAL BACKGROUND

### A. California's and FTC's Ban on Fake Discounts

12. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 concerning consumer behavior generally, and on that basis denies them. The remaining allegations state legal conclusions rather than factual allegations. Guthy-Renker states that the referenced California statutes speak for themselves. Guthy-Renker denies any characterization of those authorities inconsistent with their terms and denies the remaining allegations in paragraph 12.

13. Paragraph 13 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 13.

14. Paragraph 14 states legal conclusions rather than factual allegations. Guthy-Renker states that California Business and Professions Code section 17500 speaks for itself. Guthy-Renker denies any characterization of the statute inconsistent with its terms and denies the remaining allegations in paragraph 14.

15. Paragraph 15 states legal conclusions rather than factual allegations. Guthy-Renker states that California Business and Professions Code section 17501 speaks for itself. Guthy-Renker denies any

characterization of the statute inconsistent with its terms and denies the remaining allegations in paragraph 15.

16. Paragraph 16 states legal conclusions rather than factual allegations. Guthy-Renker states that California Civil Code section 1770 speaks for itself. Guthy-Renker denies any characterization of the statute inconsistent with its terms and denies the remaining allegations in paragraph 16.

17. Paragraph 17 states legal conclusions rather than factual allegations. Guthy-Renker states that 16 C.F.R. Part 233 speaks for itself. Guthy-Renker further states that the Federal Trade Commission Act and the regulations promulgated thereunder provide no private right of action. Guthy-Renker denies any characterization of the regulation inconsistent with its terms and denies the remaining allegations in paragraph 17.

18. Paragraph 18 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 18.

**B. <u>Defendant's Fake Sales are Unlawful and Misleading</u>**

19. Guthy-Renker denies the allegations in paragraph 19.

20. Guthy-Renker admits that the Website has at times displayed promotional messaging, including messaging using the phrase "Exclusive Savings" and percentage-off representations. Guthy-Renker states that the image reproduced in paragraph 20 speaks for itself. Guthy-Renker denies that the image is "virtually identical to the webpages Plaintiff viewed at the time of her purchase," as alleged in footnote 1, denies that any discount displayed on the Website is or was false, denies that any discount displayed on the Website is or was misleading, and denies the remaining allegations in paragraph 20 and footnote 1.

21. Guthy-Renker admits that the Website has at times displayed a strikethrough price and a percentage-off representation for the Neck & Face Firming Kit. Guthy-Renker states that the image reproduced in paragraph 21 speaks for itself. Guthy-Renker denies that the image depicts the webpage Plaintiff encountered in connection with her purchase, denies that any representation depicted was false or misleading, and denies the remaining allegations in paragraph 21.

22. Guthy-Renker states that the image reproduced in paragraph 22 speaks for itself. Guthy-Renker denies that the image depicts the checkout process Plaintiff encountered in connection with her

purchase, and specifically denies that it depicts the checkout process presented to California consumers. Guthy-Renker denies that any "Special Offer," countdown timer, or upgrade offer was false or misleading, denies that any offer was perpetually available, and denies the remaining allegations in paragraph 22.

23. Guthy-Renker states that the image reproduced in paragraph 23 speaks for itself. Guthy-Renker denies that the image depicts the checkout page Plaintiff encountered in connection with her purchase, and specifically denies that it depicts the checkout page presented to California consumers. Guthy-Renker denies that any strikethrough price or savings representation was false or misleading and denies the remaining allegations in paragraph 23.

24. Guthy-Renker denies the allegations in paragraph 24.

25. Guthy-Renker denies the allegations in paragraph 25.

26. Guthy-Renker denies the allegations in paragraph 26.

27. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the investigation allegedly performed by Plaintiff's counsel, and on that basis denies them. Guthy-Renker states that any archived captures of the Website maintained by the Internet Archive speak for themselves. Guthy-Renker denies that the table reproduced in paragraph 27 accurately or completely reflects the pricing, promotions, or offers available on the Website on the dates listed or at any other time, denies that its sales are or were perpetual, and denies the remaining allegations in paragraph 27.

28. Guthy-Renker denies the allegations in paragraph 28.

29. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 concerning consumer surveys, studies, and consumer behavior generally, and on that basis denies them. Guthy-Renker states that the materials cited in footnotes 2 through 4 speak for themselves. Guthy-Renker denies that it made any misrepresentation, denies that any representation regarding the price or discount of its products was material or false, and denies the remaining allegations in paragraph 29 and footnotes 2 through 4.

30. Guthy-Renker denies the allegations in paragraph 30.

31. Paragraph 31 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 31.

**No Adequate Remedy at Law**

32. Paragraph 32 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 32.

33. Paragraph 33 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 33.

34. Paragraph 34 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 34.

35. Paragraph 35 states legal conclusions rather than factual allegations. Guthy-Renker states that its Terms and Conditions speak for themselves. Guthy-Renker denies that it engaged in any fraudulent discount marketing scheme, denies that it gained any unfair advantage over competitors, denies that it exploited any consumer, and denies the remaining allegations in paragraph 35.

36. Paragraph 36 states legal conclusions regarding Plaintiff's standing to seek injunctive relief. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's future purchasing intentions, and on that basis denies them. Guthy-Renker denies that Plaintiff faces any imminent threat of future harm, denies that any injunction is warranted, and denies the remaining allegations in paragraph 36.

**Adequacy of Pre-Suit Notice**

37. Guthy-Renker states that the allegations in paragraph 37 relate to the pre-suit notice requirement applicable to Counts VI and VII, which the Court dismissed by its July 31, 2026 Order (Dkt. No. 36). Guthy-Renker states that its Terms and Conditions speak for themselves. Guthy-Renker denies that pre-suit notice would have been futile, denies that its Terms and Conditions rendered any cure impossible or unavailable, and denies the remaining allegations in paragraph 37 and footnote 5.

38. Guthy-Renker states that the allegations in paragraph 38 relate to the pre-suit notice requirement applicable to the dismissed Counts VI and VII. Guthy-Renker states that its Terms and Conditions speak for themselves. Guthy-Renker denies that the quoted provisions are complete or accurately characterized. Guthy-Renker denies that any provision of the Terms and Conditions rendered pre-suit notice futile and denies the remaining allegations in paragraph 38.

39. Guthy-Renker states that the allegations in paragraph 39 relate to the pre-suit notice requirement applicable to the dismissed Counts VI and VII. Guthy-Renker states that its Terms and Conditions speak for themselves. Guthy-Renker denies that the quoted provisions are complete or accurately characterized, denies that Plaintiff can no longer satisfy any condition of return. Guthy-Renker denies the remaining allegations in paragraph 39.

40. Guthy-Renker states that the allegations in paragraph 40 relate to the pre-suit notice requirement applicable to the dismissed Counts VI and VII. Guthy-Renker admits that it offers a 60-Day Money-Back Guarantee under which a customer who is not completely satisfied may obtain a refund of the purchase price, less shipping and handling, subject to the terms of that guarantee; admits that its Return/Refund Policy addresses the processing of refunds following receipt of a returned product; and admits that it maintains a dedicated customer service telephone line. Guthy-Renker states that the 60-Day Money-Back Guarantee and the Return/Refund Policy speak for themselves. Guthy-Renker denies any characterization of those documents inconsistent with their terms and denies the remaining allegations in paragraph 40.

41. Guthy-Renker states that the allegations in paragraph 41 relate to the pre-suit notice requirement applicable to the dismissed Counts VI and VII. Guthy-Renker denies that it received any notice letter from Plaintiff or her counsel by certified mail. Guthy-Renker denies that it received pre-suit notice satisfying California Commercial Code section 2607(3)(A). Guthy-Renker admits that Plaintiff commenced this action on November 20, 2025. Guthy-Renker denies that any letter identified any actual or actionable breach, denies that three days constituted reasonable or adequate pre-suit notice, denies that it had any obligation to respond within three days, denies that its Terms and Conditions were an obstacle to cure, and denies the remaining allegations in paragraph 41.

## CLASS ACTION ALLEGATIONS

42. Guthy-Renker admits that Plaintiff purports to bring this action on behalf of the putative class defined in paragraph 42. Guthy-Renker denies that the putative class is properly defined, denies that this action may properly be maintained as a class action, denies that any class may be certified under Federal Rule of Civil Procedure 23 or otherwise, and denies the remaining allegations in paragraph 42.

43. Paragraph 43 states a purported reservation of rights rather than factual allegations. Guthy-Renker denies that any class definition would be proper and denies the remaining allegations in paragraph 43.

44. Guthy-Renker admits that Plaintiff purports to exclude from the putative class the persons and entities identified in paragraph 44. Guthy-Renker denies that any class may be certified and denies the remaining allegations in paragraph 44.

45. Guthy-Renker denies the allegations in paragraph 45.

46. Guthy-Renker denies the allegations in paragraph 46.

47. Guthy-Renker denies the allegations in paragraph 47.

48. Guthy-Renker denies the allegations in paragraph 48.

49. Guthy-Renker denies the allegations in paragraph 49.

50. Guthy-Renker denies the allegations in paragraph 50.

51. Guthy-Renker denies the allegations in paragraph 51.

52. Guthy-Renker denies the allegations in paragraph 52.

**COUNT I**
**Violations Of California's False Advertising Law ("FAL"),**
**Cal. Bus. & Prof. Code §§ 17500, *et seq*.**
**(On behalf of Plaintiff and the Class)**

53. Guthy-Renker incorporates by reference its responses to paragraphs 1 through 52 as though fully set forth herein.

54. Guthy-Renker admits that Plaintiff purports to bring Count I individually and on behalf of the putative class. Guthy-Renker denies that any class may be certified, denies that it violated the False Advertising Law, and denies the remaining allegations in paragraph 54.

55. Paragraph 55 states legal conclusions rather than factual allegations. Guthy-Renker states that California Business and Professions Code section 17500 speaks for itself. Guthy-Renker denies any characterization of the statute inconsistent with its terms and denies the remaining allegations in paragraph 55.

56. Paragraph 56 states legal conclusions rather than factual allegations. Guthy-Renker states that California Business and Professions Code section 17501 speaks for itself. Guthy-Renker denies any

characterization of the statute inconsistent with its terms and denies the remaining allegations in paragraph 56.

57. Guthy-Renker denies the allegations in paragraph 57.

58. Guthy-Renker denies the allegations in paragraph 58.

59. Guthy-Renker denies the allegations in paragraph 59.

60. Guthy-Renker denies the allegations in paragraph 60.

61. Guthy-Renker denies the allegations in paragraph 61.

62. Guthy-Renker denies the allegations in paragraph 62.

63. Guthy-Renker lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning the awareness of Plaintiff or any putative class member, and on that basis denies them. Guthy-Renker denies that any of its discounts was false and denies the remaining allegations in paragraph 63.

64. Guthy-Renker denies the allegations in paragraph 64.

65. Guthy-Renker denies the allegations in paragraph 65.

66. Guthy-Renker denies the allegations in paragraph 66.

67. Guthy-Renker denies the allegations in paragraph 67.

68. Guthy-Renker admits that Plaintiff purports to seek the relief described in paragraph 68. Guthy-Renker denies that Plaintiff or any putative class member is entitled to restitution, injunctive relief, attorneys' fees, or any other relief whatsoever, and denies the remaining allegations in paragraph 68.

## COUNT II
**Violations of California's Consumers Legal Remedies Act ("CLRA"),**
**Cal. Civ. Code §§ 1750, *et seq.***
**(On behalf of Plaintiff and the Class)**

69. Guthy-Renker incorporates by reference its responses to paragraphs 1 through 68 as though fully set forth herein.

70. Guthy-Renker admits that Plaintiff purports to bring Count II individually and on behalf of the putative class. Guthy-Renker denies that any class may be certified, denies that it violated the Consumers Legal Remedies Act, and denies the remaining allegations in paragraph 70.

71. Paragraph 71 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 71.

72. Paragraph 72 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 72.

73. Guthy-Renker denies the allegations in paragraph 73.

74. Guthy-Renker denies the allegations in paragraph 74.

75. Guthy-Renker admits that Plaintiff purports to seek an injunction. Guthy-Renker denies that it has engaged in any unlawful practice, denies that it has violated the Consumers Legal Remedies Act, denies that Plaintiff has standing to seek injunctive relief, denies that Plaintiff or any putative class member is entitled to injunctive relief or any other relief, and denies the remaining allegations in paragraph 75.

76. Guthy-Renker denies that Plaintiff sent, or that Guthy-Renker received, written notice complying with California Civil Code section 1782(a), including the statute's requirements concerning the content and method of service of the notice. Guthy-Renker admits that Plaintiff commenced this action on November 20, 2025. Guthy-Renker lacks knowledge or information sufficient to form a belief as to the contents or delivery of any purported notice except as reflected in its own records, and on that basis denies that Plaintiff satisfied the statutory prerequisites to recovering damages under the Consumers Legal Remedies Act. Guthy-Renker denies that it was in violation of the Consumers Legal Remedies Act, denies that Plaintiff or any putative class member is entitled to damages, attorneys' fees, costs, or any other relief, and denies that any correction, repair, replacement, or other remedy was required or requested in conformity with the statute. Guthy-Renker denies the remaining allegations in paragraph 76.

**COUNT III**
**Violations of California's Unfair Competition Law ("UCL"),**
**Cal. Bus. & Prof. Code §§ 17200, *et seq*.**
**(On behalf of Plaintiff and the Class)**

77. Guthy-Renker incorporates by reference its responses to paragraphs 1 through 76 as though fully set forth herein.

78. Guthy-Renker admits that Plaintiff purports to bring Count III individually and on behalf of the putative class. Guthy-Renker denies that any class may be certified, denies that it violated the Unfair

Competition Law, and denies the remaining allegations in paragraph 78.

79. Paragraph 79 states legal conclusions rather than factual allegations. Guthy-Renker states that California Business and Professions Code sections 17200 and 17204 speak for themselves. Guthy-Renker denies any characterization of the statutes inconsistent with their terms and denies the remaining allegations in paragraph 79.

80. Guthy-Renker denies the allegations in paragraph 80.

81. Guthy-Renker denies the allegations in paragraph 81.

82. Paragraph 82 states legal conclusions rather than factual allegations. Guthy-Renker denies the allegations in paragraph 82.

83. Guthy-Renker denies the allegations in paragraph 83.

84. Guthy-Renker denies the allegations in paragraph 84.

85. Guthy-Renker denies the allegations in paragraph 85.

86. Guthy-Renker denies the allegations in paragraph 86.

87. Guthy-Renker denies the allegations in paragraph 87.

88. Guthy-Renker denies the allegations in paragraph 88.

89. Guthy-Renker denies the allegations in paragraph 89.

90. Guthy-Renker denies the allegations in paragraph 90.

91. Guthy-Renker denies the allegations in paragraph 91.

92. Guthy-Renker denies the allegations in paragraph 92.

93. Guthy-Renker denies the allegations in paragraph 93.

94. Guthy-Renker denies the allegations in paragraph 94.

95. Guthy-Renker admits that Plaintiff purports to seek the relief described in paragraph 95. Guthy-Renker denies that Plaintiff or any putative class member is entitled to restitution, injunctive relief, attorneys' fees, or any other relief whatsoever, and denies the remaining allegations in paragraph 95.

**COUNT IV**
**Negligent Misrepresentation**
**(On behalf of Plaintiff and the Class)**

96. Guthy-Renker incorporates by reference its responses to paragraphs 1 through 95 as though fully set forth herein.

97. Guthy-Renker admits that Plaintiff purports to bring Count IV individually and on behalf of the putative class under California law. Guthy-Renker denies that any class may be certified, denies that it made any negligent misrepresentation, and denies the remaining allegations in paragraph 97.

98. Guthy-Renker denies the allegations in paragraph 98.

99. Guthy-Renker denies the allegations in paragraph 99.

100. Guthy-Renker denies the allegations in paragraph 100.

101. Guthy-Renker denies the allegations in paragraph 101.

102. Guthy-Renker denies the allegations in paragraph 102.

103. Guthy-Renker denies the allegations in paragraph 103.

104. Guthy-Renker denies the allegations in paragraph 104.

105. Guthy-Renker admits that Plaintiff purports to seek the relief described in paragraph 105. Guthy-Renker denies that Plaintiff or any putative class member is entitled to expectation damages, punitive damages, price premium damages, or any other relief whatsoever, and denies the remaining allegations in paragraph 105.

**COUNT V**
**Intentional Misrepresentation**
**(On behalf of Plaintiff and the Class)**

106. Guthy-Renker incorporates by reference its responses to paragraphs 1 through 105 as though fully set forth herein.

107. Guthy-Renker admits that Plaintiff purports to bring Count V individually and on behalf of the putative class under California law. Guthy-Renker denies that any class may be certified, denies that it made any intentional misrepresentation, and denies the remaining allegations in paragraph 107.

108. Guthy-Renker denies the allegations in paragraph 108.

109. Guthy-Renker denies the allegations in paragraph 109.

110. Guthy-Renker denies the allegations in paragraph 110.

111. Guthy-Renker denies the allegations in paragraph 111.

112. Guthy-Renker denies the allegations in paragraph 112.

113. Guthy-Renker denies the allegations in paragraph 113.

114. Guthy-Renker denies the allegations in paragraph 114.

115. Guthy-Renker admits that Plaintiff purports to seek the relief described in paragraph 115. Guthy-Renker denies that Plaintiff or any putative class member is entitled to expectation damages, punitive damages, price premium damages, or any other relief whatsoever, and denies the remaining allegations in paragraph 115.

**COUNTS VI AND VII (SAC ¶¶ 116–134)**

By Order dated July 31, 2026 (Dkt. No. 36), the Court dismissed Count VI (breach of contract) and Count VII (breach of express warranty) without further leave to amend. Those counts have been dismissed and are no longer part of this action. No responsive pleading is required as to paragraphs 116 through 134, and Guthy-Renker therefore does not respond to them. To the extent any allegation in paragraphs 116 through 134 is asserted to bear upon a claim that remains in this action, Guthy-Renker denies that allegation.

**AFFIRMATIVE DEFENSES**

Guthy-Renker asserts the following affirmative defenses to the Second Amended Complaint and each claim therein. By asserting the defenses, Guthy-Renker does not concede it has the burden of production or proof as to any affirmative defense asserted below. Guthy-Renker does not presently know all the factors concerning the conduct of Plaintiff and her claims sufficient to state all affirmative defenses at this time. Guthy-Renker reserves the right to amend these affirmative defenses should it later discover facts demonstrating the existence of additional affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

Plaintiff fails to state facts sufficient to constitute a cause of action against Guthy-Renker.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiff lacks Article III standing and statutory standing under California Business and

Professions Code sections 17204 and 17535 and California Civil Code section 1780 because she suffered no injury in fact and lost no money or property as a result of any conduct of Guthy-Renker. Plaintiff received the products she ordered at the price she agreed to pay.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(No Standing to Seek Injunctive Relief)**

Plaintiff lacks standing to seek injunctive relief because she is aware of the pricing practices she challenges, faces no imminent threat of future injury, and cannot establish that she would purchase the products in the future but is unable to do so.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief, including restitution and injunctive relief, fail because Plaintiff has an adequate remedy at law. Plaintiff cannot establish, on the evidence, that damages are inadequate to compensate her for the economic harm she alleges.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Statutes of Limitations)**

Plaintiff's claims, and the claims of the putative class members, are barred in whole or in part by the applicable statutes of limitations, including California Business and Professions Code section 17208, California Civil Code section 1783, and California Code of Civil Procedure sections 338(a), 338(d) and 339.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Truth — No False or Misleading Statement)**

Plaintiff's claims are barred because the representations she challenges, including the reference prices, percentage-off representations, and limited-time offers displayed on the Website, were true and not misleading, and were not likely to deceive a reasonable consumer.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(No Reliance or Causation)**

Plaintiff's claims are barred because neither Plaintiff nor any putative class member saw, read, relied upon, or was caused any injury by the representations at issue, and because any alleged injury was

caused by factors other than any act or omission of Guthy-Renker.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Lack of Materiality)**

Plaintiff's claims are barred because the representations at issue were not material to the purchasing decisions of Plaintiff or any putative class member.

**NINTH AFFIRMATIVE DEFENSE**

**(Non-Actionable Statements)**

Plaintiff's claims are barred to the extent the challenged statements constitute puffery, opinion, or other non-actionable statements upon which no reasonable consumer would rely.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Comply with CLRA Notice Requirements)**

Plaintiff may not recover damages under the Consumers Legal Remedies Act unless she establishes compliance with California Civil Code section 1782(a), including written notice identifying the particular alleged violations and demanding correction, sent by certified or registered mail, return receipt requested, to a location authorized by the statute. Guthy-Renker denies that Plaintiff sent, or that Guthy-Renker received, notice complying with these requirements, and denies that Plaintiff satisfied the statutory conditions precedent to recovering damages under the Consumers Legal Remedies Act.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Contractual Terms and Conditions)**

To the extent Plaintiff or any putative class member assented to Terms and Conditions containing applicable pre-dispute procedures, limitations of liability, disclaimers, waivers, or other contractual conditions, and to the extent those provisions are valid and enforceable under applicable law, that person's claims and available relief are subject to those provisions, including the Mandatory Pre-Dispute Procedures clause requiring a written description of the dispute and sixty days of good-faith negotiation before any claim is initiated.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Independent Right of Relief Under the FTC Act)**

Plaintiff has no independent private cause of action or direct right to relief under the Federal Trade

Commission Act or 16 C.F.R. Part 233. Guthy-Renker further denies that its conduct violated those authorities or that Plaintiff can establish any derivative violation of the Unfair Competition Law based upon them.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Economic Loss Doctrine)**

Plaintiff's claims are barred, in whole or in part, based on the economic loss doctrine.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Compliance with Law)**

Plaintiff's claims are barred in whole or in part because Guthy-Renker complied at all times with applicable statutes, regulations, and industry standards governing the advertising and pricing of its products.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Requisite Intent or Scienter)**

To the extent any claim or requested relief requires proof of intent, knowledge, recklessness, malice, oppression, or fraud, Guthy-Renker denies that it acted with any such state of mind and alleges that it acted in good faith and with a reasonable and honest belief in the truth of the representations at issue.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claims, and the claims of the putative class members, are barred or reduced to the extent they failed to mitigate their alleged damages, including by failing to return the products or seek a refund under Guthy-Renker's 60-Day Money-Back Guarantee.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment Doctrine)**

Plaintiff's claims are barred in whole or in part by the voluntary payment doctrine because Plaintiff paid the advertised price with full knowledge of the facts and without protest.

//

//

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Benefit of Bargain)**

Plaintiff's claims for monetary relief are barred because Plaintiff has already received the benefit of her bargain and neither law nor equity may be invoked to obtain a windfall.

**NINTEENTH AFFIRMATIVE DEFENSE**

**(No Right to Injunctive Relief)**

Plaintiff is not entitled to injunctive relief because, among other things, the hardship that would be imposed on Guthy-Renker by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence; any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate; and Guthy-Renker's advertising and marketing activities are already monitored by federal and state agencies.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Damages)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff has incurred no damages.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Good Faith)**

Plaintiff's claims fail, in whole or in part, because the acts or omissions of Guthy-Renker at all relevant times were in good faith, in the exercise of its reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, and Consent)**

Plaintiff's claims, and the claims of the putative class members, are barred in whole or in part by the doctrines of waiver, estoppel, laches, ratification, and consent, including by reason of their retention and use of the products purchased.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Offset)**

Any recovery by Plaintiff or any putative class member must be offset by the value of the benefits and products they received.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment of Plaintiff)**

Plaintiff's claims are barred, in whole or in part, because Plaintiff and the putative class would be unjustly enriched if permitted to recover on the Second Amended Complaint.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Extraterritoriality and Choice of Law)**

Plaintiff may not apply California law to transactions involving non-California residents occurring outside California absent the connection to California that the Constitution and applicable law require. The claims of Plaintiff and the putative nationwide class are barred or limited by applicable choice-of-law principles, the presumption against extraterritorial application of California law, and material differences among the laws of the several states.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Arbitration and Class Action Waiver)**

Guthy-Renker asserts and does not waive its right to enforce the arbitration provision, the delegation clause, and the class action waiver contained in the Website's Terms and Conditions, including as to absent putative class members who assented to those Terms and who did not exercise the thirty-day opt-out. To the extent valid and enforceable, the class action waiver is separately enforceable, independent of the arbitration provision, as to persons who validly assented to the Terms.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Class Certification Improper)**

This action may not be maintained as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23, including because individualized issues of exposure, reliance, materiality, causation, damages, the checkout process actually encountered, assent to the Terms and Conditions, applicable limitations periods, and the availability of refunds predominate over any common questions, and because Plaintiff's claims are not typical of those of the putative class.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Due Process)**

To the extent Plaintiff seeks class-wide or aggregate monetary relief without proof sufficient to

establish entitlement to and the amount of such relief, or through procedures that deprive Guthy-Renker of a meaningful opportunity to present defenses to liability or recovery, such relief would violate Guthy-Renker's rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the California Constitution.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(No Basis for Punitive Damages)**

Plaintiff is not entitled to punitive damages because Guthy-Renker did not act with malice, oppression, or fraud, and because no officer, director, or managing agent of Guthy-Renker authorized or ratified any such conduct or acted with advance knowledge of the unfitness of any employee, as required by California Civil Code section 3294(b). The Second Amended Complaint also fails to state facts sufficient to support an award of punitive damages against Guthy-Renker.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Speculative and Unascertainable Damages)**

Plaintiff's alleged damages, including any alleged price premium, are speculative, uncertain, and incapable of ascertainment or allocation.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(No Entitlement to Attorneys' Fees)**

Plaintiff fails to state a claim for attorneys' fees or set forth facts sufficient to support such a claim.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Dismissed Claims and Theories)**

Counts VI (breach of contract) and VII (breach of express warranty) were dismissed by the Court's July 31, 2026 Order (Dkt. No. 36) without further leave to amend, and Plaintiff may recover nothing on those counts in this action. Separately, the Court's April 29, 2026 Order (Dkt. No. 25) dismissed all claims to the extent they rest on the alleged "Cold Plasma Sub-D+" misrepresentations for failure to plead falsity under Federal Rules of Civil Procedure 9(b) and 8(a)(2), and Guthy-Renker contends that the Second Amended Complaint does not cure that deficiency.

**<u>THIRTY-THIRD AFFIRMATIVE DEFENSE</u>**

**(Additional Defenses)**

Guthy-Renker expressly reserves the right to raise additional affirmative defenses at trial as such facts supporting any such affirmative defenses may become known to it during the pendency of this action.

**<u>REQUEST FOR RELIEF</u>**

THEREFORE, Guthy-Renker requests judgment as follows:

1. That Plaintiff takes nothing by reason of her Second Amended Complaint;

2. That judgment be entered in favor of Guthy-Renker;

3. That Guthy-Renker be awarded its costs of suit incurred in defense of this action, including reasonable attorneys' fees to the extent permissible by law; and

4. For such other relief as the Court deems proper.

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Federal Rule of Civil Procedure 38(b), Guthy-Renker demands a trial by jury on all issues so triable.

Dated: August 14, 2026

**VGC, LLP**

By: ______________________________

Melissa Eubanks
*Attorneys for Defendant*
GUTHY-RENKER, LLC